PAUL HASTINGS LLP
Steven A. Marenberg (SB# 101033)
James M. Pearl (SB# 198481)
stevenmarenberg@paulhastings.com
jamespearl@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Los Angeles, California 90067
Telephone:  1(310) 620-5700
Facsimile:  1(310) 620-5899

*Attorneys for Defendant Align Technology, Inc.*

Additional counsel on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MISTY SNOW, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>Defendant. | CASE NO. 3:21-cv-03269-VC<br><br>**DEFENDANT ALIGN TECHNOLOGY, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE**<br><br>Date:           December 16, 2021<br>Time:          10:00 a.m.<br>Place:         Courtroom 4, 17th Floor<br>Judge:        Hon. Vince Chhabria<br><br>Date Action Filed: May 3, 2021 |

ALIGN'S REPLY IN SUPPORT OF
MOTION TO STRIKE

## <u>REPLY MEMORANDUM OF POINTS AND AUTHORITIES</u>

Plaintiffs' Second Amended Class Action Complaint (the "SAC") should be dismissed in its entirety for all of the reasons set forth in Defendant's Motion to Dismiss (the "Motion") (ECF No. 65) and supporting reply brief (the "MTD Reply").  But to the extent certain allegations survive, they must be stricken.  The SAC is littered with allegations that are "redundant, immaterial, impertinent, or scandalous matter" and is properly subject to a Motion to Strike.[1]

First, the Court must strike Plaintiffs' baseless and unfounded allegations regarding Align's relationship with SDC, which have been introduced in a last-ditch effort to save Plaintiffs' Cartwright Act claim, but will only serve to distract from the issues in this case and delay proceedings.  Second, the Court must strike Plaintiffs' reliance on Align's unilateral conduct in support of their claims under California, New York, and Tennessee law.  Third, the Court must strike Plaintiffs' Iowa Class allegations, since the Iowa plaintiff is an unfit class representative.

Separate from these pleading infirmities, the MTS Opposition, makes a number of important concessions which have materially narrowed the issues in this case, including: (a) that Plaintiffs are not alleging a rule of reason claim under Sherman Act Section 1 and; (b) that Plaintiffs are not attempting to state a claim for monopolization of a putative scanner market under any of their state law claims.  Plaintiffs are now bound to these concessions.  *See Hilao v. Est. of Marcos*, 393 F.3d 987, 993 (9th Cir. 2004) ("A party . . . is bound by concessions made in its brief[.]" (citation omitted)).

## I.   PLAINTIFFS' CONCEDE THAT THEY DO NOT ALLEGE A RULE OF REASON SECTION ONE CLAIM.

"The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."

---

[1] Plaintiffs' assertion that Align has somehow subverted the Court's page limits through its Motion to Strike is baseless. All of the points raised in Align's initial brief were properly the subject of a Motion to Strike.  It was the SAC's ambiguous and non-specific allegations regarding: (1) Align's relationship with SDC, including a potential alternative rule of reason claim under Section 1 of the Sherman Act, and (2) its state law-related allegations relating to a putative scanner market, that required Align to confront these issues through the Motion to Strike.  Plaintiffs' disavowals of a rule of reason Section 1 claim and any claim relating to the scanner market in their Opposition to the Motion to Strike (the "MTS Opposition") both greatly simplifies the issues presently before the Court and confirms the propriety of Align's Motion.

*Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (citation omitted).  In its opening brief, Align moved to strike the per se allegations of what appeared to be a Sherman Act Section 1 claim pleaded under both the per se rule and the rule of reason, so as to avoid the expenditure of time and money of discovery and litigation of alternative theories.  Plaintiffs now concede that they do not allege a rule of reason Section 1 claim, and should be bound accordingly to that concession.

## II.   PLAINTIFFS' ALLEGATIONS ALIGN AND SDC'S RELATIONSHIP SHOULD BE STRICKEN FROM ITS SECTION TWO MONOPOLIZATION CLAIM.

In contrast to their wholesale concession that their Section 1 claim rests solely on a per se violation theory, Plaintiffs' concessions regarding their Section 2 claim are more nuanced.  Align moved to strike all allegations regarding the collaboration between Align and SDC.  Plaintiffs have disavowed the relevance of any allegations regarding Align's purported entry into the direct-to-consumer market to their Section 2 claim.  Instead, Plaintiffs now assert (contrary to the words of the SAC) that they meant only to allege that Align monopolized the dentist-directed market, not the aligner market overall.  *Compare* MTD Opp'n 2–3 (ECF No. 74) *with* SAC ¶ 233 ("The relevant product market is the aligner market"); ¶ 234 (Align's conduct allows it to "unlawfully maintain and enhance its monopoly in the aligner market").  Two consequences emerge from this.  First, Plaintiffs' arguments have no credibility.  Second, all allegations regarding Align's entry into the direct-to-consumer market and all allegations regarding monopolization of the overall aligner market should be stricken from their Section Two claim and all other claims in which such allegations are incorporated.

But Plaintiffs have doubled down on the relevance of other allegations in the Section 2 claim regarding SDC.  Plaintiffs dispute that activity, such as Align's enforcement of its patents, protected by *Noerr-Pennington* immunity, should be stricken from its monopolization claim.  Instead, they argue that the Supply Agreement is somehow separate from Align's patent infringement suit against SDC.  It is not.  Section 22 of the Supply Agreement explicitly acknowledges that the agreements between Align and SDC *resolved Align's patent suit* against SDC.  Plaintiffs cannot ignore this fact, which is incorporated into the SAC by reference as the

- 2 -

ALIGN'S REPLY IN SUPPORT OF
MOTION TO STRIKE

agreements are attached to the pleading. *See Cath. League for Religious & C.R. v. City & Cty. of S. F.*, 464 F. Supp. 2d 938, 941 (N.D. Cal. 2006) ("[W]hen the complaint is accompanied by attached documents, such documents are deemed part of the complaint[.]").

As the Northern District of Illinois observed in *In re Humira*, "conduct immunized from antitrust liability cannot be aggregated with nonimmunized conduct without nullifying the immunity." 465 F. Supp. 3d 811, 833 (N.D. Ill. 2020) (citation omitted). *See 3Shape Trios A/S v. Align Tech., Inc.*, No. CV 18-1332-LPS, 2019 WL 3824209, at *10–11 (D. Del. Aug. 15, 2019), *rep. and rec. adopted*, 2019 WL 4686614 (D. Del. Sept. 26, 2019) (dismissing *Noerr-Pennington* protected conduct as basis for antitrust liability and rejecting monopoly broth theory aggregating conduct not independently unlawful). There are exceptions to *Noerr-Pennington* immunity. Mot. to Strike, 5 n.5 & 14 (ECF No. 67). But the SAC fails to allege that any such exceptions apply here. Plaintiffs' invocation of the *Simon & Simon* case is misplaced; the scrutiny of a legitimate business justification for an alleged illegal refusal to deal and the pleading standard for such allegations is not at issue in this motion. Plaintiffs themselves have alleged that Align's patent infringement claims against SDC were resolved in connection with the execution of the Supply Agreement and Operating Agreement. Once again, Plaintiffs' attempt to defer scrutiny of this uncontroverted fact until later in litigation is unavailing.

Further, Plaintiffs' MTS Opposition repeats the baseless arguments from its MTD Opposition. For the reasons set forth more fully in the MTD Reply, there is nothing in the Operating Agreement or Supply Agreement that provides any basis for Plaintiffs' "market allocation" allegations. *See* MTD Reply §§ II(A)(2) (ECF No. 78). Plaintiffs' Cartwright Act claim should be dismissed, but if it survives, the Court should independently strike the SAC's SDC allegations. Plaintiffs' ask the Court to ignore the output-enhancing nature of the overall Align-SDC collaboration, see MTD Reply at §§ I(B) & (D), and treat two provisions within it as per se illegal, thus subject to treatment reserved only for the most serious antitrust offenses. There is no basis for such allegations, and Align produced the Supply Agreement (and Operating Agreement) to dispel any doubt about its content. Plaintiffs' allegation that the Supply Agreement "appears to prevent SDC from working with third party dental practices to sell aligners through the dental

- 3 -

practice channel to Plaintiff consumers," MTS Opp'n at 12, is patently incorrect and contradicted by the plain language of the Supply Agreement, MTD Reply § II(A)(2).  Plaintiffs' strained interpretation of the Supply Agreement is should be stricken.  *See Reyn's Pasta Bella*, 259 F. Supp. 2d 992, 1001–02 (N.D. Cal. 2003) (striking immaterial and impertinent antitrust allegations).

## III.     PLAINTIFFS HAVE CONCEDED THAT THEY ARE NOT BRINGING CLAIMS FOR MONOPOLIZATION OF THE SCANNER MARKET.

Align argued that Plaintiffs lack *AGC* standing to pursue claims under state law for monopolization of a putative scanner market because the SAC lacked clarity as to the claims Plaintiffs was presenting.  Plaintiffs have clarified that they are not bringing any claims under state law for monopolization of a putative scanner market. Because of this concession, the Court need not spend any more time on this argument and should strike any reference, made explicitly or by incorporation, to monopolizing the putative scanner market in the state law claims.

## IV.     THE SAC'S ERRANT CLASS REFERENCES SHOULD BE STRICKEN.

Plaintiffs' Fourth and Fifth Claims (Cartwright Act and California UCL, respectively) still contain references to an "Indirect Purchaser State Subclass" (SAC ¶¶ 259 & 269) and a "nationwide class" (SAC ¶ 275).  Plaintiffs do not contest that these erroneous references should be stricken.

## V.     THE SAC'S IOWA CLASS ALLEGATIONS SHOULD BE STRICKEN.

If Plaintiff Sandner's claims survive dismissal, the Iowa Class allegations in the SAC should nevertheless be dismissed because Plaintiff Sandner is an inadequate class representative, for the reasons set forth in Align's Motion to Dismiss (ECF No. 65).  Plaintiffs do not contest that if the SDC allegations are not cognizable under the Iowa Claim, Plaintiff Sandner would be an inadequate class representative and that the Iowa Class allegations should be stricken.[2]  *See Monteferrante v. Williams-Sonoma, Inc.*, 241 F. Supp. 3d 264, 269 (D. Mass. 2017) ("A court may strike class allegations that plainly encompass individuals whose claims are barred by jurisdictional or time limitations.").

---

[2] In such case, the Iowa Claim should be dismissed in its entirety.

- 4 -

**VI.    THE ALLEGATIONS OF UNILATERAL CONDUCT PLEADED IN SUPPORT OF PLAINTIFFS' CALIFORNIA, NEW YORK, AND TENNESSEE CLAIMS SHOULD BE STRICKEN.**

Plaintiffs' allegations of Align's unilateral conduct should be stricken if not dismissed. *See* Mot. to Dismiss §§ IV(D)(1)–(2); MTD Reply §§ II(A)(1) (ECF No. 78). Plaintiffs' do not contest that, if such allegations cannot be pleaded in support of Plaintiffs' California Cartwright Act, New York Donnelly Act, and Tennessee Antitrust Law claims, that they should otherwise be stricken from the SAC as immaterial. *See Reyn's Pasta Bella*, 259 F. Supp. 2d at 1001–02.

**VII.    CONCLUSION**

For the foregoing reasons, and those set forth in the Motion to Strike, the SAC should be stricken in part.

DATED:  December 9, 2021                                    PAUL HASTINGS LLP


By:        */s/ Steven A. Marenberg*
                   Steven A. Marenberg

Steven A. Marenberg (SB# 101033)
James M. Pearl (SB# 198481)
stevenmarenberg@paulhastings.com
jamespearl@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Los Angeles, CA 90067
Telephone:  1(310) 620-5700
Facsimile:  1(310) 620-5899

Thomas A. Counts (SB# 148051)
Abigail H. Wald (SB# 309110)
tomcounts@paulhastings.com
abigailwald@paulhastings.com
101 California Street
Forty-Eighth Floor
San Francisco, CA 94111
Telephone:  1(415) 856-7000
Facsimile:  1(415) 856-7100

Adam M. Reich (SB# 274235)
Michael C. Whalen (*pro hac vice*)
adamreich@paulhastings.com
michaelcwhalen@paulhastings.com
71 South Wacker Drive, 45th Floor
Chicago, Illinois 60606
Telephone:  1(312) 499-6000

Facsimile:  1(312) 499-6100

Michael F. Murray (*pro hac vice*)
Noah Pinegar (*pro hac vice*)
michaelmurray@paulhastings.com
noahpinegar@paulhastings.com
2050 M Street, N.W.
Washington, DC 20036
Telephone:  1(202) 551-1700
Facsimile:  1(202) 551-1705

Attorneys for Defendant
Align Technology, Inc.