UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY SNOW, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>　　　　Defendant. | Case No.  21-cv-03269-VC<br><br>**SUPPLEMENTAL ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; DENYING MOTION TO STRIKE**<br><br>Re: Dkt. Nos. 65, 67 |

　　　　The plaintiffs bring a series of antitrust challenges against Align—the manufacturer of Invisalign-brand clear dental aligners. Align moved to dismiss the complaint and strike some of its allegations. An accompanying ruling addresses the more difficult questions raised by the motions. The remainder of the issues are discussed here.

　　　　<u>Section 2 Claims</u>: The plaintiffs seek injunctive relief under Section 2 of the Sherman Act. The sufficiency of most of the plaintiffs' allegations were tested, and upheld, in a related case. *See Simon & Simon, PC v. Align Technology, Inc.*, 533 F. Supp. 3d 904 (N.D. Cal. 2021). Align rightfully does not attempt to relitigate its prior arguments. Instead, it raises two technical challenges unique to this case. Neither prevails.

　　　　1. Align argues that the plaintiffs do not have standing to seek injunctive relief. To satisfy the requirements of Article III when seeking prospective relief, a plaintiff must plausibly allege a threat of future harm that is "actual and imminent, not conjectural or hypothetical." *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). While "allegations of *possible* future injury are not sufficient," courts "must be careful not to employ too narrow or technical an approach" and "consider instead the

context of the inquiry." *Id.* (quoting *Clapper v. Amnesty International USA*, 568 U.S. 398, 409 (2013); *Armstrong v. Davis*, 275 F.3d 849, 867 (9th Cir. 2001), *abrogated on other grounds by Johnson v. California*, 543 U.S. 499 (2005)).

The relevant named plaintiff, Emily Vo, purchased Invisalign for one of her children in July 2019 and "intends to purchase Invisalign aligners in the future" for her other child. That the complaint alleges that she will not make this purchase "until [she is] financially ready" does not undermine the imminence of her future harm. Vo intends to purchase Invisalign aligners in the future, and she will be subject to the alleged harm of Align's anticompetitive actions when she does so, absent an injunction. The plaintiffs have therefore adequately alleged Article III standing to seek injunctive relief.

2. Align argues that the plaintiffs fail to state a Section 2 claim because, in tacking on allegations about the direct-to-consumer market and the agreements between Align and SmileDirectClub, the plaintiffs have fatally undermined the plausibility of their Section 2 story. This argument is unconvincing.

To be fair, the plaintiffs' complaint is not always precise in its terminology. For example, the plaintiffs note that Align has a 90% share of the $3 billion "clear aligner market," while noting elsewhere that SmileDirectClub has a 90% share of the "multi-billion dollar" direct-to-consumer submarket. Read in context, however, there is no inconsistency: the $3 billion figure plainly refers to the dentist-driven market, while the latter figure refers to the direct-to-consumer market. This and other instances of inartful pleading do not warrant dismissal. While the complaint may have benefitted from an additional round of edits, Align's argument that these statements doom the plaintiffs' claims is frivolous.

<u>New York & Tennessee Claims</u>: In the accompanying ruling, the plaintiffs' Cartwright Act claim was dismissed for failing to plausibly allege concerted action. The antitrust laws of Tennessee and New York require concerted action as well. *See* Tenn. Code Ann. § 47-25-101; N.Y. Gen. Bus. § 340; *Staley v. Gilead Sciences, Inc.*, 446 F. Supp. 3d 578, 642 (N.D. Cal. 2020). The plaintiffs concede that their claims under these statutes rise or fall with their

Cartwright Act clam. The New York and Tennessee claims are therefore dismissed.

California UCL: Although Align's unilateral conduct cannot be the basis for a claim under California's Cartwright Act, it can support a claim under California's Unfair Competition Law (UCL). The California UCL defines "unfair competition" to include "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Violations of the Sherman Act fall within the scope of this provision as "unlawful" business acts. *See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) ("By proscribing 'any unlawful' business practice, 'section 17200 borrows violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable.") (quoting *State Farm Fire & Casualty Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1103 (Cal. Ct. App. 1996)). And since the plaintiffs have no adequate remedy at law because they cannot seek damages under the Sherman Act or the Cartwright Act, equitable relief under the UCL would be appropriate. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

Here, however, the plaintiffs have failed to state a claim under the UCL because the named California plaintiff does not have standing. Cindy Ellis purchased Invisalign in July 2017—before Align terminated its interoperability agreement. And, as was discussed in the accompanying ruling, Align's agreement with SmileDirectClub cannot be the basis for an antitrust action concerning the dentist-directed market. The plaintiffs' UCL claim is therefore dismissed.

Iowa: The plaintiffs' claim under Iowa's Competition Law is dismissed for the same reason, as named plaintiff Marjorie Sandner purchased Invisalign in June 2017.

Arizona: Align argues that this Court does not have subject-matter jurisdiction over the Arizona class because Align is a citizen of Arizona. This argument may have been successful if Align had prevailed in its motion to dismiss the plaintiffs' federal claims. But because the plaintiffs' Sherman Act claims have survived, the lack of diversity between the Arizona class and Align is no barrier to the exercise of supplemental jurisdiction. *See* 28 U.S.C. § 1367(a), (b).

Florida: Align contends that the plaintiffs' claim under the Florida Deceptive & Unfair Trade Practices Act (DUTPA) should be dismissed because the plaintiffs have not pled the claim "with particularity." Florida's DUTPA prohibits both "unfair" and "deceptive" acts. Fla. Stat. § 501.204. Although courts sometimes find that claims under Florida's DUTPA must be pled with particularity, Align has not offered any support for the proposition that this pleading requirement extends to all DUTPA claims, as opposed to only those sounding in fraud. *See, e.g.*, *Jones v. Micron Tech., Inc.*, 400 F. Supp. 3d 897, 927 (N.D. Cal. 2019) (citing *Wrestlereunion, LLC v. Live Nation TV Holdings, Inc.*, 2008 WL 3048859, at *3 (M.D. Fla. Aug. 4, 2008)).

But even if the particularity requirement applies here, the plaintiffs have met this heightened burden. The plaintiffs go into great detail describing the specific conduct that constitutes Align's "unfair" business practices. The complaint has therefore adequately pled the "who, what, when, where, and how" required under Rule 9's heightened standard. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). The motion to dismiss the Florida claim is therefore denied.

Motion to Strike: Align's motion to strike is denied in its entirety.

1. The allegations concerning the agreement between Align and SmileDirectClub are relevant to the plaintiffs' Section 1 claim, which has survived Align's motion to dismiss. Although only the restraint on Align's ability to enter the direct-to-consumer market is cognizable under the antitrust laws, the entire agreement is relevant to the plaintiffs' claim, which turns on whether the restraint was reasonably necessary to the formation of the broader agreement.

2. The plaintiffs' allegations about the scanner market support their claims about Align's allegedly unlawful activities affecting the dentist-directed aligner market. These claims should therefore not be stricken.

3. The remainder of Align's motion to strike is denied as moot, as the requests concern claims that have been dismissed.

\* \* \*

In summary, the plaintiffs' claims under California, Iowa, New York, and Tennessee law are dismissed. The federal claims have survived, along with the remaining state law claims: Arizona, Connecticut, Florida, Maryland, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, North Carolina, and Oregon.

Where the plaintiffs' claims are dismissed, dismissal is with leave to amend. If the plaintiffs wish to file an amended complaint, they must do so within 14 days of this order. A response is due 14 days after the filing of an amended complaint (or 14 days after the deadline to file an amended complaint expires). With respect to the Cartwright Act claim and related state law claims, dismissal is also without prejudice to seeking leave to add these claims at a later time if discovery gives rise to a basis for doing so.

**IT IS SO ORDERED.**

Dated: February 16, 2022

VINCE CHHABRIA
United States District Judge