PAUL HASTINGS LLP
Steven A. Marenberg (SB# 101033)
James M. Pearl (SB# 198481)
stevenmarenberg@paulhastings.com
jamespearl@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Los Angeles, California 90067
Telephone:  1(310) 620-5700
Facsimile:  1(310) 620-5899

*Attorneys for Defendant Align Technology, Inc.*

Additional counsel on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MISTY SNOW, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>        Defendant. | CASE NO. 3:21-cv-03269-VC<br><br>**DEFENDANT ALIGN TECHNOLOGY, INC.'S NOTICE OF MOTION AND MOTION TO PARTIALLY DISMISS PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:     April 21, 2022<br>Time:    10:00 a.m.<br>Place:   Courtroom 4, 17th Floor<br>Judge:  Hon. Vince Chhabria<br><br>Date Action Filed: May 3, 2021 |

# TABLE OF CONTENTS

**PAGE**

I.      Factual Background ...............................................................................................1

II.     Legal Standard .....................................................................................................1

III.    Plaintiffs Fail to Adequately Plead Entitlement to Relief Under the California
        UCL (Fourth Claim) and the Claim Must Be Dismissed.......................................2

        A.      Plaintiffs Fail to Plead Entitlement to Restitution under the UCL. ........................2

        B.      Plaintiffs Lack Standing to Pursue Injunctive Relief, the Only Other
                Remedy Available under the UCL..............................................................4

IV.     Align Restates Its Arguments in Favor of Dismissing Plaintiffs' Section 1 Claim
        in Support of Its Prior Request for Interlocutory Review.....................................5

V.      Conclusion ..........................................................................................................5

## <u>NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' THIRD</u>
## <u>AMENDED CLASS ACTION COMPLAINT</u>

TO PLAINTIFFS AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on April 21, 2022 at 10:00 A.M., or as soon thereafter as this matter may be heard in the courtroom of the Honorable Vince Chhabria at the United States District Court for the Northern District of California, San Francisco Courthouse, Courtroom 4 – 17th Floor, 450 Golden Gate Avenue, San Francisco, CA 94102, Defendant Align Technology, Inc. ("Defendant" or "Align") shall and hereby does move the Court to partially dismiss the Third Amended Class Action Complaint ("TAC") (ECF No. 99) filed by Plaintiffs pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(1) for lack of subject matter jurisdiction, and pursuant to Rule 12(b)(6) for failure to state a claim on which relief can be granted.

This motion is based on this notice of motion and supporting memorandum of points and authorities and reply briefing in further support of this motion any additional written or oral argument presented to the Court, as well as other matters that may properly come before the Court.

DATED:  March 16, 2022                                   PAUL HASTINGS LLP


                                                        By:____/s/ Steven A. Marenberg_____
                                                               Steven A. Marenberg

                                                        Steven A. Marenberg (SB# 101033)
                                                        James M. Pearl (SB# 198481)
                                                        stevenmarenberg@paulhastings.com
                                                        jamespearl@paulhastings.com
                                                        1999 Avenue of the Stars, 27th Floor
                                                        Los Angeles, CA 90067
                                                        Telephone: 1(310) 620-5700
                                                        Facsimile: 1(310) 620-5899

                                                        Thomas A. Counts (SB# 148051)
                                                        Abigail H. Wald (SB# 309110)
                                                        tomcounts@paulhastings.com
                                                        abigailwald@paulhastings.com
                                                        101 California Street
                                                        Forty-Eighth Floor

San Francisco, CA 94111
Telephone:  1(415) 856-7000
Facsimile:  1(415) 856-7100

Adam M. Reich (SB# 274235)
Michael C. Whalen (*pro hac vice*)
adamreich@paulhastings.com
michaelcwhalen@paulhastings.com
71 South Wacker Drive, 45th Floor
Chicago, Illinois 60606
Telephone: 1(312) 499-6000
Facsimile: 1(312) 499-6100

Michael F. Murray (*pro hac vice*)
Noah Pinegar (*pro hac vice*)
michaelmurray@paulhastings.com
noahpinegar@paulhastings.com
2050 M Street, N.W.
Washington, DC 20036
Telephone: 1(202) 551-1700
Facsimile: 1(202) 551-1705

Attorneys for Defendant
Align Technology, Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs' Third Amended Class Action Complaint (the "TAC") fails again to plead a cognizable claim under California's Unfair Competition Law ("UCL") (the Fourth Claim for Relief). Specifically, in a new tactic to plead around previous dismissals of the UCL Claim, plaintiffs' counsel have added two new California plaintiffs, Jaime Gooch and Tracy Mound, as representative plaintiffs for the UCL Claim. But, fundamental defects in the UCL Claim remain. Although Plaintiffs Gooch and Mound allege they seek restitution or an injunction as remedies under the UCL, they are not entitled to either equitable remedy as a matter of law. Simply put, Plaintiffs improperly seek damages rather than restitution and, independently, they lack standing to pursue injunctive relief.

Plaintiffs cannot remedy the TAC's shortcomings. Therefore, the UCL claim must be dismissed with prejudice.

## I.      FACTUAL BACKGROUND

For purposes of this motion, the relevant allegations of the TAC are as follows. Invisalign, Align's clear aligner product, is prescribed by providers as part of a course of treatment to correct misalignment of the teeth or jaw. TAC ¶ 1.  Plaintiffs each purchased a course of treatment from a dental practice between January 2017 and June 2021, which course of treatment included Invisalign aligners. TAC ¶¶ 29–44. Plaintiffs do **not** allege that any named Plaintiff made any payments to Align, nor that Align is in possession of any funds specifically belonging to any named Plaintiff, even indirectly. Plaintiffs also do **not** allege that any named California Plaintiff has any **imminent** plans to purchase another Invisalign treatment course.[1]

## II.     LEGAL STANDARD

Rule 12(b)(1) requires that courts have valid subject-matter jurisdiction, including standing under Article III of the Constitution, over all of Plaintiffs' claims for relief. Fed. R. Civ. P. 12(b)(1); *see Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 900 (N.D. Cal. 2020) (explaining the different procedures for challenges to constitutional standing and statutory standing). Courts must

---

[1] Align disputes that any Plaintiff has standing to pursue injunctive relief, but does not make such argument again in light of the Court's February 16, 2022 Order, except insofar as is necessary to preserve such argument for future adjudication. *See* Dkt. No. 96.

dismiss claims over which they lack subject matter jurisdiction. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

Rule 12(b)(6) requires that a complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

## III.   PLAINTIFFS FAIL TO ADEQUATELY PLEAD ENTITLEMENT TO RELIEF UNDER THE CALIFORNIA UCL (FOURTH CLAIM) AND THE CLAIM MUST BE DISMISSED.

Plaintiffs' UCL claim fails because Plaintiffs have not adequately pled entitlement to the equitable remedies available under the UCL. First, Plaintiffs fail to adequately plead entitlement to restitution. Second, Plaintiffs do not have adequate standing under Article III of the U.S. Constitution to seek an injunction.

### A.   Plaintiffs Fail to Plead Entitlement to Restitution under the UCL.

Plaintiffs Jaime Gooch and Tracy Mound (new California plaintiffs surfacing for the first time in the TAC) do not plausibly allege they are entitled to the restitution under the UCL and, instead, impermissibly seek damages. *See Ice Cream Distribs. of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.*, No. 09-5815 CW, 2010 WL 3619884, at *9 (N.D. Cal. Sept. 10, 2010), *aff'd*, 487 F. App'x 362 (9th Cir. 2012) (dismissing UCL claim where complaint actually sought damages because no allegations supported a restitution request). Nowhere in the TAC are there any allegations tracing "money or property [belonging to plaintiffs] to money or property within the defendant's possession" as would be required to obtain restitution under the UCL. *Cheverez v. Plains All Am. Pipeline, LP*, No. CV15-4113 PSG (JEMX), 2016 WL 4771883, at *3 (C.D. Cal. Mar. 4, 2016) (dismissing UCL claim where such allegation was lacking); *Fulford v. Logitech, Inc.*, No. C-08-2041 MMC, 2008 WL 4914416, at *3 (N.D. Cal. Nov. 14, 2008) (same). Here, Plaintiffs seek "full restitution and/or disgorgement of all revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendant[.]" TAC ¶ 264. Notably, this allegation has not changed through any of the many iterations of Plaintiffs' complaints.[2] This

---

[2] In fact, little has changed about the way Plaintiffs have pleaded their UCL claim, including the fact that in both the Second Amended Complaint and the TAC, Plaintiffs allege three different proposed classes of plaintiffs on behalf of which Plaintiffs are purportedly seeking relief under the

is plainly a request for damages because it makes no reference to any of Plaintiffs' moneys held by Align, and does not seek the return of any money or property belonging to Plaintiffs, and thus resembles the type of "nonrestitutionary disgorgement . . . that is not permitted under the UCL." *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 948 (Cal. 2003).

Payments to third parties without allegations plausibly tracing the plaintiff's specific moneys to the custody of the defendant are insufficient to obtain restitution under the UCL. *See, e.g.*, *Acedo v. DMAX, Ltd.*, No. CV1502443MMMASX, 2015 WL 12912365, at *16 (C.D. Cal. July 31, 2015) (dismissing UCL restitution request where plaintiffs alleged they paid third-party resellers and did not allege facts indicating that defendants, as opposed to those resellers were in possession of the plaintiffs' funds); *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1324 (C.D. Cal. 2013) (dismissing UCL restitution request where complaint only pled that plaintiff made payments to a third-party intermediary, not the defendant). Indeed, Plaintiffs Gooch and Mound both allege that they made payments to their orthodontists. TAC ¶¶ 30–31.

Plaintiffs' repeated reliance on *Shersher v. Sup. Ct.*, 154 Cal. App. 4th 1491, 1494 (2007) does not lead to a different result. *Shersher* "merely stand[s] for the unremarkable proposition that recovery of restitution is not categorically barred for payments made to third parties." *Hart v. BHH, LLC*, No. 15CV4804, 2017 WL 2912519, at *4–5 (S.D.N.Y. July 7, 2017). It does not conflict with the well-established rule that plaintiffs must "allege[] facts indicating that defendants, as opposed to independent third party retailers, obtained their money or property[.]" *Id.* (internal quotation marks omitted).[3] The request for "restitution" in this case is far different from *Shersher*.

---

UCL: the California Class (TAC p. 69); the Indirect Purchaser State Subclass (TAC ¶ 259); and the Nationwide Class (TAC ¶ 264). While it appears clear that Plaintiffs are only seeking to bring their UCL claim on behalf of the California Class, this loose pleading informs and is connected to Plaintiffs failure to adequately plead relief under the UCL.

[3] *Shersher* is, in any event, not binding on this Court in interpreting and apply California law. *See In re Kekauoha-Alisa*, 674 F.3d 1083, 1087 (9th Cir. 2012) (federal courts only bound by decisions of highest state court). *Korea Supply*, however, is binding and rejected a claim for a monetary remedy under the UCL where it "would not replace any money or property that defendants took ***directly*** from plaintiff." 63 P.3d at 947 (emphasis added); *cf. Clayworth v. Pfizer, Inc.*, 233 P.3d 1066, 1087 (Cal. 2010) (recognizing that *Shersher* acknowledged that indirect purchaser standing under UCL is possible, but not commenting on pleading adequacy to support restitution request by such purchasers).

Here, Plaintiffs concede that Align provided but one part (the aligners) of comprehensive clear aligner therapy offered by third parties (doctors), with the former constituting a fraction of the overall cost of the latter. *See* TAC ¶ 21 (cost of Invisalign is "incorporated" into cost of overall Invisalign therapy), ¶ 84 (cost of Invisalign varies from $3,000–$8,000 based on provider pricing) & ¶ 227 (most orthodontists charge consumers for Invisalign treatment at an alleged price that is at least three times more than the cost of the Invisalign aligner, which money is not paid to Align). In other words, under the TAC's allegations, Align is not the recipient of any of those moneys, which are paid to treatment providers for the cost of aligner treatment. Such a significant economic distance between Plaintiffs and Align undercuts the viability of a restitution remedy here, *In re Insulin Pricing Litig.*, No. 317CV699BRMLHG, 2020 WL 831552, at *6 (D.N.J. Feb. 20, 2020) (drug users' relationship to manufacturer was "too attenuated to sustain a cause of action for restitution under the California UCL"), particularly where phrased in such a manner as to actually seek impermissible money damages or disgorgement. Plaintiffs' improper request for damages should be rejected.

### B. Plaintiffs Lack Standing to Pursue Injunctive Relief, the Only Other Remedy Available under the UCL.

Because Plaintiffs Gooch and Mound do not have a viable restitution claim under the UCL, they would be limited to injunctive relief—the only other form of relief available for such a claim. But where, as here, a plaintiff lacks constitutional standing to seek injunctive relief, the UCL claim must be dismissed. *See Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 906 (N.D. Cal. 2020) (dismissing UCL injunction claim where plaintiffs failed to allege future injury to satisfy Article III standing). Neither of the named California Plaintiffs allege imminent future harm, as required to seek injunctive relief, and therefore lack constitutional standing to bring their UCL claim. *See City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.") (citation omitted).[4]  This Court previously dismissed in part

---

[4] *See also In re G-Fees Antitrust Litig.*, 584 F. Supp. 2d 26, 34–35 (D.D.C. 2008) ("[L]ingering monetary injury, without any ongoing threat of recurrent violations [to the plaintiffs], is not sufficient to confer standing to seek an injunction.") (quoting *In re Nifedipine Antitrust Litig.*, 335 F. Supp. 2d 6, 19 (D.D.C. 2004)); *In re DDAVP Indirect Purchaser Antitrust Litig.*, 903 F. Supp.

Plaintiffs' Amended Complaint because Plaintiffs failed to allege future injury to satisfy Article III standing to pursue injunctive relief. *See* ECF Nos. 50, 52. Plaintiffs' UCL allegations are functionally identical to the allegations that previously led to this holding, merely brought by new nominal Plaintiffs, and must be dismissed.[5]

## IV.   ALIGN RESTATES ITS ARGUMENTS IN FAVOR OF DISMISSING PLAINTIFFS' SECTION 1 CLAIM IN SUPPORT OF ITS PRIOR REQUEST FOR INTERLOCUTORY REVIEW.

On March 7, 2022, Align filed a motion to certify interlocutory appeal of the Court's February 16, 2022 Order denying Align's motion to dismiss (the "Interlocutory Appeal Motion"). (Dkt. No. 100). Specifically, Align seeks to certify the Court's conclusion that Plaintiffs sufficiently pleaded a per se violation of the antitrust laws under Section 1 of the Sherman Act in their Second Amended Complaint. That same claim and supporting allegations are repeated word-for-word in the TAC, obviating the need for the Parties or the Court to further address those claims before they are procedurally ripe for interlocutory review. *See Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) (allowing interlocutory appeal after filing of amended complaint). Nevertheless, in an excess of caution, to the extent necessary to support the Interlocutory Appeal Motion, Align repeats and incorporates its prior arguments against Plaintiffs' Section 1 claim, as though fully restated herein.

## V.   CONCLUSION

For the foregoing reasons, the UCL claim of the TAC should be dismissed.

DATED:  December 9, 2021                              PAUL HASTINGS LLP

By:      */s/ Steven A. Marenberg*
                                                              Steven A. Marenberg

---

2d 198, 210 (S.D.N.Y. 2012) (citing *In re G-Fees*, 584 F. Supp. 2d at 35) (indirect purchasers of lacked standing where there was no risk of future harm other than lingering monetary injury).

[5] Align recognizes that in connection with the Second Amended Complaint, the Court denied Align's motion to dismiss the Sherman Act Section 2 claim on standing grounds. That denial, however, was based on the allegation by named Plaintiff Emily Vo, from New York, that she intended to purchase Invisalign treatment for another child in the future. *See* Feb. 16, 2022 Supp. Order on Mot. to Dismiss pp. 1–2 (Dkt. No. 97). No such allegation is made by either Plaintiff Gooch or Mound, rendering the Court's prior ruling on the SAC inapplicable here. Compare SAC ¶ 42 ("Plaintiff Vo has a minor child, age 12, for whom she intends to purchase Invisalign aligners in the future once they are financially ready to make the purchase."); TAC ¶¶ 30–31.

Steven A. Marenberg (SB# 101033)
James M. Pearl (SB# 198481)
stevenmarenberg@paulhastings.com
jamespearl@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Los Angeles, CA 90067
Telephone:  1(310) 620-5700
Facsimile:  1(310) 620-5899

Thomas A. Counts (SB# 148051)
Abigail H. Wald (SB# 309110)
tomcounts@paulhastings.com
abigailwald@paulhastings.com
101 California Street
Forty-Eighth Floor
San Francisco, CA 94111
Telephone:  1(415) 856-7000
Facsimile:  1(415) 856-7100

Adam M. Reich (SB# 274235)
Michael C. Whalen (*pro hac vice*)
adamreich@paulhastings.com
michaelcwhalen@paulhastings.com
71 South Wacker Drive, 45th Floor
Chicago, Illinois 60606
Telephone:  1(312) 499-6000
Facsimile:  1(312) 499-6100

Michael F. Murray (*pro hac vice*)
Noah Pinegar (*pro hac vice*)
michaelmurray@paulhastings.com
noahpinegar@paulhastings.com
2050 M Street, N.W.
Washington, DC 20036
Telephone:  1(202) 551-1700
Facsimile:  1(202) 551-1705

Attorneys for Defendant
Align Technology, Inc.