Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile:  (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com

Rio S. Pierce (SBN 298297)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email: riop@hbsslaw.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| MISTY SNOW, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br> v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>          Defendant. | No. 3:21-cv-03269-VC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT ALIGN TECHNOLOGY, INC.'S NOTICE OF MOTION AND MOTION TO PARTIALLY DISMISS PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: April 21, 2022<br>Time: 10:00 a.m.<br>Place: Courtroom 4, 17th Floor<br>Judge. Hon. Vince Chhabria |

# TABLE OF CONTENTS

**Page**

I.      ARGUMENT ..................................................................................................................1

II.     CONCLUSION .............................................................................................................6

# TABLE OF AUTHORITIES

**Page(s)**

### FEDERAL CASES

*Acedo v. DMAX, Ltd.*,
    2015 WL 12696176 (C.D. Cal. Nov. 13, 2015) ........................................................................ 5

*Cabebe v. Nissan of N. Am., Inc.*,
    2018 WL 5617732 (N.D. Cal. Oct. 26, 2018) ......................................................................... 5

*Cohen v. Subaru of Am., Inc.*,
    2022 WL 714795 (D.N.J. Mar. 10, 2022) ...................................................................... 4, 5, 6

*GTE Mobilnet of California Ltd. P'ship v. City of Berkeley*,
    2022 WL 562756 (N.D. Cal. Feb. 24, 2022) ........................................................................... 2

*Hoang v. Bank of Am., N.A.*,
    910 F.3d 1096 (9th Cir. 2018) ................................................................................................ 6

*In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prod. Liab. Litig.*,
    497 F. Supp. 3d 552 (N.D. Cal. 2020) ................................................................................ 5, 6

*McCarthy v. Toyota Motor Corp.*,
    2018 WL 6318841 (C.D. Cal. Sept. 14, 2018) ....................................................................... 5

### STATE CASES

*Clayworth v. Pfizer, Inc.*,
    49 Cal. 4th 758 (2010) ............................................................................................................ 3

*Shersher v. Super. Ct.*,
    154 Cal. App. 4th 1491 (2007) ........................................................................................... 3, 4

## I.     ARGUMENT

In their Second Amended Complaint ("SAC"), Plaintiffs brought a claim under California's UCL on behalf of class representative Cindy Ellis.[1]  Align moved to dismiss this claim, arguing among other things that it should fail because: (1) Ellis was not entitled to restitution (as opposed to damages) under the UCL; and (2) Ellis purchased Invisalign treatment in July 2017, before Align terminated interoperability with 3Shape, and therefore did not have standing to pursue her UCL claim.[2]  Plaintiffs responded to these points at length.[3]  The Court rejected Align's first argument but agreed with its second, explaining:

California UCL: Although Align's unilateral conduct cannot be the basis for a claim under California's Cartwright Act, it can support a claim under California's Unfair Competition Law (UCL). The California UCL defines "unfair competition" to include "any unlawful, unfair, or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. Violations of the Sherman Act fall within the scope of this provision as "unlawful" business acts. *See Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.*, 20 Cal. 4th 163, 180 (1999) ("By proscribing 'any unlawful' business practice, 'section 17200 borrows violations of other laws and treats them as unlawful practices' that the unfair competition law makes independently actionable.") (quoting *State Farm Fire & Casualty Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1103 (Cal. Ct. App. 1996)). And since the plaintiffs have no adequate remedy at law because they cannot seek damages under the Sherman Act or the Cartwright Act, equitable relief under the UCL would be appropriate. *See Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020).

Here, however, the plaintiffs have failed to state a claim under the UCL because the named California plaintiff does not have standing. Cindy Ellis purchased Invisalign in July 2017—before Align terminated its interoperability agreement. And, as was discussed in the accompanying ruling, Align's agreement with SmileDirectClub cannot be the basis for an antitrust action concerning the dentist-directed market. The plaintiffs' UCL claim is therefore dismissed.[4]

---

[1] Second Am. Class Action Compl., filed Oct. 21, 2021, ECF No. 61 (redacted version) at ¶ 30.

[2] *See* Mot. to Dismiss Pls.' Second Am. Compl., filed Nov. 11, 2021, ECF No. 65 at 20-22.

[3] *See* Pls.' Opp'n to Align's Mot. to Dismiss SAC, filed Nov. 29, 2021, ECF No. 74 (redacted version) at 22-24.

[4] Suppl. Order Granting in Part and Den. in Part Mot. to Dismiss, Den. Mot. to Strike, Feb. 16, 2022, ECF No. 97 ("Supplemental MTD Order") at 3.

Because the Court dismissed Ellis' UCL claim with leave to amend[5], Plaintiffs subsequently filed a Third Amended Complaint ("TAC") that includes two new California class representatives, Jamie Gooch and Tracy Mound, who purchased their Invisalign treatments in May 2021 and September 2020, respectively (well after termination of the interoperability agreement).[6]  Both Gooch and Mound bring claims under the UCL and seek restitution.

Align moves to dismiss Plaintiffs' UCL claim once more, again arguing that Plaintiffs "have not adequately pled entitlement to the equitable remedies available under the UCL."[7]  In other words, although not styled as one, Align has filed a motion for reconsideration.  This is improper.  In the Ninth Circuit, "[a] motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order. Civ. L.R. 7-9(b)(1)-(3).[8]  "Reconsideration of a prior ruling is an 'extraordinary remedy, to be used sparingly.'"[9]

Align makes no attempt to show that any of these grounds for reconsideration are satisfied, and instead simply restates and slightly expands on arguments already made in its previous motion to dismiss briefing.  In fact, Align's reply in support of its motion to dismiss the SAC is nearly identical to its new motion to partially dismiss the TAC: both make nearly the same points, and cite almost all the same cases, in arguing that Plaintiffs are not entitled to restitution under the UCL.[10]  But the

---

[5] *Id.* at 5.

[6] *See* Third Am. Class Action Compl., filed Mar. 2, 2022, ECF No. 99 (redacted version) at ¶¶ 30-31.

[7] *See* Mot. to Partially Dismiss Pls.' Third Am. Compl., filed Mar. 16, 2022, ECF No. 111 ("Align MTD TAC") at 2-4.

[8] *GTE Mobilnet of California Ltd. P'ship v. City of Berkeley*, No. 20-CV-05460-DMR, 2022 WL 562756, at *2 (N.D. Cal. Feb. 24, 2022).

[9] *Id.* (citing *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)).

[10] *Compare* Reply in Supp. of Mot. to Dismiss Pls.' Second Am. Compl., filed Dec. 9, 2021, ECF No. 78 at 14 *with* Align MTD TAC at 2-4.

Court has already rejected this position, concluding that "since the plaintiffs have no adequate remedy at law because they cannot seek damages under the Sherman Act or the Cartwright Act, equitable relief under the UCL would be appropriate."[11]  Align cannot sneak another bite at the apple by pleading around the high legal standard for reconsideration.

Even if the Court chooses to take another look at Align's arguments, it should reject them for the same reasons Plaintiffs have previously laid out.  Specifically, Align argues that Plaintiffs Gooch and Mound (like Plaintiff Ellis before them) cannot seek restitution because there are no allegations tracing money or property they paid back to Align.[12]  But it is well established under the UCL that indirect purchasers may seek restitution from a defendant.[13]  The key question is whether the plaintiff "had an ownership interest in the money or property acquired by the defendant through unlawful means."[14]  Here, Plaintiffs Gooch and Mound had an ownership interest in the money they paid for Invisalign treatment, and it is reasonable to infer that a portion of the money both paid for treatment—as in any indirect purchaser case involving a price-inflated input—then went to Align. Plaintiffs have alleged in detail that the costs of Invisaligners are traceable through the chain of distribution and are passed on into the cost of Invisaligner treatments[15], and the Court has rejected Align's previous attempt to dismiss their claims on this basis.[16]

Align relies (again) on the same largely distinguishable cases where plaintiffs sought restitution for funds that clearly never reached the possession of a defendant, e.g., cases where plaintiffs sought restitution against a manufacturer defendant for purchases of secondhand items

---

[11] *See* Supplemental MTD Order at 3.

[12] *See* Align MTD TAC at 4.

[13] *See, e.g.*, *Shersher v. Super. Ct.*, 154 Cal. App. 4th 1491, 1498 (2007) (plaintiffs who were indirect purchasers of defendant's software had UCL standing); *Clayworth v. Pfizer, Inc.*, 49 Cal. 4th 758, 787–89 (2010) (pharmacies that were indirect purchasers of defendant drug manufacturer's drug had UCL standing).

[14] *Shersher*, 154 Cal. App. 4th at 1500.

[15] TAC ¶¶ 217-30.

[16] *See* Order re: Hr'g on Mot. to Dismiss, filed Sept. 29, 2021, ECF No. 50 ("The plaintiffs have adequately alleged antitrust standing under the federal test, so even if AGC applies in some of the repealer states, dismissal of the state law claims on that basis would not be warranted.").

from a private party[17] or where plaintiffs sought restitution for lost wages from an oil spill.[18]  By contrast, in *Shersher*, for example, the state appellate court held that the plaintiff's allegation that "he paid money to a retailer to purchase Microsoft's product based on false or misleading statements on the product package" supported a claim for restitution under the UCL.[19]

Align also tries (again) to distinguish *Shersher*, arguing that it stands only for the "the unremarkable proposition that recovery of restitution is not categorically barred for payments made to third parties."[20]  But Align ignores the many other cases in which courts, relying on *Shersher*, have permitted indirect purchasers to pursue claims for restitution under the UCL, reasoning that the precise amount of restitution to which plaintiffs are entitled is a question to be resolved through fact and expert discovery.  For example, in *Cohen v. Subaru of Am., Inc.*, No. 120CV08442JHRAMD, 2022 WL 714795 (D.N.J. Mar. 10, 2022), the court found that purchasers of Subaru vehicles were entitled to pursue their claim for restitution against a fuel pump manufacturer, Denso, where its fuel pumps were incorporated into those vehicles.[21]  Although Denso argued that it "did not sell a finished product to consumers by way of a third party vendor," the court rejected this argument, explaining: "If Denso benefitted financially by selling defective fuel pumps and Plaintiffs suffered financially by purchasing vehicles with defective fuel pumps, the fact that Subaru incorporated Denso's fuel pumps into its vehicles does not change the underlying economic analysis . . . Plaintiffs

---

[17] *See* Align MTD TAC at 2-3 (citing *Fulford v. Logitech, Inc.*, No. C-08-2041 MMC, 2008 WL 4914416, at *2 (N.D. Cal. Nov. 14, 2008) (plaintiff denied restitution where they purchased product from a previous owner); *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1323–24 (C.D. Cal. 2013) (plaintiff purchased vehicle "used from a third party")).

[18] *See id.* at 2 (citing *Cheverez v. Plains All Am. Pipeline, LP*, No. CV15-4113 PSG (JEMX), 2016 WL 4771883, at *3 (C.D. Cal. Mar. 4, 2016) ("The profits which Defendants gained from their refusal to properly monitor their pipelines cannot be the same property Plaintiffs lost, because Defendants would have gained those profits regardless of whether Plaintiffs were injured. In other words, even if the same conduct caused Plaintiffs' injury and Defendants' enrichment, Plaintiffs cannot state a UCL claim unless Defendants benefitted because of Plaintiffs losses.")

[19] *Shersher*, 154 Cal. App. 4th at 1500.

[20] Align MTD TAC at 3 (quoting *Hart v. BHH, LLC*, No. 15CV4804, 2017 WL 2912519, at *4–5 (S.D.N.Y. July 7, 2017).

[21] *Id.* at *33.

will ultimately have to prove the amount of detriment to Plaintiffs and the amount of benefit to Denso, but they have met their burden at this stage."[22]

Many courts have reached the same or similar results and permitted claims for restitution by indirect purchasers.[23]  For example, rejecting a similar argument in *In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prod. Liab. Litig.*, 497 F. Supp. 3d 552 (N.D. Cal. 2020), Judge Orrick recently explained that "indirect purchasers—like many of the users of JUUL who purchased from retail establishments or from resellers and not directly from JLI—may nonetheless seek restitution under the UCL; that is an established point of law," concluding:

> Given the allegations regarding the diverse supply chains of JUUL products in the CAC, plaintiffs' allegation regarding lost money and JLI's profiting from its initial sales are plausible and sufficient to allege entitlement to UCL restitution. How the many JUUL supply chains worked and how much if any of plaintiffs' money spent to purchase JUUL products constitutes appropriate restitution can only be determined following fact and expert discovery and on a full evidentiary record.[24]

The facts here are no different from those in *Cohen*, *JUUL*, or the like.  Plaintiffs allege (1) that Align benefitted financially by selling aligners to dentists and orthodontists and (2) that they (Plaintiffs) suffered by purchasing treatments that incorporated these overpriced aligners.  As in *Cohen*, the fact that Align's aligners were incorporated into Plaintiffs' treatments "does not change the underlying economic analysis."[25]  Instead, "[h]ow [Align's] supply chains worked and how much

---

[22] *Id.*

[23] *See, e.g.*, *Cabebe v. Nissan of N. Am., Inc.*, No. 18-CV-00144-WHO, 2018 WL 5617732, at *5-6 (N.D. Cal. Oct. 26, 2018) (rejecting defendant Nissan's argument that "because the Cabebe and Dick bought their vehicles from a third-party and do not allege that Nissan received any money or property as a result of that transaction, they cannot assert a UCL restitution claim."); *McCarthy v. Toyota Motor Corp.*, No. 818CV00201JLSKES, 2018 WL 6318841, at *6 (C.D. Cal. Sept. 14, 2018) (rejecting defendant Toyota's argument "that Plaintiffs are not entitled to restitution because Plaintiffs allege that they purchased their vehicles from independently-owned dealerships, and thus Toyota did not 'directly' take Plaintiffs' money."); *Acedo v. DMAX, Ltd.*, No. CV1502443MMMASX, 2015 WL 12696176, at *20 (C.D. Cal. Nov. 13, 2015) ("Acedo alleges that defendants earned a profit when GM dealerships sold a vehicle to consumers like him. He asserts he has paid money, in which he had a property interest, to purchase a vehicle based on defendants' misrepresentations and fraudulent omissions, and that defendants received a monetary benefit in return. These allegations are sufficient to state a claim against GM under current California law, even if no specific facts are pled showing the manner in which GM profited from sales at its authorized dealerships.")

[24] *Id.* at 639 (internal citation omitted).

[25] *Cohen*, 2022 WL 714795 at *33.

if any of plaintiffs' money spent to purchase [Align] products constitutes appropriate restitution can only be determined following fact and expert discovery[.]"[26]

The Court should permit Plaintiffs Gooch and Mound to pursue their claims for restitution under the UCL.

## II.    CONCLUSION

Plaintiffs respectfully request that the Court to deny Align's motion to dismiss in its entirety; however, if the motion is granted in any part, Plaintiffs request leave to amend.[27]


DATED: March 30, 2022                    Respectfully submitted,

                                         HAGENS BERMAN SOBOL SHAPIRO LLP

                                         By */s/ Steve W. Berman*
                                             Steve W. Berman (*pro hac vice*)
                                         Theodore Wojcik (*pro hac vice*)
                                         1301 Second Avenue, Suite 2000
                                         Seattle, WA 98101
                                         Telephone: (206) 623-7292
                                         Facsimile:   (206) 623-0594
                                         Email: steve@hbsslaw.com
                                         Email: tedw@hbsslaw.com

                                         Rio S. Pierce (SBN 298297)
                                         HAGENS BERMAN SOBOL SHAPIRO LLP
                                         715 Hearst Avenue, Suite 202
                                         Berkeley, CA 94710
                                         Telephone: (510) 725-3000
                                         Facsimile: (510) 725-3001
                                         Email: riop@hbsslaw.com

                                         *Counsel for Plaintiffs*

---

[26] *In re JUUL*, 497 F. Supp. 3d at 639.

[27] *See Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1102 (9th Cir. 2018) ("A party may amend its pleading with the court's leave, which the court should freely give when justice so requires. This policy is to be applied with extreme liberality.").