PAUL HASTINGS LLP
Steven A. Marenberg (SB# 101033)
James M. Pearl (SB# 198481)
stevenmarenberg@paulhastings.com
jamespearl@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Los Angeles, California 90067
Telephone:  1(310) 620-5700
Facsimile:  1(310) 620-5899

*Attorneys for Defendant Align Technology, Inc.*

Additional counsel on Signature Page

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

|  |  |
|---|---|
| MISTY SNOW, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>Defendant. | CASE NO. 3:21-cv-03269-VC<br><br>**DEFENDANT ALIGN TECHNOLOGY, INC.'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT MOTION TO PARTIALLY DISMISS PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT**<br><br>Date:     April 21, 2021<br>Time:     10:00 a.m.<br>Place:    Courtroom 4, 17th Floor<br>Judge:   Hon. Vince Chhabria<br><br>Date Action Filed: May 3, 2021 |

ALIGN'S REPLY IN SUPPORT OF
MOTION TO DISMISS

**TABLE OF CONTENTS**

**PAGE**

I.    Introduction..................................................................................................................1

II.   Argument ......................................................................................................................1

    A.   Plaintiffs Cannot Obtain an Injunction Under the UCL. ........................................1

    B.   The TAC Fails to Plead a Restitution Claim Under the UCL................................2

    C.   The Motion Is Appropriate and Ripe. ...................................................................4

    D.   Dismissal Should Be with Prejudice......................................................................5

III.  Conclusion ....................................................................................................................5

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Cabebe v. Nissan of N. Am., Inc.*,
    No. 18-CV-00144-WHO, 2018 WL 5617732 (N.D. Cal. Oct. 26, 2018)...................................3

*Clayworth v. Pfizer, Inc.*,
    233 P.3d 1066 (Cal. 2010) .................................................................................. 1, 2, 4, 5

*Cohen v. Subaru of Am., Inc.*,
    No. 120CV08442JHRAMD, 2022 WL 714795 (D.N.J. Mar. 10, 2022)...................................3

*Fulford v. Logitech, Inc.*,
    No. C-08-2041 MMC, 2008 WL 4914416 (N.D. Cal. Nov. 14, 2008) ...................................3

*Hart v. BHH, LLC*,
    No. 15CV4804, 2017 WL 2912519 (S.D.N.Y. July 7, 2017)...................................4

*Ice Cream Distribs of Evansville, LLC v. Dreyer's Grand Ice Cream, Inc.*,
    No. 09-5815 CW, 2010 WL 3619884 (N.D. Cal. Sept. 10, 2010).........................................3, 5

*In re Insulin Pricing Litig.*,
    No. 317CV699BRMLHG, 2020 WL 831552 (D.N.J. Feb. 20, 2020) .......................................4

*In re Kekauoha-Alisa*,
    674 F.3d 1083 (9th Cir. 2012) ........................................................................................4

*Korea Supply Co. v. Lockheed Martin Corp.*,
    63 P.3d 937 (Cal. 2003) ...........................................................................................2, 3

*Madrid v. Perot Sys. Corp.*,
    30 Cal. Rptr. 3d 210 (Cal. Ct. App. 2005) ..........................................................................2, 3

*Shersher v. Superior Ct.*,
    65 Cal. Rptr. 3d 634 (Cal. Ct. App. 2007) ..........................................................................2, 3

**Statutes**

Cal. Bus. & Prof. Code § 17203 .....................................................................................5

<u>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**</u>

## I.  INTRODUCTION

In this case Plaintiffs have continually attempted to improperly seek damages that are not available under the California Unfair Competition Law ("UCL").  But due to various other pleading failures, the Court has not had occasion to address this issue, which remains in the Third Amended Complaint ("TAC").  Plaintiffs' UCL claim directly contradicts the text of the UCL and unequivocal precedents from California courts that preclude attempts to recover profits and other legal damages through a UCL restitution request.

Seeking to distract from this point, Plaintiffs' response focuses on the question of whether, under certain circumstances, a putative indirect purchaser can seek restitution, and not whether Plaintiffs have adequately done so here.  They have not.  Plaintiffs' UCL claim seeks "full restitution and/or disgorgement of ***all revenues, earnings, profits, compensation, and benefits***" obtained by Align, without limitation and without reference to whether those monies were at any point held by Plaintiffs.  This is not restitution, as required to state a UCL claim, and the Supreme Court of California resolved this question decades ago.  Numerous courts in California have dismissed with prejudice identical attempts to plead a broad UCL remedy as a means to impermissibly obtain broad damages.  The same result should apply here.

## II.  ARGUMENT

### A.  Plaintiffs Cannot Obtain an Injunction Under the UCL.

The UCL permits only equitable relief in either the form of an injunction or restitution.  *See Clayworth v. Pfizer, Inc.*, 233 P.3d 1066, 1088 (Cal. 2010).  Plaintiffs have argued that only Plaintiff Emily Vo, a New York resident and not a representative of the California Class, has adequate standing under Article III of the Constitution to pursue injunctive relief.  *See* Opp'n to MTD SAC at 3–5 (Dkt. No. 74) (arguing that solely Plaintiff Vo meets the Article III injunctive relief standing requirements because she allegedly intended to purchase Invisalign in the future for her minor child).  In other words, by Plaintiffs' own concession, there are no class representatives for the California Class who have standing to pursue injunctive relief because neither Plaintiff Jaime Gooch nor Plaintiff Tracy Mound (the only two California Plaintiffs) is allegedly

contemplating a future purchase of Invisalign.  *See* TAC ¶¶ 30–31.  Accordingly, Plaintiffs are left only to their overbroad and improperly pleaded request for restitution.

> **B.     The TAC Fails to Plead a Restitution Claim Under the UCL.**

Plaintiffs' TAC fails to adequately plead a request for equitable restitution.  Plaintiffs attempt to confuse and obfuscate this failing by citing to and discussing cases upholding claims for restitution brought by putative indirect purchasers.  *See Clayworth*, 233 P.3d at 1087 (acknowledging standing of downstream purchasers in certain circumstances).  But the question here is whether Plaintiffs have adequately pleaded a request for "the *return* of money to those persons from whom it was taken or who had an ownership interest in it."  *Shersher v. Superior Ct.*, 65 Cal. Rptr. 3d 634, 638 (Cal. Ct. App. 2007) (emphasis added).  Plaintiffs fail on two different counts:  they seek an overbroad damages remedy not permitted by the UCL and they fail to describe how any of their money actually found its way to Align such that it can be returned.

First, Plaintiffs improperly seek damages in the guise of restitution. The Supreme Court of California has held that anything beyond a request to "restore money or property to victims of [the alleged UCL violation]" threatens to convert the UCL into "an all-purpose substitute for a tort or contract action, something the [California] Legislature never intended."  *Korea Supply Co. v. Lockheed Martin Corp.*, 63 P.3d 937, 948–49 (Cal. 2003).  But that is exactly what Plaintiffs do here.  They seek "restitution and/or disgorgement of ***all*** revenues, earnings, profits, compensation, and benefits that may have been obtained by Defendant as result of such business acts and practices described above."  TAC ¶ 264 (emphasis added).  There is no pleaded limitation in paragraph 264 of the TAC or elsewhere that suggests Plaintiffs intend to limit their request for relief under the UCL only to those monies previously held by Plaintiffs.  Without such, Plaintiffs' broad UCL remedy flies directly in the face of *Korea Supply*.

*Madrid v. Perot Sys. Corp.* is instructive and controlling.  30 Cal. Rptr. 3d 210 (Cal. Ct. App. 2005).  There, the California appellate court affirmed the dismissal with prejudice of a UCL claim where the plaintiff—alleged downstream victim of an overcharge—requested that defendant "simply return to plaintiff exactly what was wrongfully taken, plus any profits made."  *Id*. at 221.  The *Madrid* court rejected the plaintiffs "reli[ance] on general principles of the law of remedies,

e.g., that restitution in the broad sense focuses on the defendant's unjust enrichment, rather than the plaintiff's loss." *Id*. To the contrary, the *Madrid* court explained, the plaintiff's request for profits without reference to monies previously held by the plaintiff was an impermissible restitution request and subject to dismissal. *Id*. This was particularly so where "it [was] not clear whether plaintiff thinks any of the alleged utility overcharges went into the pockets of these defendants (as opposed to the energy producers/suppliers)." *Id*.

Plaintiffs cite no case inconsistent with *Madrid* or authorizing the type of broad relief they seek and which *Madrid* squarely rejected at the pleading stage.[1] In fact, even *Shersher*, Plaintiffs' preferred point of reliance, stated that "[t]he court in *Madrid* held that what the plaintiff was attempting to recover was not restitution—the return of property or funds in which the plaintiff has an ownership interest (or is claiming through someone with an ownership interest)—but rather nonrestitutionary disgorgement of wrongfully obtained profits, a remedy that was not available to plaintiff." *Shersher v. Superior Ct.*, 154 Cal. App. 4th 1491, 1498, 65 Cal. Rptr. 3d 634, 640 (2007). Courts in this district have, consistent with *Madrid*, dismissed UCL claims at the pleading stage where such claims plead an overbroad damages remedy under the guise of UCL restitution. *Fulford v. Logitech, Inc.*, No. C-08-2041 MMC, 2008 WL 4914416, at *3 (N.D. Cal. Nov. 14, 2008) (dismissing UCL claim where plaintiff failed to "allege that the money he paid for [the product] is now, or ever was, in the possession of [defendant]."); *Ice Cream Distribs of Evansville,*

---

[1] Plaintiffs cite two cases that purport to permit a broad monetary remedy under the UCL—neither of which is correct and neither of which is binding on this Court. *See Cabebe v. Nissan of N. Am., Inc.*, No. 18-CV-00144-WHO, 2018 WL 5617732, at *5 (N.D. Cal. Oct. 26, 2018); *Cohen v. Subaru of Am., Inc.*, No. 120CV08442JHRAMD, 2022 WL 714795, at *33 (D.N.J. Mar. 10, 2022). In *Cabebe*, directly contrary to *Madrid* and *Korea Supply*, the court allowed a UCL claim to proceed on a theory that the defendant "was unjustly enriched." 2018 WL 5617732, at *6. But *Korea Supply* rejected unjust enrichment as a basis for relief under the UCL, noting that unjust enrichment sounds in disgorgement, which is not an authorized UCL remedy. *See Korea Supply*, 63 P.3d at 944 ("plaintiff in this case seeks disgorgement of profits unjustly earned by defendants" but "this court [does] not approv[e] of disgorgement as a remedy under the UCL"). Similarly, *Madrid* explicitly rejected unjust enrichment as a viable theory of recovery under the UCL. *Madrid*, 30 Cal. Rptr. 3d at 221 ("If plaintiff . . . means to suggest he can recover [profits] under a different label of 'unjust enrichment' or 'ill-gotten gain,' we reject such sophistry."). *Cohen* adds no additional value, as it uncritically cites *Cabebe*'s improper recitation of UCL remedies. *See Cohen*, No. 120CV08442JHRAMD, 2022 WL 714795, at *33 (citing *Cabebe* and no other authority on UCL remedies).

*LLC v. Dreyer's Grand Ice Cream, Inc.*, No. 09-5815 CW, 2010 WL 3619884, at *9 (N.D. Cal. Sept. 10, 2010) (same).

Second, apart from Plaintiffs' improper and overbroad request for damages, Plaintiffs also fail to plead that any of their monies in particular are held by Defendant, as required under the UCL.  In order to state a claim for restitution, Plaintiffs must "allege[] facts indicating that defendants, as opposed to independent third party retailers, obtained their money or property[.]" *Hart v. BHH, LLC*, No. 15CV4804, 2017 WL 2912519, at *4–5 (S.D.N.Y. July 7, 2017) (internal quotation marks omitted).  As explained in the Motion, the TAC alleges that the vast majority, if not all, of any alleged overcharge paid by Plaintiffs is captured by treating doctors, not Align.  *See* MTD at 4 (Dkt. No. 111).  The deeply attenuated economic linkage, if any exists, between Plaintiffs and Align undercuts the viability of the UCL remedy.  *In re Insulin Pricing Litig.*, No. 317CV699BRMLHG, 2020 WL 831552, at *6 (D.N.J. Feb. 20, 2020) (drug users' relationship to manufacturer was "too attenuated to sustain a cause of action for restitution under the California UCL").[2]

### C.     The Motion Is Appropriate and Ripe.

Contrary to Plaintiffs' unsupported claim that Align's motion is a request for reconsideration, the Court has not yet addressed whether Plaintiffs have adequately pleaded a claim for restitution.  The TAC (and all prior complaints) pleaded a claim under both the UCL and the California Cartwright Act.  Both claims were brought solely on behalf of the California Class and turned on the same set of allegations.  Align thus challenged whether the California class could fairly seek equitable relief under the UCL while also seeking a legal remedy under the Cartwright Act.  The Court dismissed Plaintiffs' Cartwright Act claim.  Thus, logically the Court concluded

---

[2] As explained in the Motion, *Shersher* does not alter this pleading standard, and merely acknowledges that in some circumstances an indirect purchaser may bring a UCL claim by adequately alleging that the defendant holds monies obtained from the indirect purchaser by virtue of the alleged unlawful conduct.  Those allegations are absent here.  To the extent *Shersher* has been read more broadly, such readings are incorrect and neither those readings, nor *Shersher* so read is binding on this Court.  *See In re Kekauoha-Alisa*, 674 F.3d 1083, 1087 (9th Cir. 2012) (federal courts only bound by decisions of highest state court).  *Shersher* has also not been read so broadly by the Supreme Court of California.  *See Clayworth*, 233 P.3d at 1087 (citing *Shersher* that "indirect purchase *may* support UCL standing" (emphasis added)).

"because [Plaintiffs] cannot seek damages under the Sherman Act or the Cartwright Act, equitable relief under the UCL would be appropriate."  Feb. 16, 2022 Supp. Order on Mot. to Dismiss at 3 ("Supp. MTD Order") (Dkt. No. 97).  Moreover, the Court had no occasion to reach the issue of whether Plaintiffs appropriately pleaded restitution because the prior plaintiff alleging a UCL claim lacked standing to bring the claim.  *Id*.

While the Court's conclusion is consistent with the fact that the UCL permits only equitable relief, *see* Cal. Bus. & Prof. Code § 17203, it says nothing about whether Plaintiffs have appropriately pleaded the two specific forms of equitable relief permitted under the UCL:  an injunction or restitution.  *See Clayworth*, 233 P.3d at 1088.  Align previously challenged whether the Plaintiffs adequately pleaded either form of relief.  And the Court did not go beyond deeming equitable relief appropriate to reach the question of whether it was, in fact, adequately pleaded. *See* Supp. MTD Order (not addressing propriety of Plaintiffs' request for restitution).  That issue is now ripe for resolution.

**D.      Dismissal Should Be with Prejudice.**

As in *Madrid*, *Fulford*, and *Dreyer's*, dismissal is required here and should be with prejudice.  In *Dreyer's*, the court justified dismissal with prejudice because "[the plaintiff] has not altered its pleading to suggest that it is seeking restitution for its UCL claim and not damages" despite the fact that it "had an opportunity to amend its complaint."  *Dreyer's Grand Ice Cream*, No. 09-5815 CW, 2010 WL 3619884, at *9.  Plaintiffs have refused to amend or refine their UCL claim to make it consistent with *Korea Supply* and *Madrid* across four different complaints.  No more attempts to replead are warranted.

**III.      CONCLUSION**

Thus, for these reasons and those in the Motion, the UCL claim (Fourth Claim) in the TAC must be dismissed with prejudice.

DATED:  April 6, 2022                                PAUL HASTINGS LLP

                                                           By: _____*/s/ Steven A. Marenberg*_____
                                                                  Steven A. Marenberg

Steven A. Marenberg (SB# 101033)
James M. Pearl (SB# 198481)
stevenmarenberg@paulhastings.com
jamespearl@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Los Angeles, CA 90067
Telephone:  1(310) 620-5700
Facsimile:  1(310) 620-5899

Thomas A. Counts (SB# 148051)
Abigail H. Wald (SB# 309110)
tomcounts@paulhastings.com
abigailwald@paulhastings.com
101 California Street
Forty-Eighth Floor
San Francisco, CA 94111
Telephone:  1(415) 856-7000
Facsimile:  1(415) 856-7100

Adam M. Reich (SB# 274235)
Michael C. Whalen (*pro hac vice*)
adamreich@paulhastings.com
michaelcwhalen@paulhastings.com
71 South Wacker Drive, 45th Floor
Chicago, Illinois 60606
Telephone:  1(312) 499-6000
Facsimile:  1(312) 499-6100

Michael F. Murray (*pro hac vice*)
Noah Pinegar (*pro hac vice*)
michaelmurray@paulhastings.com
noahpinegar@paulhastings.com
2050 M Street, N.W.
Washington, DC 20036
Telephone:  1(202) 551-1700
Facsimile:  1(202) 551-1705

Attorneys for Defendant
Align Technology, Inc.