**BERGER MONTAGUE PC**
Eric L. Cramer (*pro hac vice*)
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-4604
Fax: (215) 875-4604
Email: ecramer@bm.net

**RADICE LAW FIRM, P.C.**
John Radice (*pro hac vice*)
475 Wall Street
Princeton, NJ 08540
Telephone: (646) 245-8502
Fax: (609) 385-0745
Email: jradice@radicelawfirm.com

Interim Co-Lead Counsel for Plaintiffs and the Proposed Class in *Simon and Simon, PC d/b/a City Smiles and VIP Dental Spas v. Align Tech., Inc.*

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman (*pro hac vice)*
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Rio S. Pierce (SBN 298297)
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: riop@hbsslaw.com

Interim Lead Counsel for Plaintiffs and the Proposed Class in *Snow, et al. v. Align Tech., Inc.*

Additional Counsel on Signature Page

**PAUL HASTINGS LLP**
Steven A. Marenberg (SBN. 101033)
James Pearl (SBN. 198481)
1999 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: (310) 553-6700
Fax: (310) 620-5899
Email:  stevenmarenberg@paulhastings.com
            jamespearl@paulhastings.com

*Attorneys for Defendant Align Technology, Inc.*

Additional Counsel on Signature Page

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SIMON AND SIMON, PC d/b/a CITY SMILES and VIP DENTAL SPAS, individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>*Defendant.* | Case No. 3:20-CV-03754-VC |
| MISTY SNOW et al., individually and on behalf of others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>*Defendant*. | Case No. 3:21-CV-03269-VC |

**JOINT CASE MANAGEMENT STATEMENT**

Simon and Simon, PC d/b/a City Smiles ("Simon and Simon"), VIP Dental Spas ("VIP"), and Misty Snow (collectively, solely for purposes of this Case Management Conference Statement, "Plaintiffs"[1]) and Align Technology, Inc. ("Align" or "Defendant") (Plaintiffs and Align are collectively "the Parties") jointly submit this Joint Case Management Statement pursuant to the Court's Order on October 4, 2022. ECF No. 176 (*Simon and Simon*). On May 19, 2021, the Court referred all discovery disputes in Case No. 3:20-CV-03754 to Magistrate Judge Hixson.  On June 23, 2022, the Court referred all discovery disputes in Case No. 3:20-CV-03269 to Magistrate Judge

---

[1] Simon and Simon and VIP are collectively referred to as the "*Simon and Simon* Plaintiffs", while Misty Snow and the other individual named plaintiffs in Case No. 3:21-CV-03269-VC are collectively referred to as the "*Snow* Plaintiffs."

Hixson. ECF No. 132 (*Simon and Simon*).

1. **PENDING MOTIONS**

The Plaintiffs filed two unopposed motions requesting letters of request to Danish, Swedish, and English authorities for the depositions of one former Align employee in England (Raphael Pascaud), one former 3Shape employee in Denmark (Allan Hyldal), and one current 3Shape executive in Sweden (Nikolaj Deichmann). ECF Nos. 150, 154 (*Simon and Simon*). Align does not oppose these motions and filed a statement of non-opposition with respect to Raphael Pascaud. ECF Nos. 152 (*Simon and Simon*). 3Shape took no position with respect to the motion regarding Messrs. Hyldal and Deichmann.

The Parties intend to file shortly a joint stipulation requesting entry of a deposition protocol, primarily setting procedures for remote depositions.

On October 18, 2022, Align and the *Simon* Plaintiffs submitted a Joint Discovery Letter Brief to the Court addressing whether Plaintiffs should be ordered to provide certain discovery relating to financial aspects of Plaintiffs' dental practices bearing on allegations in the Amended Complaint. *See* ECF No. 170 (*Simon and Simon*).

On October 21, 2022, the Plaintiffs and Align submitted a Joint Discovery Letter Brief to the Court addressing whether Align should be ordered to produce its supplemental privilege log by October 31, 2022. *See* ECF No. 174 (*Simon and Simon*).

*Snow* Plaintiffs currently have three discovery motions pending before Magistrate Judge Hixson. On September 22, 2022, *Snow* Plaintiffs filed a motion to compel against SmileDirectClub ("SDC") in the Middle District of Tennessee seeking documents from SDC in connection with their Section 1 claim. That motion was transferred to the Northern District of California on October 5, 2022. *Snow v. Align Tech., Inc.*, 3:22-MC-80258 (N.D. Cal.), ECF No. 23. *Snow* Plaintiffs filed a motion to relate that motion to this case on October 13, 2022 that is not opposed by SDC. *See* ECF No. 196. On October 18, 2022, *Snow* Plaintiffs and SDC filed a Joint Discovery Letter Brief Regarding Plaintiffs' Requests for Production from Non-Party SmileDirectClub Inc. *See* ECF No. 204.

On September 23, 2022, *Snow* Plaintiffs and Align filed a Joint Discovery Letter Brief regarding production of material from five arbitrations between Align and SDC. ECF No. 169 (*Snow*). On September 29, 2022, Magistrate Judge Hixson issued an Order directing SDC to show cause why the Court should not order Align to produce the arbitration documents. ECF No. 176 (*Snow*). On October 7, 2022, SDC responded to the Order to Show Cause and objected to the production of documents. ECF No. 187 (*Snow*). *Snow* Plaintiffs and Align filed responses to SDC's response on October 14, 2022. *See* ECF Nos. 197, 201.

On October 6, 2022, pursuant to an oral order from Magistrate Judge Hixson issued on September 29, 2022, *Snow* Plaintiffs filed a Motion to Compel Additional Section 1-related discovery from Align. ECF No. 187 (*Snow*). Align filed its Opposition on October 14, 2022, and Plaintiffs filed their Reply on October 21, 2022.

On October 7, 2022, *Snow* Plaintiffs also filed a motion to compel seeking documents from non-party Aspen Dental Management in the Northern District of New York. *Snow v. Aspen Dental Mgmt Inc.*, 1:22-MC-00031 (N.D.N.Y.), ECF No. 1. *Snow* Plaintiffs and Aspen are now meeting and conferring regarding *Snow* Plaintiffs' RFPs and have stipulated to an extension for Aspen to respond to their motion to compel.

2. **DOCUMENT DISCOVERY**

Align has produced over 450,000 documents, with approximately 250,000 of those documents produced since the substantial completion deadline of February 13, 2022. Align made a large production (more than 150,000 documents) on September 16, 2022 following a discovery dispute regarding Align's use of search terms that was raised by Plaintiffs and resolved by Magistrate Judge Hixson in Plaintiffs' favor. *See* ECF No. 140 (*Snow*).

The *Simon and Simon* Plaintiffs have produced 4,758 documents, with approximately 1,203 documents produced since the substantial completion deadline of February 13, 2022.

The *Snow* Plaintiffs have produced 1,043 documents, and most recently produced 90 documents on October 26, 2022, including, for the first time, documents from Plaintiff Misty Snow (7 documents) and Plaintiff Cecelia Garay (2 documents). Align and the *Snow* Plaintiffs are continuing to meet and confer about discovery related to the *Snow* Plaintiffs.

Align produced its initial privilege log on May 4, 2022. After meeting and conferring with Plaintiffs, Align produced a revised privilege log on June 15, 2022. The *Simon and Simon* and *Snow* Plaintiffs have represented that they have substantially completed document production, have not withheld any documents that must be logged, and do not expect to produce a privilege log.

The Parties have also received approximately 325,000 documents from eight non-parties (including 3Shape) pursuant to subpoenas served by the Parties.[2] The Parties continue to pursue discrete and targeted additional non-party document discovery relating to various issues, including market definition.

On October 14, 2022, Judge Hixson heard argument from the parties related to Align's privilege log, and ordered the parties to meet and confer further and address privilege log challenges in reasonable steps, starting with a challenge of no more than 50 documents. Pursuant to Judge Hixon's Order, on October 18, 2022, Plaintiffs sent Align an Excel spreadsheet identifying 50 documents from Align's privilege log. Plaintiffs did not categorize these documents in their spreadsheet or the transmittal email, but on October 25, 2022, represented to Align that they are representative of four categories of entries where Plaintiffs have significant concerns about Align's approach to the privilege log.[3] Align does not agree with Plaintiffs' categorization or characterization of the 50 documents or, more generally, its privilege log. Align responded to Plaintiffs' sample challenges on October 25, 2022, identifying inadvertent log entries for documents already produced and documents that are not responsive, committing to produce certain other documents, in whole or in part, that it had previously designated as privileged, and providing supplemental descriptive information for the 20 of the 50 challenged entries for which Align is continuing to maintain its initial privilege designation. Plaintiffs committed to advise Align by October 27, 2022, whether any of the 50 documents remain in dispute. Plaintiffs will also advise

---

[2] Align caused 323,961 3Shape documents to be produced in response to RFPs directed at Align.

[3] The four categories are 1) documents that include a third party; 2) document where no attorney is a sender or direct receipient; 3) document where the log entry provides the basis for withholding as legal advise related to "business strategy"; 4) documents where an attachment is withheld in its entirety based on its attachment to an email that Align has designated as privileged.

Align of the scope of additional relief that they anticipate seeking in relation to the privilege log. The parties intend to file a Joint Letter Brief on October 28, 2022 before Judge Hixson on this issue.

3. **OTHER TYPES OF PARTY DISCOVERY**

   a. **DISCOVERY STATUS CONFERENCE BEFORE JUDGE HIXSON**

At their October 14, 2022 hearing before Judge Hixson regarding Align's privilege log, Plaintiffs requested that Judge Hixson set a discovery status conference for the parties to discuss all outstanding discovery issues between them. Judge Hixson has set a status conference for October 28, 2022, and has ordered that the parties submit a joint statement in advance of the hearing by noon (Pacific) on October 27, 2022.

   b. **INTERROGATORIES**

The *Simon and Simon* Plaintiffs served interrogatories on Align on June 16, 2022, and Align responded on August 22, 2022. It appears to Plaintiffs from Align's interrogatory reponses that Align is attempting an improper use of privilege as both of a sword and a shield. Specifically, Align claims that it terminated interoperability with 3Shape's Trios scanner "as part of Align's efforts to protect its intellectual property rights" – a waiver of privilege – while similaneously refusing, based on privilege grounds, to provide the rationale behind this purported reason. *Compare* Align Response to Interrogatory No. 1 (using legal rationale as a sword) *with* Align Response to Interrogatory Nos. 2 & 3 (invoking attorney-client and work product privilege to shield purported rationale). The *Simon and Simon* Plaintiffs served a second set of interrogatories on Align on October 20, 2022 to attempt to flesh out this issue and flag that motion practice is concerning Align's selective invocations of privilege is likely.

Align responds briefly to Plaintiffs' privilege argument. First, Plaintiffs misstate the law governing privilege and waiver, as well as certain of Align's responses to interrogatories. Second, and in any event, Align's has properly invoked the applicable privileges. There is significant objective evidence—including publicly available information—as to intellectual property concerns supporting Align termination of interoperability with 3Shape. Discovery is ongoing, including discovery bearing on these issues.

Align and Plaintiffs agree that if motion practice becomes necessary to address disputes concerning the referenced interrogatories, the Parties will raise them with the Court.

Separately, Align served interrogatories on Plaintiff Simon and Simon on July 19, 2022, and on Plaintiff VIP on July 29, 2022, and those Plaintiffs responded on September 16, 2022 and September 23, 2022, respectively. Align has scheduled meet and confer discussions with Plaintiffs regarding perceived deficiencies in certain of Plaintiffs' responses.

The *Snow* Plaintiffs served interrogatories on Align on September 15, 2022. *Snow* Plaintiffs have agreed to a 30-day extension for Align to respond to those interrogatories, which are now due on November 16, 2022. Between July 22, 2022 and August 29, 2022, Align served interrogatories on Plaintiffs Dana Bozian, Emily Vo, Angel Carnaghi, Adelaide Liedl, Jennifer Ezzio, Katie Campbell, Elisabeth Skibba, Justin Hansen, Stephanie Rickenbaker, Misty Snow, Cecelia Garay, Celeste Hamilton, Tracy Mound, Darlena Strong, and Jaime Gooch. Plaintiffs have responded to these interrogatories. Align anticipates serving interrogatories to the newly added *Snow* Plaintiffs, Mike Casad and James Eaton by October 31, 2022.

  c. **DEPOSITIONS**

**Plaintiffs' Position on Depositions:**

Plaintiffs are in the process of serving 30(b)(1) notices for the following Align employees: Lisa Barry, Stefan Wiechers, Martin Pater, Rob Walker. Plaintiffs have also provided, at Align's request, provisional lists of (1) the Align current and former employees Plaintiffs will potentially depose in relation to the Section 2 ckaim and (2) the Align current and former employees Plaintifsf will potentially depose in relation to the Section 1 claims. Plaintiffs also served a notice of deposition pursuant to Fed. R. Civ. P. 30(b)(6) with topics on which Plaintiffs seek testimony from Align corporate representatives with respect to the Section 2 claims.

Align grumbles that "it was not until Friday, October 7" that Plaintiffs provided a list of potential deposition witnesses to Align, but it was not until September 20 that Align asked for a list, and not until September 29 that Align made time to meet and confer with Plaintiffs about deposition scheduling. Indeed, Plaintiffs are not obligated to provide a list of all potential deponents before

serving notices, nor is that the typical practice in litigation, but Plaintiffs provided the list in good faith in an effort to make progress on the scheduling of depositions..[4]

Plaintiffs and Align have generally agreed on a deposition protocol, but are still meeting and conferring about the process for handling depositions of Align witnesses who will likely be deposed in relation to both the Section 1 and Section 2 claims. If the parties are unable to reach agreement on this issue, then Plaintiffs anticipate that the issue will be presented to Judge Hixson for resolution as part of the October 28th case management statement.

**Align's Position on Depositions**:

On September 28, 2022, Align provided Plaintiffs with a list of Plaintiff-affiliated depositions it anticipates taking, including all named plaintiffs, five doctors affiliated with the *Simon and Simon* Plaintiffs, and two office managers for the *Simon and Simon* Plaintiffs.  Align also anticipates seeking depositions from third parties.  The *Simon and Simon* Plaintiffs have indicated that they may oppose Align seeking depositions of personnel of each named Plaintiff, Simon and Simon PC and VIP Dental Spas, respectively, beyond Rule 30(b)(6) designees.

Notably, despite multiple earlier requests from Align, it was not until Friday, October 7, 2022 (just days before this Case Management Statement was due), that both the *Simon & Simon* and *Snow* Plaintiffs provided Align with a list of proposed Align deponents (more than 30 in total) even though such lists could have been compiled months ago.[5]  On the same date, Plaintiffs served Align with a Fed. R. Civ. P. 30(b)(6) deposition notice with 23 separate topics of proposed inquiry.

---

[4] Contrary to Align's assertions, Plaintiffs never promised to take depositions in any sort of order based on seniority, nor is ordering depositions by seniority required or even sensible.

[5] It was not until September 13, 2022 that Plaintiffs contacted Align about scheduling any depositions of specific persons, and even then Plaintiffs identified only three people, two of whom were c-suite executives not included as custodians in these cases or identified on Align's Initial Disclosures.  Moreover, naming these individuals violated Plaintiffs' assurances to this Court in past Case Management Conferences that it would honor apex deposition protocols and not start depositions at the top of the executive structure.  *See, e.g.*, Hrg. Tr. 8:19-25 (May 12, 2021) ("But also, you know, having a limit set early helps us plan, because a lot of times, you know, as you know, the way you take the depositions in these cases is you take some foundational ones early on; maybe some 30(b)(6)s; and you build up to some of the most important ones, maybe some of the more, you know, high-up people, people who are likely to be spokes- -- spokespersons at trial.").

That said, there are no current disputes about depositions, and the Parties are endeavoring to schedule depositions collaboratively over the next three months in light of the January 31, 2022 fact discovery cut-off.

### 4. POTENTIAL EXTENSION OF DISCOVERY FOR SECTION 1 DISCOVERY IN *SNOW*

The *Snow* Plaintiffs and Align are very mindful of the Court's prior order that no further extensions to the schedule would be granted. However, the *Snow* Plaintiffs' Section 1 claim has been proceeding on a different schedule than the set of Section 2 claims shared among the *Simon and Simon* and *Snow* actions. The Court denied Align's motion to dismiss the Section 2 claim in *Simon and Simon* on June 23, 2021. ECF No. 91 (*Simon and Simon*). The Court denied Align's motion related to the Section 1 claim on February 16, 2022. Align made its first substantial production of documents for the Section 2 claim on January 19, 2022, and its first production of documents for the Section 1 claim on August 19, 2022. Furthermore, the claims at this point are clearly distinct, they assert different antitrust theories (monopolization v. market allocation) allegedly affecting the prices of an entirely different set of products (with the Section 2 claim covering Align's iTero scanners and Invisalign-brand aligners, and the Section 1 claim covering the price of aligners sold by SDC).

As discussed above, currently pending before Judge Hixson are three separate discovery motions by the *Snow* Plaintiffs relating solely to the Section 1 claim: (1) a letter brief seeking Section 1-related arbitration materials from Align, filed on September 23, 2022, ECF No. 169 (*Snow*), as to which Align has agreed that an order should issue; (2) a motion to compel against SDC seeking a significant volume of additional Section 1-related discovery from SDC, filed on September 22, 2022 in the Middle District of Tennessee and transferred to this district on October 5, 2022 that has now been presented to Judge Hixson in a Joint Discovery Letter Brief (ECF No. 204); and (3) a motion to compel seeking a significant volume of additional Section 1-related discovery from Align, filed on October 6, 2022. ECF No. 185 (*Snow*) that is now fully briefed. In these motions, the *Snow* Plaintiffs have requested that SDC produce to them its productions from certain Align-SDC arbitrations, and requested that Align (1) run approximately 30 additional search

terms across 20 new custodians,[6] ECF No. 185 (*Snow*); and (2) and produce discovery responses, transcripts, orders, and substantive filings in all arbitrations between Align and SDC, ECF No. 169 (*Snow*).

Although Align disagrees with the *Snow* Plaintiffs regarding the merits of the two motions directed against Align[7] (motions (1) and (3) above), the Parties agree that in the event that any of the three motions (including the motion against SDC) is granted, completing all fact discovery on the Section 1 claims by the current January 31, 2022 deadline is unlikely, despite the best efforts of the Parties.[8]  This is particularly true because of the significant deposition discovery to be undertaken on the *Simon and Simon* and *Snow* Plaintiffs' Section 2 claims prior to the deadline (where Plaintiffs have identified 23 individual deponents in addition to the 23 discrete Rule 30(b)(6) deposition topics).

Thus, the Snow Plaintiffs' and Align's position is that a three-month extension of the deadlines only for Section 1-related fact and expert discovery in the *Snow* action is reasonable and warranted.  (The Parties seek no extension of the discovery deadline for the Section 2 monopolization claims in both class actions.)

Plainly, the scope of additional discovery, if any, from Align, and the scope of discovery from SDC that could be ordered by Judge Hixson will inform the length of the extension that would make sense for both the Parties and the Court while avoiding disruption to the schedule that the Court has set for the Section 2 claims shared between the *Snow* and *Simon and Simon* actions. In the

---

[6] *Snow* Plaintiffs have requested 16 primary custodians, each of whom was already a custodian in at least one of the Align-SDC arbitrations, and 4 in-house counsel as limited custodians, for whom Plaintiffs are proposing a single search term be run (for email addresses associated with SDC executives and SDC counsel) designed solely to capture communications, such as the exchange of draft agreements, between Align and SDC.

[7] The additional custodians requested by the *Snow* Plaintiffs from Align include, from Align's perspective, many who have no material connection to the *Snow* Plaintiffs' Section 1 claim and, incredibly, four in-house counsel.

[8] For example, in the event Align is required to run a significant number of new search terms, it will inevitably take time both for Align to identify, review and produce the documents and for then Plaintiffs to review them in advance of depositions. Similarly, if SDC is ordered to produce discovery, that will take time, and will delay deposition discovery involving SDC witnesses.

alternative, if the Court is not prepared to grant an extension at this time while the three discovery motions are pending, then the Parties would request permission from the Court to submit a proposal regarding a potential alteration of the case schedule for the Section 1 discovery after Judge Hixson rules on the pending motions to compel. The Parties will be prepared to discuss this issue at the case management conference.

Dated: October 26, 2022

Respectfully submitted,

By:     <u>/s/ Eric L. Cramer</u>
           Eric L. Cramer

Eric L Cramer (*pro hac vice*)
Michael Kane (*pro hac vice*)
**BERGER MONTAGUE PC**
1818 Market Street, Suite 3600
Philadelphia, PA 19103
Telephone: (215) 875-4604
Facsimile: (215) 875-5707
ecramer@bm.net
mkane@bm.net
hbrinn@bm.net

Joshua P. Davis (State Bar No. 193254)
**BERGER MONTAGUE PC**
59A Montford Avenue
Mill Valley, CA 94941
Telephone: (415) 215-0962
Facsimile: (215) 875-5707
dwalker@bm.net

Daniel J. Walker (*pro hac vice*)
Hope E. Brinn (State Bar No. 338508)
**BERGER MONTAGUE PC**
2001 Pennsylvania Avenue, NW, Suite 300
Washington, DC 20006
Telephone: (202) 559-9745
Facsimile: (215) 875-5707
dwalker@bm.net

John Radice (*pro hac vice*)
April D. Lambert (*pro hac vice*)
Daniel Rubenstein (*pro hac vice*)
**RADICE LAW FIRM, P.C.**
475 Wall Street
Princeton, New Jersey 08540
Telephone: (646) 245-8502

Facsimile: (609) 385-0745
jradice@radicelawfirm.com
drubenstein@radicelawfirm.com
alambert@radicelawfirm.com

Interim Co-Lead Counsel for Plaintiffs
and the Proposed Class in *Simon and Simon, PC
d/b/a City Smiles and VIP Dental Spas v. Align Tech., Inc.*

Joseph R. Saveri (State Bar No. 130064)
Steven N. Williams (State Bar No. 175489)
Kevin E. Rayhill (State Bar No. 267496)
Abraham Maggard (State Bar No. 339949)
**JOSEPH SAVERI LAW FIRM, INC.**
601 California Street, Suite 1000
San Francisco, California 94108
Telephone:  (415) 500-6800
Facsimile:   (415) 395-9940
jsaveri@saverilawfirm.com
swilliams@saverilawfirm.com
krayhill@saverilawfirm.com

Daniel J. Mogin (State Bar No. 95624)
Jennifer M. Oliver (State Bar No. 311196)
Timothy Z. LaComb (State Bar No. 314244)
**MOGINRUBIN LLP**
600 West Broadway, Suite 3300
San Diego, CA 92101
Telephone: (619) 687-6611
Facsimile: (619) 687-6610
dmogin@moginrubin.com
joliver@moginrubin.com
tlacomb@moginrubin.com

Gary M. Klinger (*pro hac vice* forthcoming)
**MASON LIETZ & KLINGER, LLP**
227 W. Monroe Street, Suite 2100
Chicago, IL 60630
Telephone: (202) 429-2290
Facsimile: (202) 429-2294
gklinger@masonllp.com

David K. Lietz (*pro hac vice* forthcoming)
**MASON LIETZ & KLINGER, LLP**
5101 Wisconsin Ave., NW, Ste. 305
Washington, DC 20016
Telephone: (202) 640-1160
Facsimile: (202) 429-2294
dlietz@masonllp.com

*Counsel for Plaintiffs*
Kevin Landau (*pro hac vice*)
Miles Greaves (*pro hac vice* forthcoming)
**TAUS, CEBULASH & LANDAU, LLP**
80 Maiden Lane, Suite 1204
New York, New York 10038
Telephone: (646) 873-7654
Facsimile: (212) 931-0703
klandau@tcllaw.com
mgreaves@tcllaw.com

Additional Counsel for Plaintiffs in *Simon and Simon, PC d/b/a City Smiles and VIP Dental Spas v. Align Tech., Inc.*


By _____ */s/ Steve W. Berman*___

Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com

Rio S. Pierce (State Bar No. 298297)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: riop@hbsslaw.com

Interim Lead Counsel for Plaintiffs
and the Proposed Class in *Snow, et al. v. Align Tech., Inc.*

By:     */s/ Steven A. Marenberg*
        Steven A. Marenberg

Steven Arthur Marenberg (SBN. 101033)
James Pearl (SBN. 198481)
**PAUL HASTINGS LLP**
1999 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: (310) 553-6700
Fax: (310) 620-5899
Email:  stevenmarenberg@paulhastings.com
       jamespearl@paulhastings.com

Thomas A. Counts (SBN. 148051)
Abigail Heather Wald (SBN. 309110)
**PAUL HASTINGS LLP**
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Fax: (415) 856-7100
Email:  tomcounts@paulhastings.com
       abigailwald@paulhastings.com

Adam M. Reich (SBN. 274235)
Michael C. Whalen (*pro hac vice*)
**PAUL HASTINGS LLP**
71 South Wacker Drive, 45th Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: adamreich@paulhastings.com
       michaelcwhalen@paulhastings.com

Michael F. Murray (*pro hac vice*)
Noah Pinegar (*pro hac vice*)
**PAUL HASTINGS LLP**
2050 M Street, NW
Washington, DC 20036
Telephone: (202) 551-1960
Fax: (202) 551-1705
Email:  noahpinegar@paulhastings.com

*Attorneys for Defendant Align Technology, Inc.*

## FILER'S ATTESTATION

    I, Steven A. Marenberg, am the ECF user whose identification and password are being used to file this Joint Case Management Conference Statement. In compliance with L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this Joint Case Management Conference Statement has been obtained from each of the other signatories.


  October 26, 2022                                      */s/ Steven A. Marenberg*