Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
Joey Kingerski (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com
Email: joeyk@hbsslaw.com

Rio S. Pierce (SBN 298297)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: riop@hbsslaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISO DIVISION

| | |
|---|---|
| MISTY SNOW, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>　　　　　　　　　　　　　　　Defendant. | No. 3:21-cv-03269-VC (TSH)<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIFTH AMENDED COMPLAINT<br><br>Hearing Date: May 4, 2023<br>Hearing Time: 10:00 a.m.<br>Judge: Hon. Vince Chhabria<br>Location: Courtroom 5 – 17th Floor |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that on May 4, 2023, at 10:00 a.m., or as soon thereafter as this matter may be heard, the undersigned counsel will appear via Zoom before the Honorable Judge Vince Chhabria in Courtroom 5, 17th Floor of the San Francisco Courthouse of the Northern District of California District Court, 450 Golden Gate Avenue, San Francisco, CA 94102, and shall then and there present Plaintiffs' Motion for Leave to their File Fifth Amended Complaint.

In their motion, Plaintiffs seek leave to file their Fifth Amended Complaint pursuant to Federal Rule of Civil Procedure 15. The Fifth Amended Complaint would add a Rule of Reason claim under Section 1 of the Sherman Act as well as more detailed allegations related to SDC and Align's alleged scheme to allocate the market for direct-to-consumer aligners.

# I. INTRODUCTION

Plaintiffs respectfully move for leave to file a Fifth Amended Complaint, attached as Exhibit A[1] ("Proposed FAC"). Plaintiffs' proposed amendment would add a rule of reason claim under Section 1 of the Sherman Act (hereafter the "Rule of Reason Claim"). Plaintiffs seek to plead this new claim in the alternative to their current Section 1 claim, as part of which they allege that Align and SDC's allocation of the direct-to-consumer ("DTC") clear aligner market was per se illegal (hereafter the "Per Se Claim"). Plaintiffs also seek to supplement their complaint with new, detailed allegations supporting both the Rule of Reason Claim and the Per Se Claim.

Plaintiffs' new allegations, as well as the proposed Rule of Reason Claim, are based largely on materials Align and SDC only recently produced that together shed significant light on Align and SDC's alleged market allocation scheme. Specifically:

- On December 16, 2022, SDC began producing various materials from the five separate SDC-Align arbitrations, including arbitration transcripts, substantive pleadings (both SDC's and Align's) from the arbitrations, and Align's expert reports from the arbitrations. SDC completed these productions on March 1, 2023.

- On February 10, 2023, just over one month ago, Align made its substantial production of Section 1-related documents.[2] This production consisted of approximately 13,873 documents (comprising approximately 71,000 pages).

- On March 13, 14, and 17, 2023, conspirator SDC produced documents in response to Plaintiffs' third-party subpoena, which was served more than one year ago, including SDC internal documents and arbitration deposition transcripts of SDC

---

[1] Plaintiffs attach clean and redlined drafts of their proposed Fifth Amended Complaint as Exhibit A and Exhibit B, respectively. *See* Declaration of Rio Pierce ("Pierce Decl."), Exs. A & B.

[2] Prior to this production, Align, with respect to the Section 1 claim, had only produced materials that it had already produced as part of the arbitrations.

employees from arbitrations between Align and SDC.[3]

This extensive, recent discovery has provided Plaintiffs with a full factual basis for pleading that even if the challenged restraint is deemed an ancillary restraint, it would still be anticompetitive under a rule of reason analysis. In particular, discovery has provided a factual basis for Plaintiffs to allege that 1) SDC had market power in a relevant antitrust market (DTC aligners sold in the United States); 2) the agreement had immediate, significant anticompetitive effects, including price increases that SDC implemented shortly after the Restrictive Covenant was signed; and 3) the overall set of agreements between Align and SDC had minimal procompetitive benefits that were not linked to the challenged restraint.

Amendment would be in the interest of justice and would cause no prejudice to Align.[4] Plaintiffs do not seek any additional discovery in connection with their new allegations or proposed Rule of Reason claim. Further, adding this claim would not require extending the discovery cutoff or otherwise modifying the case schedule. For the same reason, Plaintiffs' proposed amended does not risk undue delay or disproportionate expense. These factors favor granting leave to amend.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) permits amending pleadings once as a matter of course and additional times by stipulation of the parties or leave of court. In cases where a party seeks to amend a pleading after the amendment deadline specified in the scheduling order has passed, Rule

---

[3] As described in detail in various motions filed before Judge Hixson, Plaintiffs' negotiations with SDC related to their third-party subpoena have been difficult, slow, and have come to motion practice before Judge Hixson on more than one occasion.

[4] On March 12, 2023, counsel for Plaintiffs notified Align in writing of Plaintiffs' intention to request leave to file an amended complaint. On March 21, 2023, Plaintiffs provided Align with a draft of the Fifth Amended Complaint and stated that they intended to file a motion for leave to amend on March 24. On a March 22, 2023 meet and confer, counsel for Align stated that Align had not yet taken a position on whether it intended to oppose the complaint and did not anticipate that it would reach a final position by March 24. Pierce Decl. ¶ 6.

16(b)(4) requires a party to show good cause for amending the scheduling order as a threshold matter before conducting the Rule 15 analysis.[5] Because the scheduling order in this case does not limit the time to amend pleadings,[6] the Rule 16 standards do not apply. Rule 15 controls.

Courts freely give leave to amend under Rule 15(a)(2) "when justice so requires," unless an opposing party shows amending would unduly prejudice them, or that the moving party was dilatory or acted in bad faith.[7] Furthermore, undue delay alone does not justify denying amendment; the opposing party must also show either prejudice, bad faith, or futility.[8] The prejudice factor is given the greatest weight.[9] The policy favoring amendment is "applied with extreme liberality."[10] "The opposing party bears the burden to show why leave to amend should not be granted."[11]

### III. ARGUMENT

**A.  Justice Requires Amendment**

It is in the interests of justice to ensure that a factually well-supported claim under the Rule of Reason is brought on behalf of the SDC purchaser class for the challenged conduct about which Align has already been on notice. With the benefit of recent discovery, and as set forth in significant detail in the Proposed Fifth Amended Complaint, Plaintiffs have pled a well-supported claim under the Rule of Reason, including significant, detailed factual allegations regarding 1) SDC's market

---

[5] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992).

[6] *See* ECF No. 41, *as modified by* ECF No. 110, *as modified by* ECF No. 128, *as modified by* ECF No. 248.

[7] *See Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F3d 1109, 1117 (9th Cir. 2013) (discussing Fed. R. Civ. P 15(a)).

[8] *Dep't of Fair Emp. & Hous. v. L. Sch. Admission Council, Inc.*, No. C-12-1830 EMC, 2013 WL 485830, at *3 (N.D. Cal. Feb. 6, 2013) (quoting *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir.1999)).

[9] *Id.* (quoting Fed. R. Civ. P. 15(a)(2) and *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)).

[10] *Id.*

[11] *Robertson v. Bruckert*, 568 F. Supp. 3d 1044, 1047 (N.D. Cal. 2021).

power; 2) the anticompetitive effects of the restraints; and 3) the lack of procompetitive benefits from the agreements. This factual evidence shows that, even if the Restrictive Covenant was held to be an ancillary restraint, the agreements between Align and SDC that prevented Align from competing in the DTC market are still anticompetitive under a Rule of Reason analysis and resulted in purchasers of SDC aligners paying higher prices for aligners. Therefore, it is in the interest of justice for the SDC purchaser class to have an opportunity to recover for the overcharges caused by Align's conduct.

**B.    Amendment Will Not Prejudice Align**

Prejudice is the most important factor in the Rule 15 analysis.[12] An amendment that would require reopening discovery may establish prejudice.[13] Likewise, adding an "'independent claim' that catches the opposing party off guard after dispositive motions have been filed" may prejudice a defendant.[14] Adding multiple new claims requiring additional discovery close to the end of fact discovery may impose prejudice.[15] Likewise, if the proposed additional claims "aris[e] out of events unrelated to the claims" already raised, a court may properly deny amendment.[16]

Adding a Rule of Reason claim will not prejudice Align because the claim arises out of the same events as Plaintiffs' current Per Se claim. Plaintiffs do not seek any additional discovery from Align in connection with this claim, and adding it will not require any case schedule modification or

---

[12] *Id.*

[13] *Id.* at 1047-48 (discussing *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)).

[14] *Id.* at 1048 (N.D. Cal. 2021) (discussing *Del Valle v. Cnty. of Sonoma*, No. 17-cv-03611, 2019 WL 10733250 at *6 (N.D. Cal. Feb. 20, 2019), *rev'd on other grounds*, 790 Fed. Appx. 868 (9th Cir. 2020)).

[15] *See Zivkovic v. S. California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming denial of motion to amend where, five days before the close of fact discovery, plaintiff sought to add two new claims that would have required new discovery).

[16] *Calloway v. Adams*, 624 F. App'x 605, 606 (9th Cir. 2015).

deadline extension. Furthermore, no dispositive motions have yet been filed, and key deadlines remain several months away: Plaintiffs' Section 1 expert report is not due until June 5, 2023, and Align's opposing expert report is not due until July 28, or more than four months from now.[17]

**C.    Plaintiffs' Proposed Amendment Is Neither Dilatory nor Made in Bad Faith**

For the reasons explained above, Plaintiffs' amendment is not dilatory: Plaintiffs have promptly moved to amend their complaint upon the substantial completion of both Align and SDC's document production, including the production of materials that shed significant light on the alleged market allocation scheme. As discussed above, these materials provided Plaintiffs with significant further factual information regarding the nature of the agreements between Align and SDC, and provided Plaintiffs with a basis for making factual allegations in support of the Rule of Reason claim.

Plaintiffs are not acting in bad faith. "In order for a court to find that a moving party filed for leave to amend in bad faith, the adverse party must offer evidence that shows 'wrongful motive' on the part of the moving party."[18] Plaintiffs have no "wrongful motive" here. Plaintiffs' counsel must ensure all valid claims are presented for adjudication[19]; Plaintiffs request amendment in furtherance of that duty, as well as counsel's duty to the proposed class.

**D.    Amendment Is Not Futile**

"Futility standard on motions for leave to amend applies only if it is clear that the complaint could not be saved by any amendment." *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M 02-1486 PJH, 2007 WL 2385112, at *3 (N.D. Cal. Aug. 17, 2007) (quotation omitted).

---

[17] The deadline for Plaintiffs' class certification motion, as well as any *Daubert* motion related to class certification, is October 31, 2023; Align's opposition is due December 19, 2023. Summary judgment motions are not due until April 2024. *See* ECF No. 248.

[18] *Wixon v. Wyndham Resort Dev. Corp.*, No. C07-02361 JSW, 2007 WL 3101331, at *2 (N.D. Cal. Oct. 22, 2007)

[19] *See* Fed. R. Civ. Proc. 23(g)(4).

Because Plaintiffs' original Section 1 claim has already survived a motion to dismiss, *see* ECF Nos. 96 & 97, futility is not at issue.

### III. CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant their motion for leave to amend.

DATED: March 24, 2023		Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/ Steve W. Berman*
   Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
Joey Kingerski (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com
Email: joeyk@hbsslaw.com

Rio S. Pierce (SBN 298297)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: riop@hbsslaw.com

*Counsel for Plaintiffs*