1

2

3

4                          UNITED STATES DISTRICT COURT

5                          NORTHERN DISTRICT OF CALIFORNIA

6

7    MISTY SNOW, et al.,                      Case No.  21-cv-03269-VC   (TSH)

8                 Plaintiffs,

9         v.                                  **DISCOVERY ORDER**

10   ALIGN TECHNOLOGY, INC.,                   Re: Dkt. No. 352

11                Defendant.

12

13         This order follows up on the Court's Discovery Order at ECF No. 339.  In that order the

14   Court noted that it has issued several orders requiring SmileDirectClub ("SDC") to produce

15   materials from the multiple Align-SDC arbitrations.  These orders allowed SDC to redact

16   information that is competitively sensitive and irrelevant to the Section 1 claim.  The Court's view

17   is that for relevant materials, any concerns about competitive sensitivity can be addressed by the

18   existing protective order in this case.  But the Court also explained that a non-party should not

19   have to suffer the production of its competitively sensitive materials in the absence of a showing

20   of relevance.

21         In ECF No. 339, the Court determined that four categories of redactions made by SDC

22   were improper.  As relevant here, the Court determined that SDC's business model and corporate

23   organization (category two) and the way SDC uses doctors in its business model (category three)

24   were relevant and therefore that redactions of that information were inappropriate.  The Court

25   explained that "the Section 1 claim in this case is that Align and SDC allocated the DTC market to

26   SDC so that it could earn supracompetitive profits, which Align would reap the benefit of through

27   its ownership stake in SDC.  Align says it wants to have evidence about SDC's business model to

28   show if it actually did make supracompetitive profits.  SDC opposes, observing that the Court has

already ordered it to produce documents that show the basis for its product pricing." ECF No. 339 at 3.

The Court explained that it "agrees with Align's second relevance argument. Documents that show the basis for product pricing tend to assume the existence of a business – how it is run, how it is structured, what it sells, what its expenses are, what pressures there are to reduce expenses, and so on. That's the stuff Align needs to have to be able to develop any sort of argument that SDC was trying very hard to sell a low cost product (if that is what the evidence shows), not to earn supracompetitive profits. To shroud SDC's internal business operations in redactions threatens to kneecap Align's ability to argue (if the evidence will support it) that the antitrust injury is made up." *Id*. The Court explained that "even though SDC is not a party to this case, it is Align's alleged co-conspirator. All of the alleged antitrust injury occurred through SDC's business operations and pricing." *Id*.

The Court ended its order by observing that "Align has moved on categories of redactions but not on specific documents." *Id*. at 4. Accordingly, the Court ordered the parties to meet and confer regarding the application of ECF No. 339 to specific documents and to file a further joint discovery letter brief by yesterday if they could not reach agreement. They did file one. ECF No. 352. Thankfully, there are disputes about redactions in only one document – the Final Award in the Swift Arbitration – and only five redactions in dispute in that document. At SDC's suggestion, the Court reviewed the redacted information *in camera* to determine if the redactions comply with the Court's order at ECF No. 339.

They do not. The redacted information is relevant to whether SDC was running its business as cheaply as possible to sell a low cost product, as opposed to earning supracompetitive profits. This information is therefore relevant to whether Plaintiffs suffered any antitrust injury at all. And it's not at or near the outer bounds of relevance, either. While Judge Chhabria on class certification, and the trier of fact at trial, will have to decide how much weight to give to any particular piece of evidence, the redacted information is sufficiently relevant that it would be unfair to deny Align the ability use it in litigation. Accordingly, the Court **ORDERS** SDC to produce SDC_SNOW_00009573 without the challenged redactions. As a reminder, this doesn't

mean that the information is public because SDC can still designate it under the protective order in this case.

**IT IS SO ORDERED.**

Dated: May 2, 2023

THOMAS S. HIXSON
United States Magistrate Judge

United States District Court
Northern District of California