UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY SNOW, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>        Defendant. | Case No.  21-cv-03269-VC<br><br>**ORDER GRANTING LEAVE TO FILE FIFTH AMENDED COMPLAINT**<br><br>Re: Dkt. No. 290 |

      Leave to file a fifth amended complaint is granted. It's a close question, because the plaintiffs are seeking leave to amend fairly late and have been warned repeatedly about further delays to this case. But Align would have moved to dismiss a rule of reason claim if the plaintiffs had attempted to plead it from the outset, and it's common for plaintiffs to be given leave to add claims supported by discovery. Ultimately, the strong policy in favor of deciding cases on the merits tips the balance in favor of allowing amendment and allowing Align to propose an extension to the schedule.

      The motions to seal are granted in part and denied in part. Dkt. Nos. 291, 332, 334, 336. Separate orders with specific rulings will be filed concurrently. The good-cause standard for sealing is appropriate for a pleading, especially where the plaintiffs have included extensive discovery material. In general, the requests to seal lengthy excerpts from arbitration materials are granted, as is the request to seal the full decision of the arbitrator. Long excerpts from emails produced in discovery are also appropriate to seal, because the full content is not necessary to include in the complaint. But material sealed here will not necessarily remain sealed at later stages of the litigation. And even the more relaxed good-cause standard does not merit sealing

much of the material. The mere fact that material reflects a company's internal business discussions is not sufficient reason to seal it when it is not particularly detailed and is years out of date. The fact that material comes from or describes a confidential arbitration is also not, on its own, a reason to seal it. Arbitration agreements are enforceable like any other contracts—but just like other contracts, arbitration agreements do not empower parties to decide for themselves whether to shield material from appearing in court filings. That is especially true when the agreement is alleged to have been an unlawful antitrust conspiracy.

The plaintiffs shall update the redactions on the fifth amended complaint and Dkt. Nos. 331, 333, and 335 in accordance with the concurrently filed rulings, and file the updated documents on the docket within 3 business days of this order.

After consulting with the plaintiffs, Align shall file a new proposed schedule within 7 days of this order.

**IT IS SO ORDERED.**

Dated: May 18, 2023

_____
VINCE CHHABRIA
United States District Judge