BARTLIT BECK LLP
Karma M. Giulianelli (SB# 184175)
John M. Hughes (*pro hac vice*)
Joseph W. Doman (*pro hac vice*)
Samara R. Hoose (SB# 337713)
john.hughes@bartlitbeck.com
karma.giulianelli@bartlitbeck.com
joe.doman@bartlitbeck.com
samara.hoose@bartlitbeck.com
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140

Mark L. Levine (*pro hac vice*)
Robert B. Tannenbaum (*pro hac vice*)
Luke C. Beasley (*pro hac vice*)
mark.levine@bartlitbeck.com
robert.tannenbaum@bartlitbeck.com
luke.beasley@bartlitbeck.com
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440

Attorneys for Defendant
ALIGN TECHNOLOGY, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MISTY SNOW, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>        Defendant. | CASE NO. 3:21-CV-03269-VC<br><br>**DEFENDANT ALIGN TECHNOLOGY, INC.'S ANSWER TO FIFTH AMENDED CLASS ACTION COMPLAINT**<br><br>**REDACTED PURSUANT TO COURT ORDER (ECF NO. 387)**<br><br>**JURY TRIAL DEMANDED**<br><br>**Re: Dkt. No. 371** |

To the extent that the narrative statement in the unnumbered paragraphs on pages 1 to 3 (preceding the "Nature of the Case" subsection) of Plaintiffs' Fifth Amended Complaint ("5AC") constitute allegations to which Align must respond—rather than an explanation for why Plaintiffs were amending the complaint more than two years after the case had been filed—Align either denies the allegations; states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations; or, where an allegation relies upon or cited a document, denies the allegation to the extent the allegation is inconsistent with the document or documents cited.  In addition, to the extent a response is required to the legal conclusions are littered throughout this narrative statement, Align either denies them or states that it lacks information or knowledge sufficient to form a belief as to the truth of those statements.

## I.      NATURE OF THE CASE

1.      Answering Paragraph 1 of the 5AC, Align admits that clear plastic aligners are prescribed by licensed medical professionals to realign teeth and have certain advantages and conveniences relative to traditional teeth alignment devices, including being visually inconspicuous. Align further answers that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph, and therefore denies them.

2.      Answering Paragraph 2 of the 5AC, Align admits that it sells products branded as Invisalign® and that it sells such products to, *inter alia*, dentists.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 2 of the 5AC.

3.      Answering Paragraph 3 of the 5AC, Align admits that it has intellectual property and that it has filed litigation to protect that intellectual property, including litigation for patent infringement.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 3 of the 5AC.

4.      Answering Paragraph 4 of the 5AC, Align admits that some of its patents expired in

ANSWER TO FIFTH AMENDED
                                                     CLASS ACTION COMPLAINT

2017.  No response is required to the quotation included therein.  To the extent a response is required to the quotation, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  Align denies the remaining allegations in Paragraph 4 of the 5AC.

5.      Answering Paragraph 5 of the 5AC, no response is required to the quotation included therein.  To the extent a response is so required, Align admits that the quoted language appears in an article dated April 25, 2017 and published on Forbes.com, but denies that the quoted language had any emphasis as included in the 5AC.  Align further admits that it has obtained patents relating to Invisalign® at various points in time.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 5 of the 5AC.

6.      Answering Paragraph 6 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

7.      Answering Paragraph 7 of the 5AC, Align denies each and every allegation contained therein.

8.      Answering Paragraph 8 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

9.      Answering Paragraph 9 of the 5AC, Align admits that it sells intraoral scanners under the name iTero®.  No response is required to the quotation included therein.  To the extent a response is required to the quotation, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  Align denies the remaining allegations in Paragraph 9 of the 5AC.

10.     Answering Paragraph 10 of the 5AC, Align denies each and every allegation

ANSWER TO FIFTH AMENDED
                                                                                            CLASS ACTION COMPLAINT

contained therein.

11.      Answering Paragraph 11 of the 5AC, Align denies each and every allegation contained therein.  No response is required to the quotation included therein.  To the extent a response is required to the quotation, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

12.      Answering Paragraph 12 of the 5AC, Align admits that it had an agreement with 3Shape, which Align terminated consistent with the protection and enforcement of Align's patent rights.  Align also admits that it has reached agreements with certain dental service organizations and has offered a program called "Fusion." Except as expressly admitted, Align denies the remaining allegations in Paragraph 12 of the 5AC.

13.      Answering Paragraph 13 of the 5AC, Align admits that it had an agreement with 3Shape, which Align terminated consistent with the protection and enforcement of Align's patent rights.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 13 of the 5AC

14.      Answering Paragraph 14 of the 5AC, Align denies each and every allegation contained therein.

15.      Answering Paragraph 15 of the 5AC, Align admits that in July 2016 it entered into a Strategic Supply Agreement with SmileCareClub, LLC d/b/a SmileDirectClub (the "Supply Agreement"), and the Second Amended and Restated Operating Agreement of SmileDirectClub, LLC (the "Operating Agreement"), and Align avers that the terms of the Supply Agreement and Operating Agreement speak for themselves.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 15 of the 5AC

16.      Answering Paragraph 16 of the 5AC, Align admits that in 2015 it filed a lawsuit against SmileCareClub LLC, Camelot SI, LLC d/b/a Sharperimage.com, and Brookstone, Inc. for

       ANSWER TO FIFTH AMENDED
CLASS ACTION COMPLAINT

patent infringement, false advertising, and unfair competition, and that it alleged therein that SmileCareClub, LLC infringed 14 patents that covered a wide range of Align's processes, including those related to orthodontic treatment planning for aligner therapy and the manufacture of aligners. Align further admits that in July 2016 it entered into the Supply Agreement and the Operating Agreement with SDC to settle the lawsuit,[1] copies of which appear to be attached as Exhibit "A" and "B," respectively, to the 5AC.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 16 of the 5AC.

17.     Answering Paragraph 17 of the 5AC, Align admits that in July 2016 it entered into the Operating Agreement with SDC, and avers that the terms of the Operating Agreement speak for themselves.  Align denies the allegations of Paragraph 17 to the extent they do not accurately describe the Operating Agreement, and, except as expressly admitted, Align denies the remaining allegations in Paragraph 17 of the 5AC.

18.     Answering Paragraph 18 of the 5AC, Align admits that in July 2016 it entered into the Supply Agreement with SDC, pursuant to which Align would supply certain aligners to SDC and SDC retained the right to additionally manufacture its own aligners and sell them to doctors.  Align avers that the terms of the Supply Agreement speak for themselves, and denies the allegations of Paragraph 18 to the extent they do not accurately describe the Supply Agreement.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 18 of the 5AC.

19.     Answering Paragraph 19 of the 5AC, Align admits that it opened twelve (12) Invisalign stores between November 2017 and 2018, to help consumers connect with an Invisalign-certified doctor to improve their smile with Invisalign® treatment.  Align also admits that SDC commenced an arbitration against Align on April 2, 2018, and asserted that Align had breached the

---

[1] As used herein, "SDC" means and refers to SmileDirectClub, Inc. and all of its predecessor entities.

ANSWER TO FIFTH AMENDED
                                                       CLASS ACTION COMPLAINT

Operating Agreement, and that on March 4, 2019 the presiding arbitrator issued a Final Award that ordered Align to close its Invisalign stores by April 3, 2019, enjoined Align from opening new Invisalign stores for a certain period of time, and ordered Align to tender its membership interests in SDC Financial, LLC back to SDC for a purchase price equal to Align's capital account balance in SDC as of October 31, 2017.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 19 of the 5AC.

20.     Answering Paragraph 20 of the 5AC, no response is required to the quotation included therein.  To the extent a response is required, Align denies each and every allegation contained therein, and avers that the press release issued by SDC on January 14, 2020, is false and misleading.  Unless expressly admitted, Align denies the remaining allegations in Paragraph 20 of the 5AC.

21.     Answering Paragraph 21 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore denies them.

22.     Answering Paragraph 22 of the 5AC, Align admits that on its website, www.invisalign.com, there is a webpage entitled, "Ways to Pay for Invisalign® Treatment," the web address for which is https://www.invisalign.com/invisalign-cost/how-to-pay-for-invisalign.   Align avers that the webpage, https://www.invisalign.com/invisalign-cost/how-to-pay-for-invisalign, speaks for itself, and denies the allegations of Paragraph 22 to the extent they do not accurately describe that webpage.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 22 of the 5AC.

23.     Answering Paragraph 23 of the 5AC, no response is required to the quotation included therein.  To the extent a response is so required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, and therefore

ANSWER TO FIFTH AMENDED
                                                       CLASS ACTION COMPLAINT

denies them.  Align denies the remaining allegations in Paragraph 23 of the 5AC.

24.     Answering Paragraph 24 of the 5AC, Align denies each and every allegation contained therein

## II.      JURISDICTION AND VENUE

25.     Answering Paragraph 25 of the 5AC, Align does not contest subject matter jurisdiction at this time.  As regards the claims asserted in the 5AC and relief sought therein, no response is required as the 5AC speaks for itself.  To the extent a response is required, Align admits that the 5AC purports to assert claims under Section 2 of the Sherman Antitrust Act, 15 U.S.C. §2, seeking treble damages pursuant to Section 4 of the Clayton Antitrust Act, 15 U.S.C. § 15, and injunctive relief pursuant to Section 16 of the Clayton Antitrust Act, 15 U.S.C. § 26.

26.     Answering Paragraph 26 of the 5AC, Align does not contest subject matter jurisdiction at this time, but does not concede that Plaintiffs have Article III standing.  As regards the claims asserted in the 5AC and relief sought therein, no response is required as the 5AC speaks for itself.

27.     Answering Paragraph 27 of the 5AC, Align does not contest venue at this time. Align admits that it transacts business in this judicial district and that it has a place of business located in this judicial district.  Except as expressly admitted, Align denies the remaining allegations contained in this paragraph.

28.     Answering Paragraph 28 of the 5AC, Align does not contest personal jurisdiction at this time.  Align admits that it has a place of business located in this judicial district and that it transacts business in this judicial district.  Except as expressly admitted, Align denies the remaining allegations contained in this paragraph.

ANSWER TO FIFTH AMENDED
                                                           CLASS ACTION COMPLAINT

### III.    PARTIES

**A.    Plaintiffs**

**1.        Arizona – Celeste Hamilton**

29.    Answering Paragraph 29 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

**2.        California – Jaime Gooch and Tracy Mount**

30.    Answering Paragraph 30 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

31.    Answering Paragraph 31 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

**3.        Florida – Darlena Strong**

32.    Answering Paragraph 32 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

**4.        Maryland – Katie Campbell**

33.    Answering Paragraph 33 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

**5.        Massachusetts – Jennifer Ezzio**

34.    Answering Paragraph 34 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore

ANSWER TO FIFTH AMENDED
                                                          CLASS ACTION COMPLAINT

denies them

### 6.      Michigan – Angela Carnaghi

35.      Answering Paragraph 35 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

### 7.      Minnesota – Adelaide Liedl and Elisabeth Skibba

36.      Answering Paragraph 36 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

37.      Answering Paragraph 37 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them

### 8.      Nebraska – Justin Hansen

38.      Answering Paragraph 38 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

### 10.      Nevada – Cecelia Garay[2]

39.      Answering Paragraph 39 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them

### 11.      North Carolina – Stephanie Rickenbaker

40.      Answering Paragraph 40 of the 5AC, Align lacks knowledge or information

---

[2] The 5AC skips from number 8 (Nebraska – Justin Hansen) to number 10 (Nevada – Cecelia Garay), so Align's answer, accordingly, does so, too.

ANSWER TO FIFTH AMENDED
                                                 CLASS ACTION COMPLAINT

sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them

### 12.        Oregon – Misty Snow

41.        Answering Paragraph 41 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them

### 13.        Federal Sherman Act Injunctive Relief Purchase – Emily Vo

42.        Answering Paragraph 42 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

43.        Answering Paragraph 43 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

### 14.        SmileDirectClub Purchasers

44.        Answering Paragraph 44 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

45.        Answering Paragraph 45 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them

46.        Answering Paragraph 46 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

47.        Answering Paragraph 47 of the 5AC, Align lacks knowledge or information

ANSWER TO FIFTH AMENDED
CLASS ACTION COMPLAINT

sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

48.     Answering Paragraph 48 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

49.     Answering Paragraph 49 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

**B.     Defendant**

50.     Answering Paragraph 50 of the 5AC, Align admits that it is a Delaware corporation. Align also admits that it has corporate offices in the Northern District of California, in San Jose, California.  Align also admits that there are persons in the Northern District of California who have prescribed Invisalign®.  Align also admits that there are persons in the Northern District of California who have participated in training sessions offered by Align.  Align also admits that there are persons in the Northern District of California who have purchased iTero scanners from Align. Align also admits that there are persons in the Northern District of California who have purchased Invisalign® from Align.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 50 of the 5AC.

**C.     Agents & Co-Conspirators**

51.     Answering Paragraph 51 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

ANSWER TO FIFTH AMENDED
CLASS ACTION COMPLAINT

## IV.    FACTS

### A.    Align's profits largely derive from its domination of the aligner market[3]

52.    Answering Paragraph 52 of the 5AC, Align admits that the financial information it has reported in public filings with the SEC is accurate.  Except as expressly admitted, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

53.    Answering Paragraph 53 of the 5AC, Align admits that it sells intraoral scanners under the name iTero®.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 53 and footnote 7 of the 5AC.

54.    Answering Paragraph 54 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

55.    Answering Paragraph 55 of the 5AC, Align admits that it sells intraoral scanners under the name iTero®.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 55 of the 5AC and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 8 and therefore denies them.

56.    Answering Paragraph 56 of the 5AC, Align admits that it sells intraoral scanners under the name iTero®.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 56 of the 5AC.

57.    Answering Paragraph 57 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

---

[3] Although not a numbered paragraph, inasmuch this statement contains allegations which require a response, Align denies the allegations.

Case No. 3:21-cv-03269-VC                                ANSWER TO FIFTH AMENDED
                                                         CLASS ACTION COMPLAINT

58.     Answering Paragraph 58 of the 5AC, Align denies each and every allegation contained therein.

59.     Answering Paragraph 59 of the 5AC, no response is required to the quotation included therein.  To the extent a response is required, Align denies that and the remaining allegations of Paragraph 59.

60.     Answering Paragraph 60 of the 5AC, no response is required to the quotations included therein.  To the extent a response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  Align denies the remaining allegations of Paragraph 60.

61.     Answering Paragraph 61 of the 5AC, Align admits that it sells intraoral scanners under the name iTero®.  No response is required to the quotation included in Paragraph 61.  To the extent a response is required to the quotation, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  Align denies the remaining allegations in Paragraph 61 of the 5AC.

62.     Answering Paragraph 62 of the 5AC, Align admits that the financial information it has reported in public filings with the SEC is accurate.  Except as expressly admitted, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them

63.     Answering Paragraph 63 of the 5AC, Align admits that it sells intraoral scanners under the name iTero® and that it had an agreement with 3Shape, which Align terminated consistent with the protection and enforcement of Align's patent rights.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 63 of the 5AC

64.     Answering Paragraph 64 of the 5AC, Align denies each and every allegation contained therein.

**B.    The expiration of Align's intellectual property exposed it to competition[4]**

65.    Answering Paragraph 65 of the 5AC, Align admits that it has held or currently holds hundreds of patents and that it has lawfully and reasonably enforced its patents.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 65 of the 5AC.

66.    Answering Paragraph 66 of the 5AC, Align admits that it sells intraoral scanners under the name iTero®, denies the last allegation of Paragraph 66, and lacks knowledge or information sufficient to form a belief as to the truth of the other allegations contained in this paragraph and therefore denies them.

67.    Answering Paragraph 67 of the 5AC, Align admits that some of its patents expired in 2017.  No response is required to the quotations included therein.  To the extent a response is required to the quotations, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.  Align denies the remaining allegations in Paragraph 67 of the 5AC.

**C.    Align implemented a closed system of scanners and aligners that would protect its monopolies in the respective markets[5]**

68.    Answering Paragraph 68 of the 5AC, Align denies each and every allegation contained therein.

69.    Answering Paragraph 69 of the 5AC, Align denies each and every allegation contained therein including in footnote 10.

70.    Answering Paragraph 70 of the 5AC, Align admits that it had an agreement with

[4] Although not a numbered paragraph, inasmuch this statement requires a response, Align either denies the allegation or states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation.

[5] Although not a numbered paragraph, inasmuch this statement requires a response, Align either denies the allegation or states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation. The legal conclusion stated here requires no response.

ANSWER TO FIFTH AMENDED
                                                    CLASS ACTION COMPLAINT

3Shape, which Align terminated consistent with the protection and enforcement of Align's patent rights. Except as expressly admitted, Align denies the remaining allegations in Paragraph 70 of the 5AC.

71.     Answering Paragraph 71 of the 5AC, Align denies each and every allegation contained therein.

72.     Answering Paragraph 72 of the 5AC, Align admits that Primescan has not been qualified for Invisalign case submissions. Except as expressly admitted, Align lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72 of the 5AC, and therefore denies them.

73.     Answering Paragraph 73 of the 5AC, no response is required, as this paragraph states legal conclusions. To the extent a response is required, Align admits that it has entered into agreements relating to the 3M True Definition digital intraoral scanner and the Dentsply Sirona CEREC Omnicam digital intraoral scanner. Except as expressly admitted, Align denies the remaining allegations in Paragraph 73 of the 5AC and lacks knowledge or information sufficient to form a belief as to the truth of the allegations in footnote 12 and therefore denies them.

74.     Answering Paragraph 74 of the 5AC, no response is required, as this paragraph states legal conclusions. To the extent a response is required, Align denies each and every allegation contained in Paragraph 74 of the 5AC and lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

75.     Answering Paragraph 75 of the 5AC, no response is required to the quotations included therein. To the extent a response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them. Align also lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 75 of the 5AC, including in footnotes 13 and 14, and therefore

ANSWER TO FIFTH AMENDED
                                                          CLASS ACTION COMPLAINT

denies them.

76.     Answering Paragraph 76 of the 5AC, Align lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in this paragraph, including in

footnote 15, and therefore denies them.

77.     Answering Paragraph 77 of the 5AC, no response is required to the legal conclusions

and quotation therein.  To the extent a response is required, Align denies each and every allegation

contained in Paragraph 77 and footnote 16 of the 5AC.

78.     Answering Paragraph 78 of the 5AC, Align denies each and every allegation

contained therein.

**D.     Align terminated its interoperability agreement with 3Shape, sacrificing short-term profits in order to gain long term profits from anticompetitive effects of its refusal to deal.[6]**

79.     Answering Paragraph 79 of the 5AC, Align lacks knowledge or information

sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore

denies them.

80.     Answering Paragraph 80 of the 5AC, no response is required for the legal conclusion

stated therein or the quotation included therein.  To the extent a response is required, Align admits

that the paragraph purports to quote excerpts of a statement by a then Align executive, and denies

the remaining allegations contained in this paragraph.

81.     Answering Paragraph 81 of the 5AC, Align admits that it entered into an agreement

with 3Shape in December 2015.  Except as expressly admitted, Align denies the remaining

allegations in Paragraph 81 of the 5AC, including because with respect to some of the remaining

---

[6] Although not a numbered paragraph, inasmuch this statement contains allegations which require a response, Align admits that it had an agreement with 3Shape, which Align terminated consistent with the protection and enforcement of Align's patent rights, and denies each and every remaining allegation contained therein

ANSWER TO FIFTH AMENDED
                                                        CLASS ACTION COMPLAINT

allegations in this paragraph, (*e.g.*, the allegation "[a]ccording to 3Shape . . ."), Align lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

82.    Answering Paragraph 82 of the 5AC, Align either denies or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

83.    Answering Paragraph 83 of the 5AC, Align either denies or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

84.    Answering Paragraph 84 of the 5AC, Align either denies or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

85.    Answering Paragraph 85 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them

86.    Answering Paragraph 86 of the 5AC, Align admits that in December 2017 it announced that it would discontinue acceptance of digital scan submissions from 3Shape Trios scanners in the United States as of January 2018.  Align denies the remaining allegations of this paragraph.

87.    Answering Paragraph 87 of the 5AC, Align admits that it extended the termination date to January 31, 2018.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 87 of the 5AC.

88.    Answering Paragraph 88 of the 5AC, no response is required to the legal conclusions therein, but to the extent a response is required, Align denied the allegations therein.  Further, Align either denies or lacks knowledge or information sufficient to form a belief as to the allegations

ANSWER TO FIFTH AMENDED
                                                                          CLASS ACTION COMPLAINT

attributed to 3Shape, and lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in this paragraph and therefore denies them.

89.     Answering Paragraph 89 of the 5AC, Align admits that it continued accepting scans from qualified Trios scanners in certain jurisdictions outside of the United States.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 89 of the 5AC.

90.     Answering Paragraph 90 of the 5AC, Align admits that it stopped accepting scans from 3Shape Trios scanners for new Invisalign cases in the United States and has continued accepting scans from approved Trios scanners in certain jurisdictions outside of the United States, where patents and patent laws are different.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 90 of the 5AC.

91.     Answering Paragraph 91 of the 5AC, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

92.     Answering Paragraph 92 of the 5AC, Align denies the allegations contained in this paragraph.  Align further answers that it validly and lawfully terminated its agreement with 3Shape.

**E.     Align signed exclusive dealing contracts with dental service organizations to entrench its monopoly power.[7]**

93.     Answering Paragraph 93 of the 5AC, Align admits that it entered into contracts with Heartland Dental and Aspen Dental in 2018, the latter of which announced an agreement with 3Shape on January 12, 2021 relating to nearly 900 Aspen Dental locations nationwide.  (*See* https://www.3shape.com/en/press/2021/aspen-dental-management-partners-with-3shape.) Except as expressly admitted, Align denies the remaining allegations in Paragraph 93 of the 5AC,

---

[7] Although not a numbered paragraph, inasmuch as this statement contains allegations which require a response, Align denies each and every allegation contained therein.

including because Align lacks knowledge or information sufficient to form a belief as to the truth of those allegations.

94.     Answering Paragraph 94 of the 5AC, Align admits that it has offered a program called "Fusion."  Except as expressly admitted, Align denies the remaining allegations in Paragraph 94 of the 5AC.

95.     Answering Paragraph 95 of the 5AC, Align admits that it announced on July 25, 2018 a continued rollout of iTero scanners across Heartland Dental's installed base.  Paragraph 95 further contains a partial quotation from an unidentified source to which no response is required. To the extent a response is required thereto, Align lacks knowledge or information sufficient to form a belief as to the truth of those allegations.  Align denies the remaining allegations in Paragraph 95 of the 5AC.

96.     Answering Paragraph 96 of the 5AC, Align admits that on July 25, 2018, it announced that DSO Aspen Dental—which itself announced on January 12, 2021 an agreement with 3Shape involving the distribution and implementation of the full 3Shape TRIOS suite to Aspen Dental Practices—would begin to roll out iTero scanners to their customer base.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 96 of the 5AC.

97.     Answering Paragraph 97 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

98.     Answering Paragraph 98 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

99.     Answering Paragraph 99 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore

denies them.

100.     Answering Paragraph 100 of the 5AC, no response is required to the legal conclusions contained therein.  To the extent a response is required, Align admits that the financial information it has reported in public filings with the SEC is accurate and, except as expressly admitted, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

101.     Answering Paragraph 101 of the 5AC, no response is required to the quotations included therein.  To the extent a response is required, Align admits that its CEO is Joseph Hogan, and that Mr. Hogan was Align's CEO in 2021.  Align further admits that it hosted an earnings call to discuss the results of Q1 2021, and that Mr. Hogan spoke during that call.  Align denies the allegations of Paragraph 101 to the extent they do not accurately describe the Q1 2021 earnings call hosted by Align, misquote the persons who spoke during that call, or add emphasis in quotations that was not made by the speaker during the call.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 101 of the 5AC.

102.     Answering Paragraph 102 of the 5AC, no response is required to the quotations included therein.  To the extent a response is required, Align admits that its CFO is John Morici, and that John Morici was Align's CFO in June 2021. Align further admits that it hosted an earnings call to discuss the results of Q1 2021, and that Mr. Morici spoke during that call.   Align denies the allegations of Paragraph 102 to the extent they misquote the persons who spoke during that call. Except as expressly admitted, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

ANSWER TO FIFTH AMENDED
                                                                                    CLASS ACTION COMPLAINT

**F.     Align's "Fusion Program" tied together iTero links, iTero prices and Invisalign sales.[8]**

103.     Answering Paragraph 103 of the 5AC, Align admits that it had patents which expired in 2017 and that it launched a program called "Fusion" in June 2017.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 103 of the 5AC.

104.     Answering Paragraph 104 of the 5AC, Align denies each and every allegation contained therein.

105.     Answering Paragraph 105 of the 5AC, Align denies each and every allegation contained therein.

106.     Answering Paragraph 106 of the 5AC, Paragraph 106 contains a purported quotation attributed to a third party, to which no response is required.  To the extent a response is required thereto, Align denies the allegations in Paragraph 106 of the 5AC.

107.      Answering Paragraph 107 of the 5AC, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

**G.     At the same time it was monopolizing the scanner market, Align entered into a set of anticompetitive agreements with SmileDirectClub that allocated the direct-to-consumer submarket (to SDC) and dentist-directed submarket (to Align).[9]**

108.     Answering Paragraph 108 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

109.     Answering Paragraph 109 of the 5AC, no response is required to the quotations

---

[8] Although not a numbered paragraph, inasmuch as this statement contains allegations which require a response, Align denies each and every allegation contained therein.

[9] Although not a numbered paragraph, inasmuch as this statement contains allegations which require a response, Align denies each and every allegation contained therein.

Case No. 3:21-cv-03269-VC

ANSWER TO FIFTH AMENDED
CLASS ACTION COMPLAINT

included therein.  To the extent a response is so required, Align admits that its CEO is Joe Hogan and that Joe Hogan was Align's CEO in 2016.  Except as expressly admitted, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

110.    Answering Paragraph 110 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required thereto, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

111.    Answering Paragraph 111 of the 5AC, Align admits that in 2015 it filed a lawsuit against SmileCareClub LLC, Camelot SI, LLC d/b/a Sharperimage.com, and Brookstone, Inc. for patent infringement, false advertising, and unfair competition, and that it alleged therein that SmileCareClub, LLC infringed 14 patents that covered a wide range of Align's processes, including those related to orthodontic treatment planning for aligner therapy and the manufacture of aligners. Align further admits that it has filed other litigation, including litigation for patent infringement. Align further admits that it published a press release on October 22, 2015 entitled, "Align Technology Files Patent Infringement and False Advertising Lawsuit Against SmileCareClub, Sharper Image, and Brookstone[,]" and that the quotation included in Paragraph 107 appears to come from that press release, wherein it is attributed to Roger E. George, Align Technology vice president and general counsel.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 111 of the 5AC.

112.    Answering Paragraph 112 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align admits that, as part of a settlement, in July 2016 it entered into the Supply Agreement with SDC, pursuant to which Align would supply certain aligners to SDC and SDC retained the right to additionally manufacture its

ANSWER TO FIFTH AMENDED
                                                CLASS ACTION COMPLAINT

own aligners and sell them to doctors, and also the Operating Agreement with SDC, pursuant to which Align purchased 17% of SDC's equity, obtained a seat on SDC's Board of Directors, and agreed to certain other ancillary restrictions that applied to all of SDC's equity holders.  Align further admits that on August 5, 2016 it filed a Stipulation to Dismiss All Claims and Counterclaims Without Prejudice in the patent litigation that it had filed against SDC in 2015, *Align Tech., Inc. v. SmileCareClub, LLC*, U.S.D.C. N.D. Cal. Case No. 5:15-cv-04864-BLF.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 112 of the 5AC.

113.     Answering Paragraph 113 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align admits that in July 2016 it entered into the Supply Agreement and Operating Agreement with SDC.  Align further admits that it in July 2016 it acquired 17% of the membership interests in SmileDirectClub, LLC for $46,745,035.38, and obtained a seat on the Board of Directors for SmileDirectClub, LLC.  Align further admits that the Operating Agreement it entered into with SDC in July 2016 contained certain ancillary restrictions on all SDC equity holders.  Align avers that the terms of the Supply Agreement and Operating Agreement, copies of which appear to be attached as Exhibit "A" and "B," respectively, speak for themselves, and denies the allegations of Paragraph 113 to the extent they do not accurately describe the Supply Agreement and/or the Operating Agreement.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 113 of the 5AC.

114.     Answering Paragraph 114 of the 5AC, Align admits that in July 2016 it entered into the Operating Agreement with SmileDirectClub, LLC, pursuant to which Align purchased 17% of SDC's equity.  No response is required to the quotations included in Paragraph 114.  To the extent a response is required, Align avers that the Operating Agreement, a copy of which appears to be attached as Exhibit "B" to the 5AC, speaks for itself, and denies the allegations of Paragraph 114 to the extent they do not accurately describe or misquote the Operating Agreement.  Except as

ANSWER TO FIFTH AMENDED
                                                                                CLASS ACTION COMPLAINT

expressly admitted, Align denies the remaining allegations in Paragraph 114 of the 5AC.

115.    Answering Paragraph 115 of the 5AC, no response is required to the legal conclusion stated therein.  To the extent a response is required, Align avers that the Operating Agreement, a copy of which appears to be attached as Exhibit "B" to the 5AC, speaks for itself, and denies the allegations of Paragraph 115 to the extent they do not accurately describe the Operating Agreement. Except as expressly admitted, Align denies the remaining allegations in Paragraph 115 of the 5AC. Align further responds that any restrictions contained in the Operating Agreement are ancillary to the procompetitive purpose of Align and SDC's overall transaction as embodied in the Operating Agreement, Supply Agreement, and related contemporaneously executed agreements.

116.    Answering Paragraph 116 of the 5AC, Align admits that it entered into both the Supply Agreement and the Operating Agreement in July 2016.  No response is required to the legal conclusion stated therein.  To the extent a response is required, Align avers that the Supply Agreement, a copy of which appears to be attached as Exhibit "A" to the 5AC, speaks for itself, and denies the allegations of Paragraph 116 to the extent they do not accurately describe the Supply Agreement.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 116 of the 5AC.

117.    Answering Paragraph 117 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align avers that the Supply Agreement, a copy of which appears to be attached as Exhibit "A" to the 5AC, speaks for itself, and denies the allegations of Paragraph 117 to the extent they do not accurately describe the Supply Agreement.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 117 of the 5AC.

118.    Answering Paragraph 118 of the 5AC, no response is required to the legal conclusion stated therein and the quotation included therein.  To the extent a response is required, Align avers

ANSWER TO FIFTH AMENDED
CLASS ACTION COMPLAINT

that the Supply Agreement, a copy of which appears to be attached as Exhibit "A" to the 5AC, speaks for itself, and denies the allegations of Paragraph 118 to the extent they do not accurately describe or misquote the Supply Agreement.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 118 of the 5AC.

119.    Answering Paragraph 119 of the 5AC, no response is required to the legal conclusions stated therein and the quotations included therein.  To the extent a response is required, Align avers that the Supply Agreement, a copy of which appears to be attached as Exhibit "A" to the 5AC, speaks for itself, and denies the allegations of Paragraph 119 to the extent they do not accurately describe or misquote the Supply Agreement.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 119 of the 5AC.

120.    Answering Paragraph 120 of the 5AC, no response is required to the quotations included therein.  To the extent a response is required, Align avers that the Supply Agreement, a copy of which appears to be attached as Exhibit "A" to the 5AC, speaks for itself, and denies the allegations of Paragraph 120 to the extent they do not accurately describe or misquote the Supply Agreement.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 120 of the 5AC.

121.    Answering Paragraph 121 of the 5AC, no response is required to the quotations included therein.  To the extent a response is required, Align avers that the Supply Agreement, a copy of which appears to be attached as Exhibit "A" to the 5AC, speaks for itself, and denies the allegations of Paragraph 121 to the extent they do not accurately describe or misquote the Supply Agreement.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 121 of the 5AC.

122.    Answering Paragraph 122 of the 5AC, Align admits that on July 28, 2016, it announced second quarter 2016 financial results and hosted a conference call to review its second

ANSWER TO FIFTH AMENDED
                                                       CLASS ACTION COMPLAINT

quarter 2016 results, discuss future operating trends and the business outlook.  Align further admits that the financial information it has reported in public filings with the SEC and disclosed in quarterly earnings announcements is accurate.  Except as expressly admitted, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

123.     Answering Paragraph 123 of the 5AC, no response is required to the quotations included therein.  To the extent a response is required, Align admits that on July 28, 2016, it announced second quarter 2016 results and hosted a conference call to review its second quarter 2016 results, discuss future operating trends and the business outlook.  Align further admits that its CEO is Joe Hogan, and that Mr. Hogan spoke during the July 28, 2016 conference call.  Align further admits that the financial information it has reported in public filings with the SEC and disclosed in quarterly earnings announcements is accurate.  Align avers that the transcript for that Q2 2016 Earnings Call speaks for itself, and denies the allegations of Paragraph 123 to the extent they do not accurately describe or misquote the Q2 2016 Earnings Call. Except as expressly admitted, Align denies the remaining allegations in Paragraph 123 of the 5AC.

124.     Answering Paragraph 124 of the 5AC, no response is required to the legal conclusions therein.  To the extent a response is required, Align denies each and every allegation contained in Paragraph 124 of the 5AC.

125.     Answering Paragraph 125 of the 5AC, no response is required to the legal conclusions therein.  To the extent a response is required, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

126.     Answering Paragraph 126 of the 5AC, no response is required to the legal conclusion or the quotations included therein.  To the extent a response is required, Align avers that the Supply

Agreement, a copy of which appears to be attached as Exhibit "A" to the 5AC, speaks for itself, and denies the allegations of Paragraph 126 to the extent they do not accurately describe or misquote the Supply Agreement.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 126 of the 5AC.

127.     Answering Paragraph 127 of the 5AC, no response is required to the quotations included therein.  To the extent a response is required, Align avers that the Supply Agreement, a copy of which appears to be attached as Exhibit "A" to the 5AC, speaks for itself, and denies the allegations of Paragraph 127 to the extent they do not accurately describe or misquote the Supply Agreement.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 127 of the 5AC.

128.     Answering Paragraph 128 of the 5AC, no response is required to the quotations included therein.  To the extent a response is required, Align avers that the Supply Agreement, a copy of which appears to be attached as Exhibit "A" to the 5AC, speaks for itself, and denies the allegations of Paragraph 128 to the extent they do not accurately describe or misquote the Supply Agreement.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 128 of the 5AC.

129.     Answering Paragraph 129 of the 5AC, no response is required to the legal conclusion or the quotations included therein.  To the extent a response is required, Align avers that the Supply Agreement, a copy of which appears to be attached as Exhibit "A" to the 5AC, speaks for itself, and denies the allegations of Paragraph 129 to the extent they do not accurately describe or misquote the Supply Agreement.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 129 of the 5AC.

130.     Answering Paragraph 130 of the 5AC, Align admits that it had offices in California in 2016.  No response is required to the quotation included in Paragraph 130 of the 5AC.  To the

ANSWER TO FIFTH AMENDED
                                                                          CLASS ACTION COMPLAINT

extent a response is required, Align avers that the Supply Agreement, a copy of which appears to be attached as Exhibit "A" to the 5AC, speaks for itself, and denies the allegations of Paragraph 130 to the extent they do not accurately describe or misquote the Supply Agreement.  Except as expressly admitted, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

131.    Answering Paragraph 131 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

132.    Answering Paragraph 132 of the 5AC, no response is required to the quotations included therein.  To the extent a response is required, Align admits that Joseph Hogan was its CEO in November 2016.  Except as expressly admitted, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

133.    Answering Paragraph 133 of the 5AC, no response is required to the quotation included therein.  To the extent a response is required Align admits that in July 2016 it entered into the Supply Agreement and Operating Agreement with SDC. Except as expressly admitted, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

134.    Answering Paragraph 134 of the 5AC, no response is required to allegations that refer to the knowledge, conduct, opinions, or actions of persons or entities other than Align.  To the extent a response is required, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.  Furthermore, no response is required to the legal conclusions contained in Paragraph

ANSWER TO FIFTH AMENDED
                                                        CLASS ACTION COMPLAINT

134 of the 5AC.  To the extent a response is required, Align denies each and every allegation contained in Paragraph 134 of the 5AC.

135.    Answering Paragraph 135 of the 5AC, Align admits that in 2015 it filed a lawsuit against SmileCareClub LLC, Camelot SI, LLC d/b/a Sharperimage.com, and Brookstone, Inc. for patent infringement, false advertising, and unfair competition.  Align further admits that in July 2016 it entered into the Supply Agreement and Operating Agreement with SDC, and that it acquired 17% of the membership interests in SmileDirectClub, LLC for $46,745,035.38.  No response is required to the quotation included in Paragraph 135 of the 5AC.  To the extent a response is required, Align admits that it published a press release on October 22, 2015 entitled, "Align Technology Files Patent Infringement and False Advertising Lawsuit Against SmileCareClub, Sharper Image, and Brookstone[,]" and that the quotation included in Paragraph 135 appears to be an excerpt of a larger quotation from that press release, attributed therein to Mr. Roger George.  Align denies the allegations of Paragraph 135 to the extent they do not accurately describe or misquote Align's October 22, 2015 press release.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 135 of the 5AC.

136.    Answering Paragraph 136 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

137.    Answering Paragraph 137 of the 5AC, Align admits that it in November 2017 it opened two pilot Invisalign stores in California, called Invisalign Scan Shops.  Consumers were unable to purchase Invisalign at these stores.  Align further admits that in February 2018 it received a communication on behalf of SDC Financial, LLC, SmileDirectClub, LLC, and the members of SDC Financial LLC other than Align alleging that Align's launch of the Invisalign store pilot

ANSWER TO FIFTH AMENDED
                                                                                       CLASS ACTION COMPLAINT

program constituted a breach of ancillary restrictive covenants applicable to all members of SDC Financial, LLC through its Operating Agreement, and that based thereon SDC Financial, LLC sought to exercise a right to repurchase Align's membership interests in SDC.  Align disputed that it breached any obligations owed to SDC.  Align further admits that SDC initiated an arbitration against Align on April 2, 2018, and asserted that Align's Scan Shops were a Competing Business, as that term is defined in the Operating Agreement, and thus that their operation violated the Operating Agreement, and also that Align had breached statutory fiduciary duties owed to SDC by improperly using SDC's confidential information in connection with those Scan Shops. Except as expressly admitted, Align denies the remaining allegations in Paragraph 137 of the 5AC.

138.     Answering Paragraph 138 of the 5AC, Align admits that on March 4, 2019 the presiding arbitrator issued a Final Award that ordered Align to close its Invisalign stores by April 3, 2019, enjoined Align from opening new Invisalign stores until after August 18, 2022, and ordered Align to tender its membership interests in SDC Financial, LLC back to SDC for a purchase price equal to Align's capital account balance in SDC as of October 31, 2017.  No response is required to the quotations included in Paragraph 138 of the 5AC.  To the extent a response is required, the quotations appear to arise from the press release that Align issued on March 5, 2019, entitled, "Arbitration Decision with SDC Entities Requires Align to Close Invisalign Stores," which Align avers speaks for itself.  Align admits that it publicly announced the results of the arbitration on March 5, 2019, and that the information it reported, including in the press release it issued on March 5, 2019 is accurate. Except as expressly admitted, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

139.     Answering Paragraph 139 of the 5AC, Align admits that the financial information it has reported in public filings with the SEC and disclosed in quarterly earnings announcements is

ANSWER TO FIFTH AMENDED
                                                                       CLASS ACTION COMPLAINT

accurate.  Except as expressly admitted, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

140.    Answering Paragraph 140 of the 5AC, no response is required to the legal conclusions or quotations included therein.  Nor is a response required to allegations that refer to the knowledge, conduct, opinions, or actions of persons or entities other than Align, including those allegations in footnote 26.  To the extent a response is required, Align admits that it has offices in Costa Rica, and that employees in Costa Rica assist with customer service and support, Invisalign digital treatment modeling and planning for dentists and orthodontists, finance, HR, and IT.  Align further admits, on information and belief, that SDC filed for an IPO in 2019 and has employees in Costa Rica.   Except as expressly admitted, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph, including footnote 26, and therefore denies them.

141.    Answering Paragraph 141 of the 5AC, no response is required to the quotations included therein or to the allegations that refer to the knowledge, conduct, opinions, or actions of persons or entities other than Align.  To the extent a response is required, Align admits that the financial information it has reported in public filings with the SEC is accurate, avers that such filings speak for themselves.  Align additionally avers that the terms of the Supply Agreement speak for themselves, and denies the allegations of Paragraph 141 to the extent they do not accurately describe the Supply Agreement.  Align further admits, on information and belief, that SDC issued a press release on January 14, 2020, and avers that that press release is false and misleading. Unless expressly admitted, Align denies the remaining allegations in Paragraph 141 of the 5AC.

142.    Answering Paragraph 142 of the 5AC, no response is required to the legal conclusion or to the quotations included therein, or to the allegations that refer to the knowledge, conduct,

ANSWER TO FIFTH AMENDED
                                                                                    CLASS ACTION COMPLAINT

opinions, or actions of persons or entities other than Align.  To the extent a response is required, Align admits, on information and belief, that SDC issued a press release on January 14, 2020, which includes a quotation attributed to Alex Fenkell, a co-founder of SDC, and that this quotation was widely reported and continues to remain available.  Align avers that the quotation attributed to Mr. Fenkell in SDC's January 14, 2020 press release is false and misleading, and that Align made numerous demands to SDC to retract the false and misleading press release.  Align avers further that SDC later removed its January 14, 2020 press release from its own website without the necessary comment or retraction required to halt confusion and misunderstandings that resulted therefrom. Align avers further that SDC failed to take reasonable steps to stop republication of its inaccurate press release or secure retraction of third-party repetition of false characterizations of the Supply Agreement attributed to Mr. Fenkell in SDC's inaccurate and unauthorized January 14, 2020 press release.

143.    Answering Paragraph 143 of the 5AC, Align denies each and every allegation contained therein.

144.    Answering Paragraph 144 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align admits that in July 2016 it entered into the Operating Agreement with SmileDirectClub, LLC, pursuant to which Align purchased 17% of SDC's equity and agreed to certain other ancillary restrictions that were narrowly tailored to protect each parties' respective interests.   Further, Align avers that the Operating Agreement, a copy of which appears to be attached as Exhibit "B" to the 5AC, speaks for itself, and denies the allegations of Paragraph 144 to the extent they do not accurately describe or misquote the Operating Agreement.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 144 of the 5AC.

ANSWER TO FIFTH AMENDED
                                         CLASS ACTION COMPLAINT

## H. Documents produced to date confirm that SDC and Align intended to – and did – allocate the market for direct-to-consumer aligners.[10]

145.     Answering paragraph 145 of the 5AC, no response is required to the various descriptions of generically identified pieces or categories of evidence, or to the quotations included therein. To the extent a response is so required, Align states (following the same order of bullet points in the 5AC)[11] that:

- Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this bullet point.

- Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this bullet point.

- Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this bullet point.

- Align admits that ClearCorrect at one time supplied SDC with clear aligners, and that ClearCorrect also sold clear aligners to doctors, as Align did and does. Except as expressly admitted herein, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this bullet point.

- Align lacks information sufficient to form a belief as to the truth of the allegations contained in this bullet point.

- Align denies this allegation to the extent it inaccurately characterizes ███████████

---

[10] Although not a numbered paragraph, inasmuch as this statement contains allegations which require a response, Align denies each and every allegation contained therein. Align further states that no response is required to the legal conclusion embedded in this statement.

[11] To the extent Plaintiffs' practice of using bullet points rather than discrete numbered paragraphs causes any confusion as to what statement in this Answer responds to what statement in the 5AC, that is a problem of Plaintiffs' own making.  Should Plaintiffs at any time argue that Align has failed to adequately respond to certain of the statements within these bullet points, Align requests that it be given an opportunity to amend its Answer to clarify any ambiguity.

ANSWER TO FIFTH AMENDED
                                                            CLASS ACTION COMPLAINT

███████████████████████████████████████. The final sentence of this bullet point is a legal conclusion to which no response is required.

- Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this bullet point.

- Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this bullet point.

- This paragraph cites documents, which speak for themselves; no response is required. To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited. Align further lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this bullet point.

- ████████████████████████████████████████████ ██████████████████████████, but otherwise either denies the remaining allegations in this bullet point or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this bullet point.

- Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this bullet point.

- This paragraph cites documents, which speak for themselves; no response is required. To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited. Align further denies the allegations in this bullet point to the extent they mischaracterize (by not clarifying the factual context in which the argument was made, among other things) a legal argument made by Align in a separate legal proceeding, and Align denies that it has ever argued in any form that its agreement with SDC constituted an illegal

ANSWER TO FIFTH AMENDED
                                                       CLASS ACTION COMPLAINT

market restraint.

146.     Answering Paragraph 146 of the 5AC, Align denies the allegation.

**1.      Align recognized SDC as a potential competitor as early as 2015 and discussed entering the DTC market before entering into negotiations with SDC.[12]**

147.     Answering Paragraph 147 of the 5AC, Align denies that it would have entered the DTC clear aligner distribution channel in 2016 or that it is or was an actual competitor to SDC in that distribution channel in 2016. Align further denies that any evidence or testimony contradicts statements that Align has previously made to the Court. To the extent not expressly addressed in the foregoing, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

148.     Answering Paragraph 148 of the 5AC, no response is required to this paragraph's recitation of a quotation and excerpt of a document. To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

149.     Answering Paragraph 149 of the 5AC, no response is required to this paragraph's recitation of a quotation from a document. To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

150.     Answering Paragraph 150 of the 5AC, no response is required to this paragraph's recitation of a quotation from prior testimony. To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the testimony cited.

---

[12] Although not a numbered paragraph, inasmuch as this statement contains allegations which require a response, Align denies each and every allegation contained therein.

151.     Answering Paragraph 151 of the 5AC, Align denies that the quoted statement "corroborates" any particular testimony or argument or legal conclusion being drawn in this section of the 5AC. Align otherwise states that no response is required to this paragraph's recitation of a quotation from a document.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

152.     Answering Paragraph 152 of the 5AC, Align denies that the quoted statement "corroborates" any particular testimony or argument or legal conclusion being drawn in this section of the 5AC. Align otherwise states that no response is required to this paragraph's recitation of prior testimony.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

### 2.     Negotiation of the Supply and Operating Agreements.

153.     Answering Paragraph 153 of the 5AC, Align denies the allegation to the extent it suggests there is some fixed beginning date for the Align and SDC negotiations in either March or April of 2016.  Align admits that the two companies began discussing a potential business arrangement in 2016.  Align denies or lacks knowledge or information sufficient to form a belief as to SDC's alleged motivations and desires around that potential business arrangement.  Align denies the allegation regarding whether the Operating Agreement was a "necessity for the Supply Agreement."

154.     Answering Paragraph 154 of the 5AC, Align denies that the quoted statement is an "example" of any of the assertions set forth in paragraph 153 of the 5AC, and otherwise states that no response is required to this paragraph's recitation of a quotation from a document.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited

ANSWER TO FIFTH AMENDED
                                                     CLASS ACTION COMPLAINT

155.     Answering Paragraph 155 of the 5AC, Align denies the first sentence in the paragraph and states that no response is required to the recitation of a quotation from a document in the second sentence of the paragraph.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

156.     Answering Paragraph 156 of the 5AC, ██████████████████████████████, but otherwise states that the many documents exchanged and correspondence between Align and SDC representatives speak for themselves.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited and Align further denies the allegations in this paragraph to the extent they are intended to suggest that Align and SDC did not collectively negotiate all aspects of their partnership but rather instead negotiated the deals entirely separately from one another.

157.     Answering Paragraph 157 of the 5AC, ██████████████████████████████.  The quotation of documents do not require a response.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.  As to whether those quotations and documents in fact show that SDC did not want or need an equity investment, Align either denies the allegation or lacks knowledge and information sufficient to form a belief as to the truth of that allegation.

158.     Answering Paragraph 158 of the 5AC, Align denies that the quoted testimony "confirms" any of the surrounding allegations or propositions, and states that the recitation of a quotation requires no response.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the testimony cited, and

further states that it lacks information or knowledge sufficient to form a belief as to the truth of the testimony.

159.    Answering Paragraph 159 of the 5AC, Align avers that the Supply Agreement negotiation history—the many draft, emails, and other communications exchanged between the parties—speak for themselves.  Align admits that at one point it did not agree to be bound by a particular version of the restrictive covenant, but that it subsequently agreed to be bound by a modified version of the same.  Except as expressly addressed herein, Align otherwise denies the allegations in this paragraph.

160.    Answering Paragraph 160 of the 5AC, Align denies the allegations in this paragraph to the extent they inaccurately characterize the negotiation history of the restrictive covenant, including by omitting certain details not reflected in the drafts and emails and by misunderstanding the sequence of events.  Align need not respond to the recitation of quotations from the documents themselves.

161.    Answering Paragraph 161 of the 5AC, Align denies the allegation to the extent it suggests there was a distinct "DTC aligner market," including such a market for purposes of antitrust law.  Align admits that the restrictive covenant in Section 7.9 placed certain limitations on Align's ability to sell and ship aligners directly to consumers, but otherwise avers that the contract speaks for itself.  Except as expressly addressed herein, Align otherwise denies the allegations in this paragraph.

162.    Answering Paragraph 162 of the 5AC, no response is required to the recitation of prior testimony, but to the extent a response is required states that Align denies the quoted testimony emphasizes any proposition for which Plaintiffs cite the testimony.  Also to the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

ANSWER TO FIFTH AMENDED
                                                                                                                                                    CLASS ACTION COMPLAINT

163.     Answering Paragraph 163 of the 5AC, Align denies the allegation to the extent it suggests there was a distinct "clear aligner market," including such a market for purposes of antitrust law, and denies the allegation to the extent it ignores that Align had long been engaged in litigation with ClearCorrect regarding ClearCorrect's infringement of Align's intellectual property, and denies the allegation to the extent it suggests Align had no other "serious" competitors in manufacturing and selling clear aligners. No response is otherwise required to the paragraph's recitation of quotations. To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

**3.     Almost immediately upon signing the Agreements, Align began discussing acquiring SDC or, alternatively, starting its own direct-to-consumer business.[13]**

164.     Answering Paragraph 164 of the 5AC, Align denies that the Agreements were signed on July 26, 2016, because they were executed on July 25, 2016.  Align admits that Align and SDC representatives had periodic discussions regarding a potential Align strategic transaction with SDC. Except as expressly admitted, Align denies the remaining allegations.

165.     Answering Paragraph 165 of the 5AC, Align denies that it "made the decision to compete with SDC" in 2017, to the extent the statement suggests that, while the two companies were not horizontal competitors, there was (prior to January 2017) no competition between doctors who sold Invisalign to their patients and SDC.  No response is required to the paragraph's recitation of a quotation from a previous legal ruling.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.  Except as expressly addressed herein, Align denies the remaining allegations.

---

[13] Although not a numbered paragraph, inasmuch as this statement contains allegations which require a response, Align admits that it evaluated the possibility of potential strategic transaction with SDC and modeled financial scenarios related to that, but otherwise denies each and every allegation contained therein.

ANSWER TO FIFTH AMENDED
                                                                                   CLASS ACTION COMPLAINT

166.     Answering Paragraph 166 of the 5AC, Align admits that Ms. Olson was named to that position, and admits that she wrote the email described; no response is required to the recitation of the email itself, or of Mr. Hogan's responsive email. To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

167.     Answering Paragraph 167 of the 5AC, Align states that it can neither admit or deny the first sentence given the lack of definition around the statement "the new 300 million patient segment of the market Align felt SDC was capturing."  Align admits that it attempted in 2017 and at all times to increase the number of consumers who seek and accept treatment with Invisalign through their dentist or orthodontist.  No response is required to the recitation and screengrab of a document.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

168.     Answering Paragraph 168 of the 5AC, no response is required to the recitation and screengrab of a document.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

169.     Answering Paragraph 169 of the 5AC, no response is required to the quotation of emails recapping a conversation.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

170.     Answering Paragraph 170 of the 5AC, Align admits that Align and SDC representatives ██████████████████████████████████████████████████ ███████████████████████████████████████. The remainder of the paragraph describes a document and includes an excerpt of a document, to which no response is

required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

171.    Answering Paragraph 171 of the 5AC, Align lacks information or knowledge sufficient to form a belief as to the truth of the allegation regarding ██████████████ because that phrase is ambiguous.  The remainder of the paragraph describes a document, to which no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

172.    Answering Paragraph 172 of the 5AC, ███████████████████████ ████████████████████████████████████████████████ ████████  Align admits that it performed some financial estimations as part of its consideration of a potential strategic transaction with SDC.  The remainder of the paragraph describes a document and includes an excerpt of a document, to which no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

173.    Answering Paragraph 173 of the 5AC, ███████████████████████ ████████████████████████████████████ The remainder of the paragraph describes a document and includes an excerpt of a document, to which no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

174.    Answering Paragraph 174 of the 5AC, this paragraph quotes from and paraphrases and otherwise describes two documents, to which no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are

ANSWER TO FIFTH AMENDED
                                                                           CLASS ACTION COMPLAINT

inconsistent with the document or documents cited.  Align also denies the suggested chronology of events with the word "subsequently."

175.     Answering Paragraph 175 of the 5AC, the paragraph describes several documents ("Documents produced…"), to which no response is required, and to which no response would even be possible, as the documents referenced are not all specifically identified.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.  Align admits that it decided to open some so-called Invisalign stores in late 2017, and that it had internal discussions regarding that decision.  Except as expressly admitted herein, Align denies the remaining allegations in this paragraph.

176.     Answering Paragraph 176 of the 5AC, this paragraph quotes from a document, to which no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document cited.

177.     Answering Paragraph 177 of the 5AC, Align admits that SDC commenced an arbitration against Align regarding the so-called Invisalign stores and the use of SDC confidential information, and that the Arbitrator subsequently issued an award in favor of SDC.  The arbitration pleadings and award otherwise should speak for themselves.

**4.     SDC used the Supply Agreement as a pretext to extend the length of the Restrictive Covenant.[14]**

178.     Answering Paragraph 178 of the 5AC, Align avers that the Operating Agreement and Supply Agreement speak for themselves, and to the extent any response is required, denies the allegations of the paragraph to the extent they are inconsistent with the documents cited.  The final sentence's legal interpretation or legal conclusion does not require a response, but Align denies it to

---

[14] Although not a numbered paragraph, inasmuch as this statement contains allegations which require a response, Align either denies each and every allegation contained therein or states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation.

the extent it mischaracterizes the legal interaction between the Supply and Operating Agreement's provisions.

179.     Answering Paragraph 179 of the 5AC, the paragraph describes and quotes from a document, to which no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

180.     Answering Paragraph 180 of the 5AC, the paragraph describes and quotes from a document, to which no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

181.     Answering Paragraph 181 of the 5AC, Align lacks sufficient information to form a belief as to the truth of the first sentence because it generically describes "evidence" and claims that it establishes SDC's (not Align's) thinking about an issue.  The next portion of the paragraph describes and quotes from a document, to which no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.  The final portion of the paragraph draws a conclusion from the document cited (and apparently others like it) that Align lacks sufficient information to form a belief as to the truth of that conclusion.

182.     Answering Paragraph 182 of the 5AC, Align admits that it at one point attempted to calculate how much it might cost SDC to manufacture its own aligner internally.  As to the remaining allegations, Align either denies them or lacks sufficient information or knowledge to form a belief as to the truth of the allegations.

183.     Answering Paragraph 183 of the 5AC, the paragraph describes and quotes from documents, to which no response is required.  To the extent that a response is found to be required,

ANSWER TO FIFTH AMENDED
                                                                                       CLASS ACTION COMPLAINT

Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited, and Align denies the truth of the statements in those documents or otherwise lacks information sufficient to form a belief as to their truth.

184.    Answering Paragraph 184 of the 5AC, ███████████████████████ ████████████████████████████████████████████████████████████ ████████████ The remaining portions of the paragraph describe and quote from documents, to which no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

185.    Answering Paragraph 185 of the 5AC, the paragraph describes and quotes from a document, to which no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

186.    Answering Paragraph 186 of the 5AC, the paragraph describes and quotes from a document, to which no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

187.    Answering Paragraph 187 of the 5AC, the paragraph describes and quotes from prior testimony, to which no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the testimony cited.

188.    Answering Paragraph 188 of the 5AC, ██████████████████████████ ████████████████████████████████████████████████████████████ ████████████████████. The remaining portions of the paragraph describe and quote from

ANSWER TO FIFTH AMENDED
                                                CLASS ACTION COMPLAINT

documents, to which no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

189.    Answering Paragraph 189 of the 5AC, ████████████████████████ ████████████████████████████████████████████.  The remaining portions of the paragraph describe and quote from prior testimony, to which no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the testimony cited.

190.    Answering Paragraph 190 of the 5AC, Align either denies the allegations or lacks information or knowledge sufficient to form a belief as to their truth.  Align denies the apparent legal conclusion embedded in the final sentence.

## I.    The anticompetitive effects of the agreements outweighed any procompetitive benefits, if any.[15]

191.    Answering Paragraph 191 of the 5AC, Align states that this is a legal conclusion to which no response is required, but to the extent one is, denies the allegations.

### 1.    The Supply and Operating Agreement had extensive anticompetitive effects.[16]

192.    Answering Paragraph 192 of the 5AC, Align denies these allegations and denies the accuracy and import of the price analysis described and as shown in the graphic.

193.    Answering Paragraph 193 of the 5AC, Align either denies or lacks sufficient

---

[15] Although not a numbered paragraph, inasmuch this statement contains allegations which require a response, Align denies the allegations.  Align need not respond to the legal conclusion stated herein, but in any event denies it or lacks information or knowledge sufficient to form a belief as to the truth of the allegation.

[16] Although not a numbered paragraph, inasmuch as this statement contains allegations which require a response, Align denies the allegations.  Align need not respond to the legal conclusion stated herein, but in any event denies it or lacks information or knowledge sufficient to form a belief as to the truth of the allegation.

ANSWER TO FIFTH AMENDED
                                             CLASS ACTION COMPLAINT

information or knowledge to form a belief as to the truth of the allegation regarding SDC's market power and further states that any discussion of "market" in Align documents should not be taken as any analysis of the relevant market or markets for antitrust purposes. The remaining portions of the paragraph describe and quote from documents, to which no response is required. To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

194.     Answering Paragraph 194 of the 5AC, Align denies the allegations in the first sentence to the extent they inaccurately characterize the Agreements, Align's decision-making, or Align's thinking (e.g., "emphatic interest"). To the extent this paragraph offers a legal interpretation of the restrictive covenant or other part of the Agreements, Align avers that the Agreements speak for themselves. The remaining portions of the paragraph describe and quote from documents, to which no response is required. To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

195.     Answering Paragraph 195 of the 5AC, █████████████████ ████████████████████████████████████████████████ ████████████████████ Align denies the allegations regarding "markets" in this paragraph to the extent these allegations suggest the existence of a particular market or sub-market for antitrust purposes. Align denies that it "endeavored to enter the DTC market by way of its Invisalign stores," as Align through those stores did not transact any sales of aligners directly to consumers. Align admits that an arbitrator issued an award that enjoined Align for a certain time from opening or operating the Invisalign stores. Except as expressly admitted herein, Align denies the remaining allegations.

196.     Answering Paragraph 196 of the 5AC, Align denies the allegations in the first

ANSWER TO FIFTH AMENDED
                                                                          CLASS ACTION COMPLAINT

sentence.  Align denies the allegations in the second sentence to the extent they offer a legal conclusion about when or how Align could compete with SDC, and states that the arbitration award speaks for itself, and that otherwise it need not respond to legal conclusions.  Align need not respond to the legal conclusion offered in the third sentence, but to the extent it does need to respond, denies the allegation or lacks information or knowledge sufficient to form a belief as to the truth of the allegation.

197.     Answering Paragraph 197 of the 5AC, this paragraph quotes prior testimony, to which no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the testimony cited.  Align also denies that this testimony is "consistent" with the point Plaintiffs are hoping to establish by citing this testimony.

198.     Answering Paragraph 198 of the 5AC, Align either denies that it took any action that helped SDC "further reinforce SDC's monopoly position in the DTC market," or that it lacks information sufficient to form a belief as to the truth of that statement (as whether and, if so, to what extent SDC enjoyed a "monopoly position" in any relevant market, is both a legal conclusion and beyond Align's knowledge in any event). The remaining portions of the paragraph describe and quote from documents, to which no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

199.     Answering Paragraph 199 of the 5AC, Align admits that it obtained testimony from SDC witnesses in arbitration, denies the prefatory characterization of the cited testimony to the extent it is taken out of context and does not contain the entire colloquy, and otherwise states it need not respond to the quotation of testimony.  To the extent Align must respond, Align denies the allegations to the extent they are inconsistent with the quoted testimony.

200.    Answering Paragraph 200 of the 5AC, Align states that this is a legal conclusion to which no response is required, that the meaning and effect of the Restrictive Covenant either speaks for itself (if the allegation purports to characterize that provision) or the arbitrator's interpretation of the Restrictive Covenant speaks for itself (if that is what the allegation purports to characterize), and Align either denies the allegation to the extent it mischaracterizes the effect of the Restrictive Covenant or states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegation, including because it is not made clear what is meant by "launching DTC products." Finally, Align denies that any "foreclosure" of competition here "produce[d] significant anticompetitive effects" for any consumers.

**2.    The Supply and Operating Agreement had few, if any, procompetitive benefits.[17]**

201.    Answering Paragraph 201 of the 5AC, this is pure legal contention and legal conclusion to which no response is required, but to the extent one is required, Align denies the allegations and will show that the Agreements facilitated significant procompetitive benefits.

202.    Answering Paragraph 202 of the 5AC, this is pure legal contention and legal conclusion to which no response is required, but to the extent one is required, Align denies the allegations and will show that the Agreements facilitated significant procompetitive benefits.

203.    Answering Paragraph 203 of the 5AC, this is pure legal contention and legal conclusion to which no response is required, but to the extent one is required, Align denies the allegations and will show that the Agreements facilitated significant procompetitive benefits.

---

[17] Although not a numbered paragraph, inasmuch this statement contains allegations which require a response, Align denies the allegations.  Align need not respond to the legal conclusion stated herein, but in any event denies it or lacks information or knowledge sufficient to form a belief as to the truth of the allegation.

ANSWER TO FIFTH AMENDED
                                                        CLASS ACTION COMPLAINT

a.   **The Supply Agreement had few procompetitive benefits when signed, and was quickly wielded by SDC as an anticompetitive tool to extend the Restrictive Covenant.[18]**

204.   Answering Paragraph 204 of the 5AC, Align admits that it has argued the Supply Agreement was procompetitive and does not deny the quoted material to the extent the paragraph has accurately transcribed Align's statement.  Align denies that this allegation accurately captures Align's entire argument for why the Supply Agreement, Operating Agreement, and Loan Agreement were procompetitive.

205.   Answering Paragraph 205 of the 5AC, Align admits that SDC manufactured some of its own aligners at various points in time during the Align and SDC relationship.  Align lacks knowledge or information sufficient to form a belief as to the truth of the allegation regarding when exactly SDC began expanding its own manufacturing capacity, whether or when SDC's expansion of its manufacturing capacity was sufficient to meet SDC's demand, and either denies or lacks information or knowledge sufficient to form a belief as to the truth of the allegation regarding the cost of SDC manufacturing its own aligners.  Align further denies that these allegations, even if true, undermine the procompetitive benefits of Align supplying SDC with clear aligners.

206.   Answering Paragraph 206 of the 5AC, Align lacks information or knowledge sufficient to form a belief as to the truth of the allegation regarding SDC's thought process or beliefs about the Supply Agreement, other than that sometimes reflected in various documents or prior testimony.  The quotation of Joe Hogan's email does not require a response, but to the extent it does, Align denies the allegation to the extent the quotation of the document is inconsistent with the

---

[18] Although not a numbered paragraph, inasmuch this statement contains allegations which require a response, Align either denies the allegations or lacks information or knowledge sufficient to form a belief as to the truth of the allegations.  Align need not respond to the legal conclusion stated herein, but in any event denies it or lacks information or knowledge sufficient to form a belief as to the truth of the allegation.

ANSWER TO FIFTH AMENDED
                                                  CLASS ACTION COMPLAINT

document itself.

207.     Answering Paragraph 207 of the 5AC, Align states that these legal conclusions do not require a response, but in any event denies the allegations in this paragraph.

208.     Answering Paragraph 208 of the 5AC, Align admits that the Club Aligners it manufactured for SDC were different than the Invisalign product it manufactured (and still manufactures) for its doctor-customers, but denies that this product was not "sophisticated" and was "simple" (among Plaintiffs' various other characterizations), to the extent these characterizations are intended to suggest the product was low-quality or otherwise not helpful to or insufficient for SDC and its customers.  As to the quotation of prior testimony, no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the testimony cited.

209.     Answering Paragraph 209 of the 5AC, Align either denies or lacks information or knowledge sufficient to form a belief as to the truth of these various allegations.  Align either denies or lacks information or knowledge sufficient to form a belief as to the truth of whether SDC representatives in fact wanted or did not want an equity investment and wanted or did not want cash (whether via loan arrangements or otherwise) from Align.  As to the quotations of documents, no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the documents cited.

210.     Answering Paragraph 210 of the 5AC, Align admits that David White and Joe Hogan wrote the emails described but denies that the emails are evidence of what Align senior executives believed was either necessary or unnecessary to a deal with SDC.  As to the quotation of the documents, no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the documents cited.

211.     Answering Paragraph 211 of the 5AC, Align admits that it had multiple purposes for

ANSWER TO FIFTH AMENDED
                                                                                                                CLASS ACTION COMPLAINT

seeking an equity stake investment in SDC, including to help SDC grow and flourish as a business and to participate in SDC's growth if it did indeed grow. Except as expressly admitted herein, Align denies the balance of the allegations.

212.    Answering Paragraph 212 of the 5AC, Align denies these allegations to the extent they mischaracterize the purpose and results of the work Duff & Phelps LLC (now Kroll LLC) regarding the Agreements. Align denies that any conclusion contained within the cited document(s) shows an absence of procompetitive benefits from the Supply Agreement. As to the quotation of the documents, no response is required. To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the documents cited.

213.    Answering Paragraph 213 of the 5AC, this paragraph quotes from two documents, to which no response is required. To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the documents cited.

214.    Answering Paragraph 214 of the 5AC, Align denies the allegation because it appears to misdescribe the number of referrals referenced in the preceding paragraph. To the extent this paragraph is just a recapitulation of the previously cited document, Align denies the allegations of the paragraph to the extent they are inconsistent with the documents cited.

215.    Answering Paragraph 215 of the 5AC, this paragraph quotes from a document, to which no response is required. To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the documents cited. Align denies that this portion of the document shows an absence of procompetitive benefits from the Supply Agreement.

216.    Answering Paragraph 216 of the 5AC, Align denies these allegations to the extent they mischaracterize the purpose and results of the work Duff & Phelps LLC (now Kroll LLC) regarding the Agreements, and draw conclusions from them that are divorced from the accounting

purposes for which the work was performed, including any conclusion regarding the presence or absence of procompetitive benefits from the Agreements. As to the quotations from the document, no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the documents cited.

217.    Answering Paragraph 217 of the 5AC, Align admits that one reason that it entered into the Supply Agreement was to replace ClearCorrect (who was selling aligners that infringed upon Align's patents) as a supplier for SDC, but denies that this was a "separate, independent, and anticompetitive reason" for entering into the Agreement.  Align further admits that ClearCorrect was then one of Align's competitors with respect to selling clear aligners to dentists and orthodontists, but denies or lacks information sufficient to form a belief as to the truth of the allegation that there is a distinct "dentist-directed submarket," much less such a market for purposes of antitrust law.  As to the quotations from the document, no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the documents cited.

218.    Answering Paragraph 218 of the 5AC, Align states that this is a legal conclusion to which no response is required, but to the extent a response is required, denies the allegation.

   b.    **Beyond the Supply Agreement, the Align-SDC relationship did not yield any significant procompetitive benefits or collaborations.[19]**

219.    Answering Paragraph 219 of the 5AC, Align states that the first sentence is a legal conclusion to which no response is required, but to the extent a response is required, denies the allegation.  Align admits that SDC argued in an arbitration that Align had misused certain of its information and that an arbitrator held the same; SDC's arguments in that arbitration and the

---

[19] Although not a numbered paragraph, inasmuch this statement requires a response, Align either denies the allegation or states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations. The legal conclusion stated here requires no response..

ANSWER TO FIFTH AMENDED
                                                CLASS ACTION COMPLAINT

arbitrator's award, however, speak for themselves, and Align denies this allegation to the extent that it mischaracterizes either of the same.

220.     Answering Paragraph 220 of the 5AC, Align denies the allegation to the extent the first sentence means the two companies did not collaborate to develop the Club Aligner product and operationalize the manufacturing of that product on a mass scale.  Align further denies the allegation to the extent it suggests the testimony of one Align employee speaks for the entire company (and for SDC) on what collaborative activities the two companies engaged in.  Align admits that Ms. Olson helped manage the Supply Agreement relationship with SDC and was otherwise a liaison between the two companies.  The latter portion of this paragraph appears to contain a broken sentence or clause which makes a response to that particular portion impossible ("None of these procompetitive Specifically, at her deposition….").  As to the quotation of Ms. Olson's testimony, no response is required.  To the extent a response is required, Align denies the allegations of the paragraph to the extent they are inconsistent with the testimony cited.  Align further denies that the quoted testimony proves the allegation in the first sentence of this paragraph is true, given that Ms. Olson can only speak for her personal experience and the terms ("new products" and "joint research and development") are not defined. Ms. Olson also qualified her testimony repeatedly by noting that she may not be remembering everything about events that had transpired many years prior to her testimony and that other information may "jog" her memory.

221.     Answering Paragraph 221 of the 5AC, Align denies the allegations in this paragraph. As to the quotation of Mr. Hogan's testimony, no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the testimony cited.

222.     Answering Paragraph 222 of the 5AC, Align denies the allegation to the extent it suggests or states a legal conclusion in the first sentence.  The remaining portion describes and

ANSWER TO FIFTH AMENDED
                                                                    CLASS ACTION COMPLAINT

quotes from a document, to which no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the documents cited.

223.    Answering Paragraph 223 of the 5AC, no response is required to the quotations included therein.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the documents cited.

224.    Answering Paragraph 224 of the 5AC, no response is required to the quotations included therein.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the documents cited.

225.    Answering Paragraph 225 of the 5AC, Align either denies this allegation or lacks information or knowledge sufficient to form a belief as to the truth of the allegation.  As to the description and quotation from documents, no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the documents cited.

226.    Answering Paragraph 226 of the 5AC, Align denies the allegations in this paragraph, and ███████████████████████████████████████████ ███████████████████████████████████████.  As to the quotation from prior testimony itself, no response is required.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the testimony cited.

227.    Answering Paragraph 227 of the 5AC, Align ████████████████████ ███████████████████████████████████████████ ██████████████████.  As to the quotation from prior testimony itself, no response is required. To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the testimony cited.

ANSWER TO FIFTH AMENDED
CLASS ACTION COMPLAINT

228.     Answering Paragraph 228 of the 5AC, Align avers that the arbitration award cited speaks for itself and denies the allegation to the extent that any description or quotation of that award is inconsistent with the document cited.

229.     Answering Paragraph 229 of the 5AC, Align denies the allegations in this paragraph, except Align admits that an arbitrator did find that Align had violated the Restrictive Covenant.

      **c.**      **During the term of the Agreements, market entry by new competitors was difficult and insufficient to offset the competitive effect of the Agreements.[20]**

230.     Answering Paragraph 230 of the 5AC, Align denies the implicit suggestion that Align's conduct had any anticompetitive effects, and otherwise states that it lacks information or knowledge sufficient to form a belief as to the truth of this allegation.

231.     Answering Paragraph 231 of the 5AC, Align admits that it periodically assessed competition to SDC and periodically assessed market share, but Align denies that any of these efforts constituted a statement about the relevant market or market share for antitrust purposes; Align, for instance, denies or lacks information or knowledge sufficient to form a belief as to the truth of the allegation regarding the existence of a distinct "DTC clear aligner market."

232.     Answering Paragraph 232 of the 5AC, Align lacks information or knowledge sufficient to form a belief as to the truth of the allegations in this paragraph.  Align denies the allegations in this paragraph to the extent they suggest that, but for the Restrictive Covenant, Align would have entered directly into the DTC clear aligner distribution channel.

233.     Answering Paragraph 233 of the 5AC, ████████████████████████████████

████████████████████████████████████████████████████████████████

---

[20] Although not a numbered paragraph, inasmuch this statement contains allegations which require a response, Align either denies the allegations or lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

ANSWER TO FIFTH AMENDED
                    CLASS ACTION COMPLAINT

████████████████████████████████████████████████████████

████████████████████████████████         As to the quotation of the Ms. Olson email, no response is

required.  To the extent a response is required, Align denies the allegation in the paragraph to the

extent it is inconsistent with the document cited.

234.      Answering Paragraph 234 of the 5AC, Align states that this is a legal conclusion to

which no response is required, but to the extent a response is required, states that it either denies the

allegation or lacks information or knowledge sufficient to form a belief as to the truth of the

allegation.

**J.      Align's set of actions substantially foreclosed competition in the aligner and scanner
markets.[21]**

235.      Answering Paragraph 235 of the 5AC, Align denies each and every allegation

contained therein.

236.      Answering Paragraph 236 of the 5AC, Align denies each and every allegation

contained therein.

237.      Answering Paragraph 237 of the 5AC, Align denies each and every allegation

contained therein

238.      Answering Paragraph 238 of the 5AC, Align denies each and every allegation

contained therein.

239.      Answering Paragraph 239 of the 5AC, Align denies each and every allegation

contained therein.

240.      Answering Paragraph 240 of the 5AC, Align denies each and every allegation

contained therein.

---

[21] Although not a numbered paragraph, inasmuch as this statement requires a response, Align states
that it need not respond to the legal conclusion, and otherwise either denies the allegation or states
that it lacks information or knowledge sufficient to form a belief as to the truth of the allegation.

ANSWER TO FIFTH AMENDED
                                                                    CLASS ACTION COMPLAINT

241.     Answering Paragraph 241 of the 5AC, Align admits that certain of its patents have expired.  Align further admits, on information and belief, that Straumann Group acquired ClearCorrect in 2017; Henry Schein is a distributor of medical and dental supplies; and that Clear Correct, Henry Schein, and 3M offer or have offered clear removable plastic dental aligners.  Except as expressly admitted, Align denies the remaining allegations in Paragraph 241 of the 5AC.

242.     Answering Paragraph 242 of the 5AC, Align denies each and every allegation contained therein.

243.     Answering Paragraph 243 of the 5AC, Align denies each and every allegation contained therein.

244.     Answering Paragraph 244 of the 5AC, Align denies each and every allegation contained therein.

## V.     INTERSTATE COMMERCE

245.     Answering Paragraph 245 of the 5AC, Paragraph 245 states legal conclusions as to a relevant product market to which no response is required.  To the extent a response is required, Align denies the allegations contained in this paragraph.

246.     Answering Paragraph 246 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

247.     Answering Paragraph 247 of the 5AC, Align admits that it has sold Invisalign throughout the United States.  Except as expressly admitted, Align denies the remaining allegations contained in this paragraph.

248.     Answering Paragraph 248 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

ANSWER TO FIFTH AMENDED
                                                                                  CLASS ACTION COMPLAINT

249.     Answering Paragraph 249 of the 5AC, Align denies each and every allegation contained therein.

250.     Answering Paragraph 250 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

251.     Answering Paragraph 251 of the 5AC, Align denies each and every allegation contained therein.

252.     Answering Paragraph 252 of the 5AC, Align denies each and every allegation contained therein.

## VI.     CLASS ACTION ALLEGATIONS

253.     Answering Paragraph 253 of the 5AC, Align denies each and every allegation contained therein, which contain legal conclusions to which no response is necessary, and to the extent a response is necessary thereto, Align denies the allegations.

254.     Answering Paragraph 254 of the 5AC, Align denies each and every allegation contained therein, which contain legal conclusions to which no response is necessary, and to the extent a response is necessary thereto, Align denies the allegations.

255.     Answering Paragraph 255 of the 5AC, Align denies each and every allegation contained therein, which contain legal conclusions to which no response is necessary, and to the extent a response is necessary thereto, Align denies the allegations.

256.     Answering Paragraph 256 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

257.     Answering Paragraph 257 of the 5AC, Align denies each and every allegation

contained therein, which contain legal conclusions to which no response is necessary, and to the extent a response is necessary thereto, Align denies the allegations.

258.    Answering Paragraph 258 of the 5AC, Align denies each and every allegation contained therein, which contain legal conclusions to which no response is necessary, and to the extent a response is necessary thereto, Align denies the allegations.

259.    Answering Paragraph 259 of the 5AC, Align denies each and every allegation contained therein, which contain legal conclusions to which no response is necessary, and to the extent a response is necessary thereto, Align denies the allegations.

260.    Answering Paragraph 260 of the 5AC, Align denies each and every allegation contained therein, which contain legal conclusions to which no response is necessary, and to the extent a response is necessary thereto, Align denies the allegations.

261.    Answering Paragraph 261 of the 5AC, Align denies each and every allegation contained therein, which contain legal conclusions to which no response is necessary, and to the extent a response is necessary thereto, Align denies the allegations.

262.    Answering Paragraph 262 of the 5AC, Align denies each and every allegation contained therein, which contain legal conclusions to which no response is necessary, and to the extent a response is necessary thereto, Align denies the allegations.  Align states further that at this time it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph regarding Plaintiffs' states of mind.

## VII.    RELEVANT MARKETS

### A.    The in-office aligner market

263.    Answering Paragraph 263 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph

ANSWER TO FIFTH AMENDED
                                                 CLASS ACTION COMPLAINT

and therefore denies them.

264.     Answering Paragraph 264 of the 5AC, Align admits that clear aligners sold through and prescribed by dentists and orthodontists providing in-person treatment are generally able to treat more complex cases of malocclusion than are clear aligners sold direct-to-consumer. Except as expressly admitted, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

265.     Answering Paragraph 265 of the 5AC, Align admits that clear aligners sold through and prescribed by dentists and orthodontists providing in-person treatment may sometimes cost the consumer more money than clear aligner sold direct-to-consumer, where no in-person medical care is provided as part of the clear aligner treatment. Except as expressly admitted, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them

266.     Answering Paragraph 266 of the 5AC, no response is required to the legal conclusions or quotations included therein.  To the extent a response is required, Align admits that its CEO is Joseph Hogan, that Mr. Hogan was Align's CEO in 2019, and that Align hosted earnings calls in 2019.  Align denies that it hosted an earnings call in June 2019, and denies the allegations of Paragraph 174 to the extent they refer to an earnings call that occurred at a different point in 2019 and do not accurately describe that earnings call, misquote the persons who spoke during that call, or add emphasis in quotations that was not made by the speaker during the call.  Except as expressly admitted, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them

267.     Answering Paragraph 267 of the 5AC, Align admits that clear aligners sold through and prescribed by dentists and orthodontists providing in-person treatment may sometimes cost the

ANSWER TO FIFTH AMENDED
                                            CLASS ACTION COMPLAINT

consumer more money than clear aligners sold direct-to-consumer, where no in-person medical care is provided as part of the clear aligner treatment.  No response is required to the legal conclusions regarding markets and sub-markets stated in this paragraph.  Except as expressly admitted, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

268.     Answering Paragraph 268 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align either denies them or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

269.     Answering Paragraph 269 of the 5AC, Align admits that it can be costly to establish and run manufacturing facilities and maintain regulatory approvals for the manufacture of clear aligners, and that these may constitute barriers to entry to becoming a clear aligner manufacturer. Except as expressly admitted, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them. No response is required to this paragraph's implicit legal conclusion regarding the existence of a particular market for antitrust purposes.

270.     Answering Paragraph 270 of the 5AC, Align admits that it is one of the leading clear aligner manufacturers in the world and that there are barriers to entry to becoming a clear aligner manufacturer. Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them. No response is required to this paragraph's implicit legal conclusion regarding the existence of a particular market for antitrust purposes.

271.     Answering Paragraph 271 of the 5AC, Align admits that clear aligners and metal braces are prescribed to different consumers based on differing needs and preferences, but denies

ANSWER TO FIFTH AMENDED
                                                        CLASS ACTION COMPLAINT

that clear aligners can treat only "moderate tooth misalignment" and that metal braces are necessarily more appropriate for "severe tooth misalignment."  Align admits that metal braces require visits to an orthodontist.  Except as expressly admitted, Align either denies these allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

272.    Answering Paragraph 272 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

273.    Answering Paragraph 273 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

**B.     The direct-to-consumer clear aligner market**

274.    Answering Paragraph 274 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

275.    Answering Paragraph 275 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align admits that direct-to-consumer clear aligners are generally shipped directly to a consumer and that an in-office medical visit is generally not required, though Align does not have knowledge of how all direct-to-consumer clear aligner companies operate. Align further admits that direct-to-consumer clear aligners are generally used to treat less severe malocclusions than the malocclusions treated through in-person care. Except as expressly admitted, Align either denies the allegations or lacks knowledge or

information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

276.    Answering Paragraph 276 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align admits that Matthew Miller is an Align employee who made statements regarding the different materials used to manufacture different types of aligners, but denies that those statements were intended to describe the difference, writ large, between in-office and direct-to-consumer clear aligners.  Align further denies the allegation to the extent it has misquoted the document cited or alleged anything inconsistent with the document itself.  Except as expressly addressed herein, Align either denies the allegations in this paragraph or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

277.    Answering Paragraph 277 of the 5AC, Align either denies the allegations in this paragraph or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in in this paragraph and therefore denies them. Furthermore, to the extent these allegations rely on the cited document, Align denies the allegations to the extent they are inconsistent with the document cited.

278.    Answering Paragraph 278 of the 5AC, Align admits that Invisalign treatment can accomplish in certain cases the teeth movements described, but denies that these differences necessarily represent a difference (in any and all cases) between what can be treated with an at-home clear aligner and an in-office/doctor-directed clear aligner.  To the extent this paragraph relies on the document cited, Align denies the allegations to the extent they are inconsistent with the document cited.

279.    Answering Paragraph 279 of the 5AC, Align either denies the allegation or states that it lacks information sufficient to form a belief as to the truth of the allegation and therefore denies

ANSWER TO FIFTH AMENDED
                                                                   CLASS ACTION COMPLAINT

them.  Furthermore, to the extent these allegations rely on the cited document, Align denies the allegations to the extent they are inconsistent with the document cited.

280.     Answering Paragraph 280 of the 5AC, Align either denies the allegation or states that it lacks information sufficient to form a belief as to the truth of the allegation and therefore denies them.  Furthermore, to the extent these allegations rely on the cited document, Align denies the allegations to the extent they are inconsistent with the document cited.

281.     Answering Paragraph 281 of the 5AC, Align either denies the allegation or states that it lacks information sufficient to form a belief as to the truth of the allegation and therefore denies them.  Furthermore, to the extent these allegations rely on the cited document, Align denies the allegations to the extent they are inconsistent with the document cited.

282.     Answering Paragraph 282 of the 5AC, Align either denies the allegation or states that it lacks information sufficient to form a belief as to the truth of the allegation and therefore denies them.  Furthermore, to the extent these allegations rely on the cited document, Align denies the allegations to the extent they are inconsistent with the document cited.  Align also states for the avoidance of any doubt that Align does not set the consumer price for Invisalign, as all prescribing decisions are at the discretion of the prescribing dentist or orthodontist.

283.     Answering Paragraph 283 of the 5AC, Align either denies the allegation or states that it lacks information sufficient to form a belief as to the truth of the allegation and therefore denies them.

284.     Answering Paragraph 284 of the 5AC, this paragraph describes and quotes from a document, to which no response is required.  To the extent a response is required, Align denies the allegation to the extent it is inconsistent with the document cited.

285.     Answering Paragraph 285 of the 5AC, Align either denies the allegation or states that it lacks information sufficient to form a belief as to the truth of the allegation and therefore denies

ANSWER TO FIFTH AMENDED
                                                                            CLASS ACTION COMPLAINT

them.

286.     Answering Paragraph 286 of the 5AC, Align either denies the allegation or states that it lacks information sufficient to form a belief as to the truth of the allegation and therefore denies them.  Furthermore, to the extent these allegations rely on the cited document, Align denies the allegations to the extent they are inconsistent with the document cited.

287.     Answering Paragraph 291 of the 5AC, Align either denies the allegation or states that it lacks information sufficient to form a belief as to the truth of the allegation and therefore denies them.  Furthermore, to the extent these allegations rely on the cited document, Align denies the allegations to the extent they are inconsistent with the document cited.

288.     Answering Paragraph 288 of the 5AC, no response is required to this paragraph's recitation of a quotation from documents.  To the extent that a response is found to be required, Align admits that it made statements regarding the Align and SDC partnership in 2016 regarding competition and overlap between the two companies.  Align otherwise denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

289.     Answering Paragraph 289 of the 5AC, no response is required to this paragraph's recitation of a quotation from a document.  To the extent that a response is found to be required, Align denies the allegations of the paragraph to the extent they are inconsistent with the document or documents cited.

290.     Answering Paragraph 290 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

ANSWER TO FIFTH AMENDED
                                                                           CLASS ACTION COMPLAINT

1. **SDC has market power in the direct-to-consumer clear aligner market.**[22]

291.    Answering Paragraph 291 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

292.    Answering Paragraph 292 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.  Furthermore, to the extent these allegations rely on the cited document, Align denies the allegations to the extent they are inconsistent with the document cited.

293.    Answering Paragraph 293 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.  Furthermore, to the extent these allegations rely on the cited document, Align denies the allegations to the extent they are inconsistent with the document cited.

294.    Answering Paragraph 294 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align admits that it has its own treatment planning and manufacturing process for aligners and has historically sold aligners to doctors.  Except as expressly admitted herein, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.  Furthermore, to the extent these allegations rely on the cited document, Align denies the allegations

---

[22] Although not a numbered paragraph, inasmuch this statement contains allegations which require a response, Align either denies the allegations or states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

ANSWER TO FIFTH AMENDED
                                                                CLASS ACTION COMPLAINT

to the extent they are inconsistent with the document cite

295.    Answering Paragraph 295 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.  Furthermore, to the extent these allegations rely on the cited document, Align denies the allegations to the extent they are inconsistent with the document cited.

296.    Answering Paragraph 296 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.  Furthermore, to the extent these allegations rely on the cited document, Align denies the allegations to the extent they are inconsistent with the document cited.

297.    Answering Paragraph 297 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.  Furthermore, to the extent these allegations rely on the cited document, Align denies the allegations to the extent they are inconsistent with the document cited

298.    Answering Paragraph 298 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.  As to the description of the document in this paragraph, Align denies the allegations to the extent they are inconsistent with the document cited.

ANSWER TO FIFTH AMENDED
                                                                    CLASS ACTION COMPLAINT

2.      **There are significant barriers to entry in the DTC market.**[23]

299.     Answering Paragraph 299 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

300.     Answering Paragraph 300 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.  As to the description of the documents in this paragraph, Align denies the allegations to the extent they are inconsistent with the document cited.

301.     Answering Paragraph 301 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.  As to the description and quotations of the documents in this paragraph, Align denies the allegations to the extent they are inconsistent with the documents cited.

C.      **The market for hand-held digital intra-oral scanners**

302.     Answering Paragraph 302 of the 5AC, no response is required to the legal conclusions stated therein.  To the extent a response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

303.     Answering Paragraph 303 of the 5AC, Align denies each and every allegation contained therein, which contain legal conclusions to which no response is necessary.

---

[23] Although not a numbered paragraph, inasmuch this statement contains allegations which require a response, Align either denies the allegations or states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations.

304.     Answering Paragraph 304 of the 5AC, Align denies each and every allegation contained therein, which contain legal conclusions to which no response is necessary.

305.     Answering Paragraph 305 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

306.     Answering Paragraph 306 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

307.     Answering Paragraph 307 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

308.     Answering Paragraph 308 of the 5AC, Align denies each and every allegation contained therein, which contain legal conclusions to which no response is necessary.

309.     Answering Paragraph 309 of the 5AC, Align admits that iTero® and Trios® are brands of intraoral scanners, which may be used in conjunction with orthodontic treatment.  Except as expressly admitted, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

310.     Answering Paragraph 310 of the 5AC, Align admits that it had an agreement with 3Shape, and that Align terminated that agreement consistent with the protection and enforcement of Align's patent rights.  Align further admits that the financial information it has reported in public filings with the SEC and disclosed in quarterly earnings announcements is accurate.  No response is required to the quotation included via footnote in Paragraph 310 of the 5AC.  To the extent a response is required, Align avers that the press release it issued on October 23, 2019, entitled "Align Technology Announces Third Quarter 2019 Financial Results," speaks for itself and denies the

ANSWER TO FIFTH AMENDED
                                                                                       CLASS ACTION COMPLAINT

allegations of Paragraph 310 to the extent they do not accurately describe or misquote the statements made by Align in that press release.  Except as expressly admitted, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

311.    Answering Paragraph 311 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

312.    Answering Paragraph 312 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and in the footnote, and therefore denies them.

313.    Answering Paragraph 313 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

314.    Answering Paragraph 314 of the 5AC, no response is required to the partial quotation attributed to testimony before the International Trade Commission.  To the extent a response is required, Align denies each and every allegation contained therein.

315.    Answering Paragraph 315 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

316.    Answering Paragraph 316 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

317.    Answering Paragraph 317 of the 5AC, Align admits that it sells intraoral scanners under the name iTero® and that it owns and operates the website, www.invisalign.com, a subpage

ANSWER TO FIFTH AMENDED
CLASS ACTION COMPLAINT

of which has the web address, https://www.invisalign.com/provider/digital-transformation/going-digital.  Except as expressly admitted, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

318.    Answering Paragraph 318 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

319.    Answering Paragraph 319 of the 5AC, no response is required to the legal conclusion stated therein.  To the extent a response is required, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

320.    Answering Paragraph 320 of the 5AC, Align denies each and every allegation contained therein, which states a legal conclusion to which no response is necessary.

321.    Answering Paragraph 321 of the 5AC, no response is required to the legal conclusion stated therein.  To the extent a response is required, Align admits that Invisalign®-certified doctors prescribing Invisalign® can use and have used polyvinyl-siloxane (sometimes called PVS or silicone) to take and submit molds (also referred to as impressions) of their patients' teeth.  Except as expressly admitted, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

322.    Answering Paragraph 322 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

323.    Answering Paragraph 323 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

ANSWER TO FIFTH AMENDED
                                              CLASS ACTION COMPLAINT

324.     Answering Paragraph 324 of the 5AC, no response is required to the legal conclusion and quotations included therein.  Nor is a response required to the allegations that refer to the knowledge, conduct, opinions, or actions of persons or entities other than Align.  To the extent a response is required, Align admits that the financial information it has reported in public filings with the SEC and disclosed in quarterly earnings announcements is accurate.  Align denies the allegations of Paragraph 324 to the extent they do not accurately describe or misquote the referenced public statements.  Except as expressly admitted, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

325.     Answering Paragraph 325 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

326.     Answering Paragraph 326 of the 5AC, no response is required to the quotation included therein.  To the extent a response is required, Align admits that the financial information it has reported in public filings with the SEC is accurate, and denies the allegations of Paragraph 326 to the extent they do not accurately describe, attribute, or misquote public statements.  Except as expressly admitted, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

327.     Answering Paragraph 327 of the 5AC, no response is required to the legal conclusion stated therein.  To the extent a response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

328.     Answering Paragraph 328 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore

denies them.

## VIII.   ANTITRUST INJURY

329.     Answering Paragraph 329 of the 5AC, Align denies each and every allegation contained therein, which contain legal conclusions to which no response is necessary SmileDirectClub purchasers paid inflated prices for SmileDirectClub aligners as a result of the anticompetitive agreements between Align and SmileDirectClub.

**A.      SmileDirectClub purchasers paid inflated prices for SmileDirectClub aligners as a result of the anticompetitive agreements between Align and SmileDirectClub.[24]**

330.     Answering Paragraph 330 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

331.     Answering Paragraph 331 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

332.     Answering Paragraph 332 of the 5AC, which contains legal conclusions to which no response is necessary, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

333.     Answering Paragraph 333 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

334.     Answering Paragraph 334 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

335.     Answering Paragraph 335 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

---

[24] Although not a numbered paragraph, inasmuch as this statement contains allegations to which a response is required, Align denies them or lacks information sufficient to form a belief as to their truth.

**B.     Inflated prices of Invisalign aligners were passed on to consumer purchasers of Invisalign treatments.[25]**

336.    Answering Paragraph 336 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

337.    Answering Paragraph 337 of the 5AC, which contains legal conclusions to which no response is necessary, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

338.    Answering Paragraph 338 of the 5AC, no response is required to the quotation included therein.  To the extent a response is required, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

339.    Answering Paragraph 339 of the 5AC, which contains a legal conclusion to which no response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

340.    Answering Paragraph 340 of the 5AC, including the footnote, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies them.

341.    Answering Paragraph 341 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

342.    Answering Paragraph 342 of the 5AC, Align admits that some of its patents expired

---

[25] Although not a numbered paragraph, inasmuch as this statement contains allegations to which a response is required, Align denies them or lacks information sufficient to form a belief as to their truth.

in 2017.  No response is required to allegations that refer to the knowledge, conduct, opinions, or actions of persons or entities other than Align.  To the extent a response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.  Except as expressly admitted, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

343.    Answering Paragraph 343 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

344.    Answering Paragraph 344 of the 5AC, Align admits that John Morici is the CFO of Align, and was the CFO of Align in 2019.  No response is required to the quotation included in Paragraph 225 of the 5AC.  To the extent a response is required, Align denies the allegations of Paragraph 344 to the extent they do not accurately describe or attribute the quotation included therein, or misquote Mr. Morici.  Except as expressly admitted, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

345.    Answering Paragraph 345 of the 5AC, no response is required to the quotation included therein or to allegations that refer to the knowledge, conduct, opinions, or actions of persons or entities other than Align.  To the extent a response is required, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

346.    Answering Paragraph 346 of the 5AC, Align admits that Thomas Prescott was the CEO of Align in 2011.  Except as expressly admitted, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore

ANSWER TO FIFTH AMENDED
                                                                      CLASS ACTION COMPLAINT

denies them.

347.    Answering Paragraph 347 of the 5AC, Align admits that it introduced a pilot program in Arizona called "Invisalign Swift," which involved a $929 lab fee for dentists, and that the program is no longer active.  Except as expressly admitted, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

348.    Answering Paragraph 348 of the 5AC, Align admits that mathematically, $3 is 300% (or 3x) more than $1.  Except as expressly admitted, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

349.    Answering Paragraph 349 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

IX.    CAUSES OF ACTION

VIOLATIONS OF THE SHERMAN ACT

FIRST CLAIM FOR RELIEF:
VIOLATION OF SECTION 2 OF THE SHERMAN ACT 15 U.S.C. §2 FOR
MONOPOLIZATION OF THE ALIGNER MARKET
(ON BEHALF OF THE NATIONWIDE INJUNCTIVE RELIEF CLASS)

350.    Answering Paragraph 350 of the 5AC, Align admits that Plaintiffs repeat and reiterate each of the allegations contained in paragraphs above as if fully set forth herein.  Align repeats and re-alleges all of its responses to each paragraph above as if fully set forth herein.

351.    Answering Paragraph 351 of the 5AC, which contains legal conclusions to which no response is necessary, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

352.    Answering Paragraph 352 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

ANSWER TO FIFTH AMENDED
CLASS ACTION COMPLAINT

353.     Answering Paragraph 353 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

354.     Answering Paragraph 354 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

355.     Answering Paragraph 355 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

356.     Answering Paragraph 356 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

357.     Answering Paragraph 357 of the 5AC, no response is required to allegations that refer to the knowledge, conduct, opinions, or actions of persons or entities other than Align, or to the legal conclusions stated in Paragraph 357 of the 5AC.  To the extent a response is required, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

358.     Answering Paragraph 358 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

359.     Answering Paragraph 359 of the 5AC, no response is required as regards the relief requested in the 5AC, as the 5AC speaks for itself.  To the extent a response is required, Align admits that the 5AC includes a request for an injunction under § 16 of the Clayton Act.  Align denies that Plaintiffs and the putative Nationwide Injunctive Relief Class they seek to represent are entitled to any relief, including the injunctive relief specified in Paragraph 359 of the 5AC, because, among other reasons, Plaintiffs and the putative Nationwide Injunctive Relief Class lack standing under Article III of the Constitution to pursue such relief.

ANSWER TO FIFTH AMENDED
                                                                                CLASS ACTION COMPLAINT

**SECOND CLAIM FOR RELIEF:**
**VIOLATION OF SECTION 1 OF THE SHERMAN ACT 15. U.S.C. § 1 – PER SE (ON BEHALF OF THE NATIONWIDE SMILEDIRECTCLUB PURCHASER CLASS)**

360.   Answering Paragraph 360 of the 5AC, Align admits that Plaintiffs repeat and reiterate each of the allegations contained in paragraphs above as if fully set forth herein.  Align repeats and re-alleges all of its responses to each paragraph above, as if fully set forth herein.

361.   Answering Paragraph 361 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

362.   Answering Paragraph 362 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

363.   Answering Paragraph 363 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

364.   Answering Paragraph 364 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

365.   Answering Paragraph 365 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

366.   Answering Paragraph 366 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

367.   Answering Paragraph 367 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein or states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

368.   Answering Paragraph 368 of the 5AC, no response is required as regards the relief requested in the 5AC, as the 5AC speaks for itself.  To the extent a response is required, Align admits that Plaintiffs seek only the legal remedy of monetary damages.  Align denies that Plaintiffs

ANSWER TO FIFTH AMENDED
                                                    CLASS ACTION COMPLAINT

are entitled to any such relief.

<h3 style="text-align:center">THIRD CLAIM FOR RELIEF:<br>VIOLATION OF SECTION 1 OF THE SHERMAN ACT U.S.C. § 1 – RULE OF REASON (ON BEHALF OF THE NATIONWIDE SMILEDIRECTCLUB PURCHASER CLASS)</h3>

369.    Answering Paragraph 369 of the 5AC, Align admits that Plaintiffs incorporate and reallege each of the allegations contained in the paragraphs above as if fully set forth herein.  Align repeats and re-alleges all of its responses to each paragraph above, as if fully set forth herein.

370.    Answering Paragraph 370 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

371.    Answering Paragraph 371 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

372.    Answering Paragraph 372 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

373.    Answering Paragraph 373 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

374.    Answering Paragraph 374 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

375.    Answering Paragraph 375 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

376.    Answering Paragraph 376 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

377.    Answering Paragraph 377 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

378.    Answering Paragraph 378 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

ANSWER TO FIFTH AMENDED
                                                                                     CLASS ACTION COMPLAINT

379.     Answering Paragraph 379 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

380.     Answering Paragraph 380 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

381.     Answering Paragraph 381 of the 5AC, which contains legal conclusions to which no response is necessary, Align either denies each and every allegation contained therein or states that it lacks information or knowledge sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

382.     Answering Paragraph 382 of the 5AC, no response is required as regards the relief requested, as that speaks for itself.  To the extent a response is required, Align admits that Plaintiffs seek only the legal remedy of monetary damages.  Align denies that Plaintiffs are entitled to any such relief.

## VIOLATIONS OF STATE ANTITRUST LAWS

383.     Answering Paragraph 383 of the 5AC, Align admits that Plaintiffs incorporate by reference the allegations contained in paragraphs above as if fully set forth herein.  Align repeats and re-alleges all of its responses to each paragraph above, as if fully set forth herein

384.     Answering Paragraph 384 of the 5AC, no response is required as regards the claims pleaded by Plaintiffs or the relief requested in the 5AC, as the 5AC speaks for itself.  To the extent a response is required, Align admits that the 5AC includes claims for relief under the laws of Arizona, California, Florida, Maryland, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, North Carolina, and Oregon (collectively, the "state law claims"), and that these state law claims are purportedly brought on behalf of corresponding putative state classes.  Align denies that the state law claims are adequately pleaded or are properly before this Court.  Align further denies that Plaintiffs and the putative states classes they seek to represent are entitled to any relief under the

state law claims.

## FOURTH CLAIM FOR RELIEF:
## VIOLATION OF ARIZONA'S UNIFORM STATE ANTITRUST ACT,
## ARIZ. REV. STAT. § 44-1401, *ET SEQ.*
## (ON BEHALF OF THE ARIZONA CLASS)

385.     Answering Paragraph 385 of the 5AC, Align admits that Plaintiffs incorporate and reallege each of the allegations contained in paragraphs above as if fully set forth herein.  Align repeats and re-alleges all of its responses to each paragraph above, as if fully set forth herein.

386.     Answering Paragraph 386 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

387.     Answering Paragraph 387 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

388.     Answering Paragraph 388 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

389.     Answering Paragraph 389 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

390.     Answering Paragraph 390 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

391.     Answering Paragraph 391 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

## FIFTH CLAIM FOR RELIEF:
## VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW,
## CAL. BUS. & PROF. CODE § § 17200, *ET SEQ.*
## (ON BEHALF OF THE CALIFORNIA CLASS)

392.     Answering Paragraph 392 of the 5AC, Align admits that Plaintiffs incorporate by reference the allegations contained in paragraphs above as if fully set forth herein.  Align repeats and re-alleges all of its responses to each paragraph above, as if fully set forth herein.

ANSWER TO FIFTH AMENDED
                                                                          CLASS ACTION COMPLAINT

393.     Answering Paragraph 393 of the 5AC, no response is required as regards the putative class on whose behalf Plaintiffs purport to state allegations, as the 5AC speaks for itself.  To the extent a response is required, Align avers that Plaintiffs refer in Paragraph 393 of the 5AC to an "Indirect Purchaser State Subclass" which term and subclass is not defined or mentioned elsewhere in the 5AC, and thus, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.  Furthermore, no response is required to the legal conclusion stated in the first sentence of Paragraph 393 of the 5AC.  To the extent a response is required, Align denies each and every allegation contained therein.

394.     Answering Paragraph 394 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

395.     Answering Paragraph 395 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

396.     Answering Paragraph 396 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

397.     Answering Paragraph 397 of the 5AC, which contains legal conclusions to which no response is necessary, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

398.     Answering Paragraph 398 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.  Align denies that Plaintiffs are entitled to any relief but further answers that Plaintiffs are limited in the relief they may seek as set forth in the Court's Order dated May 4, 2022 on Align's Motion to Dismiss the 5AC (Dkt. No. 119).

ANSWER TO FIFTH AMENDED
                                                          CLASS ACTION COMPLAINT

**SIXTH CLAIM FOR RELIEF:**
**VIOLATION OF THE FLORIDA DECEPTIVE AND**
**UNFAIR TRADE PRACTICES ACT,**
**FLA. STAT. §501.201(2), *ET SEQ.***
**(ON BEHALF OF THE FLORIDA CLASS)**

399.     Answering Paragraph 399 of the 5AC, Align admits that Plaintiffs incorporate and reallege each of the allegations contained in paragraphs above as if fully set forth herein.  Align repeats and re-alleges all of its responses to each paragraph above, as if fully set forth herein.

400.     Answering Paragraph 400 of the 5AC, no response is required to the legal conclusion or quotation included therein.  To the extent a response is necessary, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

401.     Answering Paragraph 401 of the 5AC, no response is required to the legal conclusion or quotation included therein.  To the extent a response is necessary, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

402.     Answering Paragraph 402 of the 5AC, no response is required to the legal conclusion or statement of the law included therein.  To the extent a response is necessary, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

403.     Answering Paragraph 403 of the 5AC, no response is required to the legal conclusion or quotation included therein.  To the extent a response is necessary, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

404.     Answering Paragraph 404 of the 5AC, which contains legal conclusions to which no response is necessary, Align either denies the allegations or lacks knowledge or information

ANSWER TO FIFTH AMENDED
                                                                                  CLASS ACTION COMPLAINT

sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

405. Answering Paragraph 405 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

406. Answering Paragraph 406 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

407. Answering Paragraph 407 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

408. Answering Paragraph 408 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

409. Answering Paragraph 409 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

**SEVENTH CLAIM FOR RELIEF:**
**VIOLATION OF THE MARYLAND**
**ANTITRUST ACT, ANN. COM. LAW § 11-201, *ET SEQ.***
**(ON BEHALF OF THE MARYLAND CLASS)**

410. Answering Paragraph 410 of the 5AC, Align admits that Plaintiffs incorporate and reallege each of the allegations contained in paragraphs above as if fully set forth herein. Align repeats and re-alleges all of its responses to each paragraph above, as if fully set forth herein.

411. Answering Paragraph 411 of the 5AC, Align admits that Plaintiffs incorporate and reallege each of the allegations contained in paragraphs above as if fully set forth herein. Align repeats and re-alleges all of its responses to each paragraph above, as if fully set forth herein.

412. Answering Paragraph 412 of the 5AC, no response is required to the legal conclusion or statement of the law included therein. To the extent a response is necessary, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

ANSWER TO FIFTH AMENDED
CLASS ACTION COMPLAINT

413.    Answering Paragraph 413 of the 5AC, which contains legal conclusions to which no response is necessary, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

414.    Answering Paragraph 414 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein

**EIGHTH CLAIM FOR RELIEF:**
**VIOLATION OF THE MASSACHUSETTS CONSUMER PROTECTION ACT,**
**MASS. GEN. LAWS CH. 93A § 1, *ET SEQ.***
**(ON BEHALF OF THE MASSACHUSETTS CLASS)**

415.    Answering Paragraph 415 of the 5AC, Align admits that Plaintiffs incorporate and reallege each of the allegations contained in paragraphs above as if fully set forth herein.  Align repeats and re-alleges all of its responses to each paragraph above, as if fully set forth herein.

416.    Answering Paragraph 416 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

417.    Answering Paragraph 417 of the 5AC, which contains legal conclusions to which no response is necessary, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

418.    Answering Paragraph 418 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

419.    Answering Paragraph 419 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

420.    Answering Paragraph 420 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

421.    Answering Paragraph 421 of the 5AC, which contains legal conclusions to which no

ANSWER TO FIFTH AMENDED
CLASS ACTION COMPLAINT

response is necessary, Align denies each and every allegation contained therein.

422.     Answering Paragraph 422 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

423.     Answering Paragraph 423 of the 5AC, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

424.     Answering Paragraph 424 of the 5AC, Align admits that Plaintiffs plead their eighth claim for relief under Mass. Gen. Laws Ch. 93A *et seq.*  Except as expressly admitted, Align denies the remaining allegations in Paragraph 424 of the 5AC.

## NINTH CLAIM FOR RELIEF:
## VIOLATION OF THE MICHIGAN ANTITRUST REFORM ACT
## MICH. COMP. LAWS § 445.771, *ET SEQ.*
## (ON BEHALF OF THE MICHIGAN CLASS)

425.     Answering Paragraph 425 of the 5AC, Align admits that Plaintiffs incorporate and reallege each of the allegations contained in paragraphs above as if fully set forth herein.  Align repeats and re-alleges all of its responses to each paragraph above, as if fully set forth herein.

426.     Answering Paragraph 426 of the 5AC, no response is required to the legal conclusion or quotation included therein.  To the extent a response is necessary, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

427.     Answering Paragraph 427 of the 5AC, which contains legal conclusions to which no response is necessary, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

428.     Answering Paragraph 428 of the 5AC, this paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Align admits that Mich. Comp.

ANSWER TO FIFTH AMENDED
                                                      CLASS ACTION COMPLAINT

Case 3:21-cv-03269-VC   Document 388   Filed 07/31/23   Page 87 of 98


Laws § 445.778 appears within the Michigan Antitrust Reform Act, and avers that the statute speaks for itself. Except as expressly admitted, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

429.    Answering Paragraph 429 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

430.    Answering Paragraph 430 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

**TENTH CLAIM FOR RELIEF:**
**VIOLATION OF THE MINNESOTA ANTITRUST LAW,**
**MINN. STAT. §325D.49, *ET SEQ.***
**(ON BEHALF OF THE MINNESOTA CLASS)**

431.    Answering Paragraph 431 of the 5AC, Align admits that Plaintiffs incorporate and reallege each of the allegations contained in paragraphs above as if fully set forth herein. Align repeats and re-alleges all of its responses to each paragraph above, as if fully set forth herein.

432.    Answering Paragraph 432 of the 5AC, which contains legal conclusions to which no response is necessary, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

433.    Answering Paragraph 433 of the 5AC, which contains legal conclusions to which no response is necessary, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

434.    Answering Paragraph 434 of the 5AC, this paragraph contains legal conclusions to which no response is required. To the extent a response is required, Align admits that Min. Stat. § 325D.56 appears within the Minnesota Antitrust Law of 1971, and avers that the statute speaks for itself. Except as expressly admitted, Align either denies or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies

Case No. 3:21-cv-03269-VC

ANSWER TO FIFTH AMENDED
CLASS ACTION COMPLAINT

them.

435.     Answering Paragraph 435 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

436.     Answering Paragraph 436 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

**ELEVENTH CLAIM FOR RELIEF:**
**VIOLATION OF THE NEBRASKA CONSUMER PROTECTION ACT,**
**NEB. REV. STAT. § 59-1602, *ET SEQ.***
**(ON BEHALF OF THE NEBRASKA CLASS)**

437.     Answering Paragraph 437 of the 5AC, Align admits that Plaintiffs incorporate and reallege each of the allegations contained in paragraphs above as if fully set forth herein.  Align repeats and re-alleges all of its responses to each paragraph above, as if fully set forth herein.

438.     Answering Paragraph 438 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

439.     Answering Paragraph 439 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

440.     Answering Paragraph 440 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

441.     Answering Paragraph 441 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

442.     Answering Paragraph 442 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

443.     Answering Paragraph 443 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

444.     Answering Paragraph 444 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

ANSWER TO FIFTH AMENDED
CLASS ACTION COMPLAINT

445.     Answering Paragraph 445 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

**TWELVTH CLAIM FOR RELIEF:**
**VIOLATION OF THE NEVADA UNFAIR TRADE PRACTICES ACT,**
**NEV. REV. STAT. § 598A.010, *ET SEQ.***
**(ON BEHALF OF THE NEVADA CLASS)**

446.     Answering Paragraph 446 of the 5AC, Align admits that Plaintiffs incorporate and reallege each of the allegations contained in paragraphs above as if fully set forth herein.  Align repeats and re-alleges all of its responses to each paragraph above, as if fully set forth herein.

447.     Answering Paragraph 447 of the 5AC, no response is required to the partial quotation included therein.  To the extent a response is required, Align admits that the words within the quotation included in Paragraph 319 of the 5AC appear within Section 598A.030(1) of the Nevada Revised Statutes, but denies that the quotation is complete or correctly cited.

448.     Answering Paragraph 448 of the 5AC, which contains legal conclusions to which no response is necessary, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

449.     Answering Paragraph 449 of the 5AC, which contains legal conclusions to which no response is necessary, Align either denies the allegations or lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

450.     Answering Paragraph 450 of the 5AC, which contains legal conclusions to which no response is necessary, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

451.     Answering Paragraph 451 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

452.     Answering Paragraph 452 of the 5AC, which contains legal conclusions to which no

response is necessary, Align denies each and every allegation contained therein.

453.    Answering Paragraph 453 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

454.    Answering Paragraph 454 of the 5AC, no response is required to the contains legal conclusion stated therein or to allegations that refer to the knowledge, conduct, opinions, or actions of persons or entities other than Align.  To the extent a response is required, Align admits that Section 598A.210(3) of the Nevada Revised Statutes requires, "[a]ny person commencing an action for violation of the provisions of this chapter shall, simultaneously with the filing of the complaint with the court, mail a copy of the complaint to the Attorney General."  Except as expressly admitted, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

**THIRTEENTH CLAIM FOR RELIEF:**
**VIOLATION OF THE NORTH CAROLINA GENERAL STATUTES,**
**N.C. GEN. STAT. § 75-1, *ET SEQ.***
**(ON BEHALF OF THE NORTH CAROLINA CLASS)**

455.    Answering Paragraph 455 of the 5AC, Align admits that Plaintiffs incorporate and reallege each of the allegations contained in paragraphs above as if fully set forth herein.  Align repeats and re-alleges all of its responses to each paragraph above, as if fully set forth herein.

456.    Answering Paragraph 456 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

457.    Answering Paragraph 457 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

458.    Answering Paragraph 458 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

459.    Answering Paragraph 459 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

**FOURTEENTH CLAIM FOR RELIEF:**
**VIOLATION OF THE OREGON ANTITRUST LAW,**
**OR. REV. STAT. § 646.705, *ET SEQ*.**
**(ON BEHALF OF THE OREGON CLASS)**

460.     Answering Paragraph 460 of the 5AC, Align admits that Plaintiffs incorporate by reference the allegations contained in paragraphs above as if fully set forth herein.  Align repeats and re-alleges all of its responses to each paragraph above, as if fully set forth herein.  As regards the claims for relief pleaded in the 5AC, no response is required as the 5AC speaks for itself.  To the extent a response is required, Align admits that Plaintiffs plead the fourteenth claim for relief under Chapter 646 of the Oregon Revised Statutes on behalf of the putative "Oregon Class."  Except as expressly admitted, Align denies the remaining allegations in Paragraph 460 of the 5AC.

461.     Answering Paragraph 461 of the 5AC, no response is required to the legal conclusions or quotation included therein.  To the extent a response is necessary, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

462.     Answering Paragraph 462 of the 5AC, which contains legal conclusions to which no response is necessary, Align lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

463.     Answering Paragraph 463 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

464.     Answering Paragraph 464 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

465.     Answering Paragraph 465 of the 5AC, which contains legal conclusions to which no response is necessary, Align denies each and every allegation contained therein.

**REQUEST FOR RELIEF**

Align denies that Plaintiffs are entitled to any relief sought by the 5AC in their Request for

Relief.  Align requests that Plaintiffs take nothing from Align in this lawsuit and that Align be awarded attorneys' fees and costs and such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

No response is required to Plaintiffs' demand for a trial by jury.  To the extent a response is required, Align admits that Plaintiffs demand a trial by jury on all issues triable by jury, but deny that any such issues exist with respect to the claims asserted by Plaintiffs in the 5AC.

## ALIGN'S AFFIRMATIVE DEFENSES

Align asserts the following separate and complete affirmative defenses to each of Plaintiffs' causes of action:

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

1.      Neither the 5AC, nor any purported claim alleged therein, states facts sufficient to constitute a cause of action against Align upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Rule 23)

2.      As a further separate and affirmative defense, Align alleges that this action and no part hereof may be maintained as a class action because the requirements of Rule 23 of the Federal Rules of Civil Procedure have not been satisfied.  That is, the allegations set forth by the purported class representatives are atypical from those of the putative class members, making them inadequate class representatives; common questions of fact and law do not predominate over individual issues; the interests of putative class members are in conflict with each other; liability and damages cannot be proven on a class-wide basis; the putative class is not ascertainable; and a class action is not a superior method for adjudicating the claims asserted in the 5AC.

ANSWER TO FIFTH AMENDED
                                                                                              CLASS ACTION COMPLAINT

## THIRD AFFIRMATIVE DEFENSE

### (*In Pari Delicto*)

3.      As a further separate and affirmative defense, Align alleges that Plaintiffs' claims are barred, in whole or in part, by the doctrine of *in pari delicto*.

## FOURTH AFFIRMATIVE DEFENSE

### (No Antitrust Injury)

4.      As a further separate and affirmative defense, Align alleges that that Plaintiffs' claims are barred because Plaintiffs did not suffer any antitrust injury cognizable under the applicable statutes.

## FIFTH AFFIRMATIVE DEFENSE

### (First Amendment and Noerr-Pennington Doctrine)

5.      As a further separate and affirmative defense, Align alleges that Plaintiffs' claims are barred, in whole or in part, insofar as the 5AC challenges Align's lawful exercise of rights protected by the First Amendment of the United States Constitution and by the Noerr-Pennington doctrine.

## SIXTH AFFIRMATIVE DEFENSE

### (Plaintiffs Caused or Contributed to Any Injuries)

6.      As a further separate and affirmative defense, Align alleges that Plaintiffs' claims are barred, in whole or in part, because any and all injuries alleged in the Complaint, the fact and extent to which are expressly denied by the Defendant, were directly and proximately caused by or contributed to by the statements, acts, and/or omissions of Plaintiffs or other third parties, including, but not limited to, plaintiffs in the case *Simon & Simon, PC, et al. v. Align Technology, Inc.*, Case No. 3:20-cv-03754 (N.D. Cal.).

## SEVENTH AFFIRMATIVE DEFENSE

### (Double Recovery)

7.      As a further separate and affirmative defense, Align alleges that Plaintiffs' claims are

ANSWER TO FIFTH AMENDED
                                                                        CLASS ACTION COMPLAINT

barred, in whole or in part, because any recovery by Plaintiffs must be offset by any potentially

recovery obtained by third parties including, but not limited to, plaintiffs in the case *Simon & Simon,*

*PC, et al. v. Align Technology, Inc.*, Case No. 3:20-cv-03754 (N.D. Cal.), for claims alleging injury based

on the same set of acts, occurrences, or omissions as those alleged in the 5AC.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

8.      As a further separate and affirmative defense, Align alleges that, to the extent

Plaintiffs have sustained damages, which Align expressly denies, Plaintiffs have contributed in a

direct and proximate manner to their own damages by failing to act reasonably and prudently to

mitigate their damages.  Plaintiffs' damages, if any, must be reduced by the extent to which those

damages were proximately caused by Plaintiffs' failure to mitigate their own damages.

## NINTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

9.      As a further separate and affirmative defense, Align alleges that the 5AC, and each

and every claim alleged therein, is barred, in whole or in part, because Plaintiffs would be unjustly

enriched if they were allowed to recover any part of the damages alleged in the 5AC.

## TENTH AFFIRMATIVE DEFENSE

### (Lawful, Justified, and Pro-Competitive Conduct by Align)

10.     As a further separate and affirmative defense, Align alleges that the 5AC, and each

and every claim alleged therein, is barred because Align's actions challenged by the Plaintiffs were

lawful, justified, and procompetitive, and were carried out in furtherance of Align's legitimate

business interests.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

11.     As a further separate and affirmative defense, Align alleges that Plaintiffs' claims are

ANSWER TO FIFTH AMENDED
CLASS ACTION COMPLAINT

barred, in whole or in part, by the applicable statute of limitations.

## TWELFTH AFFIRMATIVE DEFENSE

### (Compliance with Federal and State Government Regulations)

12.     As a further separate and affirmative defense, Align alleges that the 5AC, and each and every claim alleged therein, is barred because Align has complied with all applicable regulations of the federal and state governments.  Without limitation, dentists and orthodontists retain the legal authority for prescribing treatment to configure their patients' teeth.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

13.     As a further separate and affirmative defense, Align alleges that Plaintiffs' claims are barred, in whole or in part, by the doctrine of waiver.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Laches)

14.     As a further separate and affirmative defense, Align alleges that Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Equitable Estoppel)

15.     As a further separate and affirmative defense, Align alleges that Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches

## SIXTEENTH AFFIRMATIVE DEFENSE

### (No Standing)

16.     As a further separate and affirmative defense, Align alleges that Plaintiffs' claims are barred, in whole or in part, due to insufficient Article III and antitrust standing to prosecute the asserted claims.

ANSWER TO FIFTH AMENDED
                                                                                CLASS ACTION COMPLAINT

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Join Necessary Party)

17.     As a further separate and affirmative defense, Align alleges that Plaintiffs' claims are barred, in whole or in part, due to Plaintiffs' failure to join a necessary party to the litigation, as required by Federal Rule of Civil Procedure 19.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Fault of Others)

18.      As a further separate and affirmative defense, Align alleges that Plaintiffs' claims are barred, in whole or in part, because the injuries and damages complained of by Plaintiff are the fault of persons or entities other than Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

19.     As a further separate and affirmative defense, Align alleges that Plaintiffs' claims are barred, in whole or in part, based on lack of jurisdiction

## TWENTIETH AFFIRMATIVE DEFENSE

### (*Copperweld* Doctrine)

20.     As a further separate and affirmative defense, Align alleges that Plaintiffs' claims of conspiracy are barred, in whole or in part, by the *Copperweld* doctrine.

## RESERVATION OF RIGHT TO ASSERT ADDITIONAL DEFENSES

21.     Align expressly reserves the right to assert additional legal defenses as they become known, including all affirmative defenses that it may have against Plaintiffs.  Additionally, Align reserves the right to amend this Answer to the extent it is entitled to do so

## PRAYER

WHEREFORE, Align prays for judgment as follows:

1.     That no class is certified;

ANSWER TO FIFTH AMENDED
CLASS ACTION COMPLAINT

2.      That neither the named Plaintiffs, nor any putative members of any purported class take anything by reason of any of the allegations or matters set forth in the 5AC;

3.      That Plaintiffs' request for injunctive relief be denied;

4.      That the 5AC be dismissed in its entirety with prejudice;

5.      That judgment be entered for Align;

6.      That Align be awarded all recoverable costs, including reasonable attorney's fees; and

7.      That Align be awarded such other and further relief as the Court deems just and proper.

DATED: July 20, 2023            BARTLIT BECK LLP


By:     */s/ Luke C. Beasley*     

**BARTLIT BECK LLP**
Karma M. Giulianelli (SB# 184175)
John M. Hughes (*pro hac vice*)
Joseph W. Doman (*pro hac vice*)
Samara R. Hoose (SB# 337713)
john.hughes@bartlitbeck.com
karma.giulianelli@bartlitbeck.com
joe.doman@bartlitbeck.com
samara.hoose@bartlitbeck.com
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140

Mark L. Levine (*pro hac vice*)
Robert B. Tannnenbaum (*pro hac vice*)
Luke C. Beasley (*pro hac vice*)
mark.levine@bartlitbeck.com
robert.tannenbaum@bartlitbeck.com
luke.beasley@bartlitbeck.com
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440

Attorneys for Defendant
ALIGN TECHNOLOGY, INC.