Mary F. Fetsco (Ill. Bar No. 6315338)
**FITCH, EVEN, TABIN & FLANNERY LLP**
120 South LaSalle Street, Suite 2100
Chicago, Illinois 60603
Telephone: (312) 577-7000
Facsimile: (312) 577-7007
mfetsco@fitcheven.com

*Attorney for Non-Party*
ALIGNERCO CORP.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MISTY SNOW, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiffs,<br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>　　　　Defendant. | Case No. 3:21-cv-03269-VC<br><br>**DECLARATION OF MARY F. FETSCO IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED** |

DECLARATION OF MARY F. FETSCO
IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIALS SHOULD BE SEALED

Case No. 3:21-cv-03269-VC

I, Mary F. Fetsco, declare as follows:

1. I am counsel for AlignerCo Corp. ("AlignerCo"), a non-party to this litigation. I have personal knowledge of the facts set forth herein and, if called upon as a witness, I could and would testify to such facts under oath.

2. I submit this declaration in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 541) pursuant to Civil Local Rule 79-5(f)(3) and 79-5(c)(1), and to confirm that at least the below-identified portions of Plaintiffs' Motion for Class Certification (ECF No. 540) (the "Motion") and Exhibit 5 thereto – the "Expert Report of William B. Vogt, Ph.D." dated September 8, 2023 (the "Vogt Report") (ECF No. 540-5) should remain redacted and/or sealed.

3. On April 10, 2023, AlignerCo received a third-party Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action (the "Subpoena") from Align Technology, Inc. in relation to *Snow v. Align Technology, Inc.*, 3:21-cv-03269-VC. In response to the Subpoena, AlignerCo produced certain confidential financial information, including income and expenses (hereinafter "the AlignerCo Confidential Production"), under a HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY designation.

4. A party requesting to seal and/or redact documents must ordinarily demonstrate "compelling reasons" to do so, or, in certain exceptions, "good cause." Here, both the more stringent "compelling reasons" and the more relaxed "good cause" standards are met. Examples of compelling reasons to seal and/or redact information include when the document may be used as a "source[] of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

5. The Vogt Report reproduces the AlignerCo Confidential Production in its entirety. Plaintiffs' Motion and the Vogt Report also incorporate portions of the AlignerCo Confidential Production. Because these documents reveal AlignerCo's non-public and highly confidential financial information, which could be used by competitors to harm AlignerCo's competitive standing or harm

DECLARATION OF MARY F. FETSCO
IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIALS SHOULD BE SEALED

Case No. 3:21-cv-03269-VC

AlignerCo's relationships with customers, AlignerCo consequently seeks to redact and/or seal this information.

6. I have reviewed the publicly filed redacted version of the Motion, and confirm that AlignerCo seeks to redact the following portions of the Motion Plaintiffs have submitted to the Court:

| Portion of Motion (ECF No. 540) to Remain Redacted | Reason for Redaction |
| --- | --- |
| The market share percentage values at lines 7 and 8 of page 16. | These market share percentage values were calculated using AlignerCo's Confidential Production of non-public and highly confidential financial information. This information, if made public, could be used by competitors to harm AlignerCo's competitive standing or harm AlignerCo's relationships with customers. |

7. Plaintiffs' counsel provided selected portions of the Vogt Report that it deemed relevant to AlignerCo's Confidential Production. Because Plaintiffs have not permitted review of the remainder of the Vogt Report, we request the Vogt Report remain sealed in its entirety. I have reviewed the selected portions of the Vogt Report provided to me by Plaintiffs' counsel, and confirm that AlignerCo seeks to redact at least the following portions of the Vogt Report, which Plaintiffs have submitted to the Court:

| Portion of Vogt Report (ECF No. 540-5) to be Redacted | Reason for Redaction |
| --- | --- |
| Figure 8: Direct-to-Consumer Market Shares (¶ 336, p. 120) | It is AlignerCo's understanding that Figure 8 charts at least sales and/or market share percentage values calculated using AlignerCo's Confidential Production. Figure 8, if made public, could be used by competitors to harm AlignerCo's competitive standing or harm AlignerCo's relationships with customers. |
| Figure 10: Direct-to-Consumer Third Party Competitor Pricing (¶ 350, p. 133) | It is AlignerCo's understanding that Figure 10 plots a portion of AlignerCo's Confidential Production, including average annual pricing values for AlignerCo. Figure 10, if made public, could be used by competitors to harm AlignerCo's competitive standing or harm AlignerCo's relationships with customers. |

DECLARATION OF MARY F. FETSCO IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED

Case No. 3:21-cv-03269-VC

| | |
|---|---|
| Paragraph 353 (p. 134) | Paragraph 353 recites a portion of AlignerCo's Confidential Production, including pricing information. Paragraph 353, if made public, could be used by competitors to harm AlignerCo's competitive standing or harm AlignerCo's relationships with customers. |
| Paragraph 354 (p. 134) | Paragraph 354 recites the value of AlignerCo's market share, calculated using AlignerCo's Confidential Production. Paragraph 354, if made public, could be used by competitors to harm AlignerCo's competitive standing or harm AlignerCo's relationships with customers. |
| Paragraph 357 (p. 134) | Paragraph 357 recites the value of AlignerCo's market share, calculated using AlignerCo's Confidential Production. Paragraph 357, if made public, could be used by competitors to harm AlignerCo's competitive standing or harm AlignerCo's relationships with customers. |
| Figure 11: Diversion from Candid to SmileDirectClub, Post Candid Exit (¶ 357, p. 135) | It is AlignerCo's understanding that Figure 11 charts at least market share percentage values calculated using AlignerCo's Confidential Production. Figure 11, if made public, could be used by competitors to harm AlignerCo's competitive standing or harm AlignerCo's relationships with customers. |
| Paragraph 597 (pp. 239-240) | Paragraph 597 reproduces AlignerCo's Highly Confidential – Attorneys' Eyes Only designated production, including non-public, highly confidential, financial information such as income and expenses. Paragraph 597, if made public, could be used by competitors to harm AlignerCo's competitive standing or harm AlignerCo's relationships with customers. |

8. Accordingly, AlignerCo respectfully requests that the Court protect AlignerCo's confidential information and redact the above-identified portions of Plaintiffs' Motion for Class Certification (ECF No. 540) and redact and/or seal Exhibit 5 thereto – the "Expert Report of William B. Vogt, Ph.D." dated September 8, 2023 (ECF No. 540-5).

DECLARATION OF MARY F. FETSCO IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED

Case No. 3:21-cv-03269-VC

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 26th day of February, 2024 in Chicago, Illinois.

/s/ Mary F. Fetsco
Mary F. Fetsco
*Attorney for Non-Party AlignerCo Corp.*

DECLARATION OF MARY F. FETSCO
IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE
MOTION TO CONSIDER WHETHER ANOTHER
PARTY'S MATERIALS SHOULD BE SEALED

Case No. 3:21-cv-03269-VC