**HAGENS BERMAN SOBOL SHAPIRO LLP**
Steve W. Berman (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com

**HAGENS BERMAN SOBOL SHAPIRO LLP**
Rio S. Pierce (SBN 298297)
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: riop@hbsslaw.com

Lead Counsel for the Indirect Purchaser Plaintiff Classes in *Snow, et al. v. Align Tech., Inc.*

Additional Counsel on Signature Page

**PAUL HASTINGS LLP**
James M. Pearl (SBN. 198481)
Emma Farrow (SBN. 347126)
1999 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: (310) 553-6700
Fax: (310) 620-5899
Email: jamespearl@paulhastings.com
         emmafarrow@paulhastings.com

*Attorneys for Defendant Align Technology, Inc.*

Additional Counsel on Signature Page

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| MISTY SNOW et al., individually and on behalf of others similarly situated,<br><br>                           *Plaintiffs*,<br>      v.<br><br>ALIGN TECHNOLOGY, INC.,<br>                           *Defendant*. | Case No. 3:21-CV-03269-VC<br><br>**JOINT STATUS REPORT**<br><br>Hon. Vince Chhabria |

On March 1, 2024, the Court ordered the parties to file a status report "justifying and identifying the legal standard as to the Court issuing an order granting partial judgment in *Snow*[.]" ECF No. 552. Plaintiff Misty Snow and Defendant Align Technology, Inc. (collectively, the "Parties") jointly submit this status report in response to the Court's order.

**Legal standard**

Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Although "an order granting partial summary judgment is usually not an appealable final order under 28 U.S.C. § 1291 because it does not dispose of all of the claims," Rule 54(b) creates an "important exception" to this rule, and was adopted "specifically to avoid the possible injustice of delay[ing] judgment o[n] a distinctly separate claim [pending] adjudication of the entire case.... The Rule thus aimed to augment, not diminish, appeal opportunity." *Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015) (internal citation and quotation marks omitted, alterations in original).

Where a party requests partial final judgment under Rule 54(b), the district court's inquiry has two parts. First, the court must "determine that it has rendered a 'final judgment,' that is, a judgment that is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (quoting *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 7 (1980)). Second, the court "must determine whether there is any just reason for delay." *Id.* In evaluating whether a just reason for delay exists, courts consider:

> (1) whether certification will result in unnecessary appellate review; (2) whether the claims finally adjudicated were separate, distinct, and independent of any of the other claims or counterclaims involved; (3) whether review of the adjudicated claims would not be mooted by any future developments in the case; and (4) whether the nature of the claims was such that no appellate court would have to decide the same

issues more than once even if there were subsequent appeals." *Belyea v. GreenSky, Inc.*, No. 20-CV-01693-JSC, 2022 WL 20656597, at *1 (N.D. Cal. Apr. 20, 2022) (citing *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)).

"The determination regarding Rule 54(b)'s equitable analysis ordinarily is left to the sound judicial discretion of the district court to determine the appropriate time when each final decision in a multiple claims action is ready for appeal." *Jewel*, 810 F.3d at 628 (internal citation and quotation marks omitted). However, "[i]n reviewing a district court's decision to certify a claim under Rule 54(b), the Ninth Circuit considers 'whether the certified order is sufficiently divisible from the other claims such that the 'case would [not] come back to this court on the same set of facts.''" *Belyea*, 2022 WL 20656597, at *2 (quoting *Jewel*, 810 F.3d at 628). "This inquiry does not require the issues raised on appeal to be completely distinct from the rest of the action, so long as resolving the claims would streamline the ensuing litigation." *Id.* (internal quotation marks omitted). Although the Ninth Circuit "encourage[s] district courts to make factual findings and to explain their reasons for certifying under Rule 54(b) in order to facilitate appellate review … the 'lack of such findings is not a jurisdictional defect as long as we can independently determine the propriety of the order.'" *Jewel*, 810 F.3d at 628 (9th Cir. 2015) (quoting *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009)) (internal citations omitted).

### The Parties' position

The Parties' position is that the Court's decision on Plaintiffs' Section 2 claim constitutes a final judgment within the meaning of Rule 54(b), and that there is no just reason for delay in entering a partial final judgment. Plaintiffs' pending Section 1 claim is based on wholly separate allegations and facts, seeks relief on behalf of a separate putative class, and is proceeding on a separate schedule with separate Section 1-specific deadlines. There is thus no risk that, if Plaintiffs appeal the Court's summary judgment order (ECF No. 548), the Ninth Circuit's review of that order would be "mooted" by future developments related to Plaintiffs' Section 1 claim, or that any later

appeal related to Plaintiffs' Section 1 claims would require the Ninth Circuit to "decide the same issues more than once." Further, delaying entry of judgment on Plaintiffs' Section 2 claim would prevent the *Snow* and *Simon* plaintiffs from simultaneously litigating any appeals before the Ninth Circuit, and risk, for example, separate Section 2 trials in the event the Court's summary judgment order is reversed.

The Parties will endeavor to submit a stipulation and proposed order to the Court by March 21, 2024, setting forth the reasons that there is no just reason for delay in entering judgment on *Snow* Plaintiffs' Section 2 claims pursuant to Rule 54(b). *Snow* Plaintiffs also anticipate filing a notice of appeal of the Court's summary judgment order on March 22, 2024, in order to ensure that their appeal remains on the same track as that of the *Simon* Plaintiffs, who filed a notice of appeal on March 19, 2024.[1]

Dated: March 20, 2024                                    Respectfully submitted,

---

[1] The *Simon* Plaintiffs have indicated they will be filing a separate status report – also requesting that judgment be entered. Defendant joins in that request.

By: *Steve W. Berman*

Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com

Rio S. Pierce (State Bar No. 298297)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: riop@hbsslaw.com

Lead Counsel for Plaintiffs and the Indirect Purchaser Plaintiff Classes in *Snow, et al. v. Align Tech., Inc.*

By:     */s/ James M. Pearl*
        James M. Pearl

James M. Pearl (SBN. 198481)
Emma Farrow (SBN. 347126)
**PAUL HASTINGS LLP**
1999 Avenue of the Stars, Suite 2700
Los Angeles, CA 90067
Telephone: (310) 553-6700
Fax: (310) 620-5899
Email: jamespearl@paulhastings.com
      emmafarrow@paulhastings.com

Thomas A. Counts (SBN. 148051)
Abigail Heather Wald (SBN. 309110)
**PAUL HASTINGS LLP**
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Fax: (415) 856-7100
Email: tomcounts@paulhastings.com
      abigailwald@paulhastings.com

Adam M. Reich (SBN. 274235)
Michael C. Whalen (*pro hac vice*)
**PAUL HASTINGS LLP**
71 South Wacker Drive, 45th Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100
Email: adamreich@paulhastings.com
      michaelcwhalen@paulhastings.com

Michael F. Murray (*pro hac vice*)
**PAUL HASTINGS LLP**
2050 M Street, NW
Washington, DC 20036
Telephone: (202) 551-1700
Fax: (202) 551-1705
Email: michaelmurray@paulhastings.com

Noah Pinegar (*pro hac vice*)
**PAUL HASTINGS LLP**
200 Park Avenue, 26th Floor
New York, NY 10166
Telephone: (212) 318-6000
Fax: (212) 319-4090
Email: noahpinegar@paulhastings.com

*Attorneys for Defendant Align Technology, Inc.*

**FILER'S ATTESTATION**

I, Rio S. Pierce, am the ECF user whose identification and password are being used to file this Joint Case Management Conference Statement. In compliance with L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this Joint Case Management Conference Statement has been obtained from each of the other signatories.

March 20, 2024                              /s/ Rio S. Pierce
                                            RIO S. PIERCE