Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
Joseph M. Kingerski (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com
Email: joeyk@hbsslaw.com

Rio S. Pierce (SBN 298297)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: riop@hbsslaw.com

*Counsel for Plaintiffs*

PAUL HASTINGS LLP
James M. Pearl (SB# 198481)
Emma Farrow (SB# 347126)
jamespearl@paulhastings.com
emmafarrow@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Los Angeles, CA 90067
Telephone: 1(310) 620-5700
Facsimile: 1(310) 620-5899

Adam M. Reich (SB# 274235)
Michael C. Whalen (*pro hac vice*)
adamreich@paulhastings.com
michaelcwhalen@paulhastings.com
71 South Wacker Drive, 45th Floor
Chicago, Illinois 60606
Telephone: 1(312) 499-6000
Facsimile: 1(312) 499-6100

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISON

| | |
|---|---|
| MISTY SNOW, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>   v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>    Defendant. | Case No. 3:21-cv-03269-VC<br><br>**JOINT STIPULATED REQUEST FOR ORDER ENTERING PARTIAL FINAL JUDGMENT PURSUANT TO RULE 54(B)**<br><br>[Proposed] Order filed concurrently herewith |

WHEREAS, on February 21, 2024, the Court entered an order granting summary judgment (ECF No. 548) for Align on Plaintiffs' claim under Section 2 of the Sherman Act and related state law claims (hereafter the "Section 2 claim")[1];

WHEREAS, the Court's order on Plaintiffs' Section 2 claim did not affect Plaintiffs' separate claim under Section 1 of the Sherman Act (hereafter the "Section 1 claim"), which remains before the Court;

WHEREAS, Plaintiffs' Section 2 claim—as part of which Plaintiffs allege that Align monopolized the market for in-office clear aligners—and Section 1 claim—as part of which Plaintiffs allege that Align conspired to allocate the market for direct-to-consumer clear aligners with co-conspirator SmileDirectClub—are based on separate allegations, discovery, and facts;

WHEREAS, Plaintiffs' Section 2 claim—by which Plaintiffs seek relief on behalf of a purported class of indirect purchasers of Invisalign—and Section 1 claim—by which Plaintiffs seek relief on behalf of a class of direct purchasers of SmileDirectClub treatment—seek separate relief on behalf of separate classes, and are the subject of wholly separate expert analysis, class certification briefing, and summary judgment briefing;

WHEREAS, Plaintiffs' Section 1 claim is proceeding on a separate schedule from their Section 2 claim, and includes separate case deadlines;

WHEREAS, Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct

---

[1] Specifically, Plaintiffs bring a claim for injunctive relief under Section 2 of the Sherman Act on behalf of a nationwide class (Count I); Plaintiffs bring related state law claims for damages under the laws of Arizona, California, Maryland, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, North Carolina, and Oregon on behalf of classes from those states (Counts IV, V, VII, VIII, IX, X, XI, XII, XIII, XIV).

entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay";

WHEREAS, the Court's summary judgment order (ECF No. 548) constitutes an "ultimate disposition" of Plaintiffs' Section 2 claim, and therefore a "final judgment" on that claim within the meaning of Rule 54(b), *see Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005);

WHEREAS, there is no risk that entry of final judgment on Plaintiffs' Section 2 claim would result in unnecessary appellate review; Plaintiffs' Section 2 claim is separate, distinct, and independent from Plaintiffs' Section 1 claim; appellate review of Plaintiffs' Section 2 claim would not be mooted by any further developments related to Plaintiffs' Section 1 claim; and the nature of Plaintiffs' Section 2 claim is such that no appellate court would have to decide the same issues more than once were there a subsequent appeal related to Plaintiffs' Section 1 claim, *see Belyea v. GreenSky, Inc.*, No. 20-CV-01693-JSC, 2022 WL 20656597, at *1 (N.D. Cal. Apr. 20, 2022) (citing *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)); *see also Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015);

WHEREAS, entry of final judgment on Plaintiffs' Section 2 claim would also conserve judicial resources and "streamline the ensuing litigation" by allowing Plaintiffs to pursue an appeal of the Court's summary judgment order on the same schedule as the plaintiffs in *Simon and Simon, PC v. Align Technology, Inc.*, 3:20-cv-03754-VC (N.D. Cal.), whose claim under Section 2 of the Sherman Act was resolved by an identical summary judgment order in that

action (*Simon* ECF No. 432[2]), *see Jewel*, 810 F.3d at 828 (quoting *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (citation omitted));

WHEREAS, there is therefore no just reason for delay in entering in entering final judgement on Plaintiffs' claim under Section 2 of the Sherman Act and related state law claims;

NOW, THEREFORE, the Parties hereby submit this stipulated request for an order from the Court entering final judgment on Plaintiffs' claim under Section 2 of the Sherman Act and related state law claims.

DATED: March 21, 2024                    HAGENS BERMAN SOBOL SHAPIRO LLP

By */s/  Steve W. Berman*
Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
Joseph M. Kingerski (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com
Email: joeyk@hbsslaw.com

Rio S. Pierce (SBN 298297)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: riop@hbsslaw.com

Abbye R. K. Ognibene (SBN 311112)
HAGENS BERMAN SOBOL SHAPIRO LLP
1 Faneuil Hall Sq., 5th Floor

---

[2] The *Simon* plaintiffs filed a notice of appeal on March 19, 2024 (*Simon* ECF No. 441). Plaintiffs in *Simon* are direct purchasers of Invisalign—generally dentists and orthodontists. Plaintiffs here are indirect purchasers of Invisalign treatment—individual consumers who purchased Invisalign treatment from their dentist or orthodontist. The *Simon* plaintiffs do not bring a comparable claim under Section 1 of the Sherman Act and have no other claims remaining before the Court.

Boston, MA 02109
Telephone: (617) 475-1975
Facsimile: (617) 482-3003
Email: abbyeo@hbsslaw.com

*Counsel for Plaintiffs*

DATED: March 21, 2024

PAUL HASTINGS LLP

By: */s/ James M. Pearl*
James M. Pearl (SB# 198481)
Emma Farrow (SB# 347126)
jamespearl@paulhastings.com
emmafarrow@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Los Angeles, CA 90067
Telephone: 1(310) 620-5700
Facsimile: 1(310) 620-5899

Adam M. Reich (SB# 274235)
Michael C. Whalen (*pro hac vice*)
adamreich@paulhastings.com
michaelcwhalen@paulhastings.com
71 South Wacker Drive, 45th Floor
Chicago, Illinois 60606
Telephone: 1(312) 499-6000
Facsimile: 1(312) 499-6100

*Attorneys for Defendant Align Technology, Inc.*

## ATTESTATION OF CONCURRENCE IN THE FILING

Pursuant to Civil Local Rule 5-1(j)(3), the filer attests that concurrence in the filing of this document has been obtained from each of the signatories.

*s/ Rio S. Pierce*
RIO S. PIERCE