# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISON

| | |
|---|---|
| MISTY SNOW, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>        Defendant. | Case No. 3:21-cv-03269-VC<br><br>**[PROPOSED] ORDER GRANTING JOINT STIPULATED REQUEST FOR ORDER ENTERING PARTIAL FINAL JUDGMENT PURSUANT TO RULE 54(B)** |

On February 21, 2024, the Court entered an order granting summary judgment (ECF No. 548) for Align on Plaintiffs' claim under Section 2 of the Sherman Act and related state law claims (hereafter the "Section 2 claim").[1] The Court's order on Plaintiffs' Section 2 claim did not affect Plaintiffs' separate claim under Section 1 of the Sherman Act (hereafter the "Section 1 claim"), which remains before the Court.

Plaintiffs' Section 2 claim—as part of which Plaintiffs allege that Align monopolized the market for in-office clear aligners—and Section 1 claim—as part of which Plaintiffs allege that Align conspired to allocate the market for direct-to-consumer clear aligners with co-conspirator SmileDirectClub—are based on separate allegations, discovery, and facts. Plaintiffs' Section 2 claim—by which Plaintiffs seek relief on behalf of a class of indirect purchasers of Invisalign— and Section 1 claim—by which Plaintiffs seek relief on behalf of a purported class of direct purchasers of SmileDirectClub treatment—seek separate relief on behalf of separate classes, and are the subject of wholly separate expert analysis, class certification briefing, and summary judgment briefing. Plaintiffs' Section 1 claim is proceeding on a separate schedule from their Section 2 claim, and includes separate briefing and trial dates.

Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Court's summary judgment order (ECF No. 548) constitutes an "ultimate disposition" of Plaintiffs' Section 2 claim, and therefore a

---

[1] Specifically, Plaintiffs bring a claim for injunctive relief under Section 2 of the Sherman Act on behalf of a nationwide class (Count I); Plaintiffs bring related state law claims for damages under the laws of Arizona, California, Maryland, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, North Carolina, and Oregon on behalf of classes from those states (Counts IV, V, VII, VIII, IX, X, XI, XII, XIII, XIV).

"final judgment" on that claim within the meaning of Rule 54(b). *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). There is no risk that entry of final judgment on Plaintiffs' Section 2 claim would result in unnecessary appellate review. Plaintiffs' Section 2 claim is separate, distinct, and independent from Plaintiffs' Section 1 claim. Appellate review of Plaintiffs' Section 2 claim would not be mooted by any further developments related to Plaintiffs' Section 1 claim. The nature of Plaintiffs' Section 2 claim is such that no appellate court would have to decide the same issues more than once were there a subsequent appeal related to Plaintiffs' Section 1 claim. *See Belyea v. GreenSky, Inc.*, No. 20-CV-01693-JSC, 2022 WL 20656597, at *1 (N.D. Cal. Apr. 20, 2022) (citing *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)); *see also Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015).

Entry of final judgment on Plaintiffs' Section 2 claim would also conserve judicial resources and "streamline the ensuing litigation" by allowing Plaintiffs to pursue an appeal of the Court's summary judgment order on the same schedule as the plaintiffs in *Simon and Simon, PC v. Align Technology, Inc.*, 3:20-cv-03754-VC (N.D. Cal.), whose claim under Section 2 of the Sherman Act was resolved by an identical summary judgment order in that action (*Simon* ECF No. 432[2]). *See Jewel*, 810 F.3d at 828 (quoting *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (citation omitted)).

---

[2] The *Simon* plaintiffs filed a notice of appeal on March 19, 2024 (*Simon* ECF No. 441). Plaintiffs in *Simon* are direct purchasers of Invisalign—generally dentists and orthodontists. Plaintiffs here are indirect purchasers of Invisalign treatment—individual consumers who purchased Invisalign treatment from their dentist or orthodontist. The *Simon* plaintiffs do not bring a comparable claim under Section 1 of the Sherman Act and have no other claims remaining before the Court.

There is therefore no just reason for delay in entering in entering final judgement on Plaintiffs' claim under Section 2 of the Sherman Act and related state law claims.

Good cause appearing, **IT IS HEREBY ORDERED THAT** final judgment is entered on Plaintiffs' claim under Section 2 of the Sherman Act and related state law claims.

SO ORDERED this _22_ day of _March_, 2024

By: _____
The Honorable Vince Chhabria
United States District Judge

APPROVED
Judge Vince Chhabria