Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
Joseph M. Kingerski (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com
Email: joeyk@hbsslaw.com

Rio S. Pierce (SBN 298297)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: riop@hbsslaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISO DIVISION

| | |
|---|---|
| MISTY SNOW, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>　　　　　　　　　　　　　Defendant. | No. 3:21-cv-03269-VC (TSH)<br><br>DECLARATION OF THEODORE WOJCIK UNDER CIVIL LOCAL RULE 79-5(f) IN SUPPORT OF DEFENDANT ALIGN TECHNOLOGY, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED<br><br>Re: ECF No. 564 |

I, Theodore Wojcik, state under oath, as follows:

1. I am a partner at Hagens Berman Sobol Shapiro LLP. Hagens Berman is counsel for the Plaintiffs in this case. I have full knowledge of the matters stated herein and could and would testify thereto. I make this declaration under Civil Local Rule 79-5(f) in support of Defendant Align Technology, Inc.'s Administrative Motion to Consider Whether Another Party's Materials Should be Sealed (ECF No. 564).

2. This declaration is filed pursuant to Northern District Civil Local Rule 79-5(f), to provide support for the filing under seal certain portions of Defendant Align Technology, Inc.'s Opposition to Plaintiffs' Motion for Class Certification and *Daubert* Motion to Preclude Expert Testimony ("Motion"), hereafter the "Confidential Material," that were provisionally filed under seal on March 29, 2024 (ECF No. 562). The exhibits to the Motion that are part of the Confidential Material consist of the following[1]:

| Ex. | Designating Party | Description of Confidential Content |
|---|---|---|
| 41 | Plaintiffs | Exhibit 41 consists of SDC payment and treatment records, including photographs, for Plaintiff Dana Bozian's minor child |
| 42 | Plaintiffs | N/A |
| 43 | Plaintiffs | Exhibit 43 consists of SDC payment and treatment records, including photographs, for Plaintiff Mike Casad |
| 44 | Plaintiffs | N/A |
| 45 | Plaintiffs | Exhibit 45 consists of SDC payment treatment records, including photographs, for Plaintiff James Eaton |
| 46 | Plaintiffs | N/A |

3. Courts in the Ninth Circuit generally apply a compelling reasons standard to motions to seal in connection with class certification. *See, e.g.*, *Kumandan v. Google LLC*, No.

---

[1] To the extent an exhibit submitted under seal is not discussed here (denoted with an "N/A" in the "description" field), Plaintiffs do not seek to maintain that document under seal.

19-cv-04286-BLF, 2022 WL 17971633, at *1 (N.D. Cal. Nov. 17, 2022); *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6391210, at *2 (N.D. Cal. Mar. 24, 2020). The Ninth Circuit has held that "access to judicial records is not absolute," and certain nonpublic, commercially sensitive documents may be protected from disclosure. *Kamanana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

4. Plaintiffs seek to preserve under seal documents containing information about their (or their minor children's) medical treatment, home addresses, and contact information. Courts have found compelling reasons to seal this information. *See Kumandan*, 2022 WL 17971633, at *1 (collecting cases in which courts "found compelling reasons to seal home addresses, financial account information, [and] email addresses[.]"); *Andruhovics v. San Francisco Sheriff's Off.*, No. 22-CV-01178-HSG, 2023 WL 2504756, at *2 (N.D. Cal. Mar. 13, 2023) (finding compelling reasons to seal documents "that contain medical records, detailed descriptions of medical conditions, and other highly personal information."); *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011) (finding that confidentiality of "medical information outweighs any necessity for disclosure"); *LLavata v. Morrow*, No. 2:11-cv-00250-JAD-CWH, 2014 WL 664613, at *7 (D. Nev. Feb. 18, 2014) (denying motion to unseal because "the privacy considerations that led to sealing Llavata's medical records remain compelling").

5. The fact that Class Plaintiffs' suit concerns their SDC purchases does not prohibit the sealing of the medical records and treatment information, as the purpose of public disclosure of materials filed with the Court is to provide the public access to the information relevant to the disposition of the motion. *See Kumandan*, 2022 WL 17971633, at *1 (compelling reasons standard applies to material that is "more than tangentially related to the merits of a case") (internal quotation omitted). The Confidential Material at issue is unrelated to the public's

understanding of the judicial proceedings in this case, and the public's interest in disclosure of these documents is minimal.

6.   Redaction of the Confidential Material is also consistent with the confidentiality protections of the Stipulated Protective Order (ECF No. 34). Moreover, the redacted Confidential Material is consistent with the definition of "Highly Confidential" information as defined by the Stipulated Protective Order, which covers information where "disclosure . . . to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means." (ECF No. 34, ¶ 2.7). Exposure of Named Plaintiffs' personal information, including medical records and certain personal identifying information, would risk harm.

7.   I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 5th day of April 2024, at Seattle, Washington.

*s/ Theodore Wojcik*
THEODORE WOJCIK
