**PAUL HASTINGS LLP**
James M. Pearl (SB# 198481)
Emma Farrow (SB# 347126)
jamespearl@paulhastings.com
emmafarrow@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Los Angeles, California 90067
Telephone:  1(310) 620-5700
Facsimile:  1(310) 620-5899

Thomas A. Counts (SB# 148051)
tomcounts@paulhastings.com
101 California Street, 48th Floor
San Francisco, California  94111
Telephone:  1(415) 856-7000
Facsimile:  1(415) 856-7100

Michael F. Murray (*pro hac vice*)
michaelmurray@paulhastings.com
2050 M Street, N.W.
Washington, DC 20036
Telephone:  1(202) 551-1700
Facsimile:  1(202) 551-1705

Adam M. Reich (SB# 274235)
adamreich@paulhastings.com
71 South Wacker Drive, 45th Floor
Chicago, Illinois 60606
Telephone:  1(312) 499-6000
Facsimile:  1(312) 499-6100

Noah B. Pinegar (*pro hac vice*)
noahpinegar@paulhastings.com
200 Park Avenue
New York, NY 10166
Telephone:  1(212) 318-6000
Facsimile:  1(212) 319-4090

*Attorneys for Defendant Align Technology, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MISTY SNOW, et al., individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>Defendant. | CASE NO. 3:21-cv-03269-VC<br><br>**DECLARATION OF JAMES M. PEARL IN SUPPORT OF DEFENDANT ALIGN TECHNOLOGY, INC.'S BILL OF COSTS** |

I, JAMES M. PEARL, declare as follows:

1. I am an attorney with the law firm of Paul Hastings LLP, counsel for Defendant Align Technology, Inc. ("Align"). I am licensed to practice law in the State of California and before this Court. I have personal knowledge of the matters stated herein or understand them to be true from discussions with my team, and am competent to testify thereto. I make this declaration in support of Align's Bill of Costs in the *Snow* Action. A similar Bill of Costs and declaration is being filed contemporaneously in the *Simon & Simon* Action.[1]

2. Align is a defendant in two companion consumer class actions brought by both direct purchasers and indirect purchasers of Align's Invisalign clear aligners and iTero intraoral dental scanners, alleging anticompetitive conduct under the Sherman Act. The indirect purchasers brought suit under Sections 1 and 2 of the Sherman Act in *Misty Snow v. Align Technology Inc.*, No. 3:21-cv-03269-VC (N.D. Cal. May 3, 2021) (the "*Snow* Action" or "*Snow*"). The direct purchasers brought suit under Section 2 of the Sherman Act in *Simon & Simon, P.C. v. Align Technology, Inc.*, No. 3:20-cv-03754-VC (N.D. Cal. June 5, 2020) (the "*Simon & Simon* Action"). The Section 2 allegations in both the *Snow* Action and the *Simon & Simon* Action are virtually identical, and both Actions proceeded on the same case schedule with regards to those allegations.

3. On March 22, 2024, the Court entered Judgment in the *Snow* Action in favor of Align on plaintiffs' claim under Section 2 of the Sherman Act and related state law claims. (ECF No. 559). Accordingly, Align is the prevailing party with respect to the Section 2 claim and is

---

[1] As indicated in the attached Schedules, many of Align's costs were simultaneously, jointly incurred in connection with both the *Snow* Action and the *Simon & Simon* Action. For such charges, Align has allocated them evenly (*i.e.*, 50-50) between the *Snow* Bill of Costs and the *Simon & Simon* Bill of Costs.

entitled to recover costs pursuant to Rules 26(b)(4)(E) and 54(d)(1) of the Federal Rules of Civil Procedure ("FRCP" or "Rules"), 28 U.S.C. § 1920, and Civil Local Rule ("Local Rule") 54 of the United States District Court for the Northern District of California.  Pursuant to Local Rule 54-1(a), Align's Bill of Costs must be filed no later than 14 days after entry of judgment, specifically by April 5, 2024.

4. I have reviewed Align's Bill of Costs in the *Snow* Action and the schedules and attachments submitted herewith.  The costs included are correctly stated and were necessarily incurred in the *Snow* Action with respect to the Section 2 claim, and the services for which fees have been charged were actually and necessarily performed.  Further, the costs in Align's *Snow* Bill of Costs are fairly attributable to the Section 2 claim asserted in the *Snow* Action and are recoverable by Align under FRCP 26(b)(4)(E) and 54(d)(1), 28 U.S.C. § 1920, and Local Rule 54.

5. "In the Ninth Circuit, there is a 'strong presumption' in favor of awarding costs to the prevailing party. By contrast, the burden is on the non-prevailing party to show why taxable costs should not be awarded." *Emblaze Ltd. v. Apple Inc.*, No. 5:11-cv-01079-PSG, 2015 WL 1304779, at *4 (N.D. Cal. Mar. 20, 2015) (citations omitted).

6. Align's Bill of Costs in *Snow*, which totals $409,353.88, includes:

**A.  Clerk and Marshal Fees**

7. Pursuant to 28 U.S.C. § 1920(1), "[f]ees of the clerk and marshal" are taxable.

8. Align seeks costs related to filing fees in the amount of $600 (Schedule A-1) and service of process fees in the amount of $4,589.65 (Schedule A-2).[2]

---

[2] The blue dollar amounts on the Schedules indicate costs for which we are seeking recovery. The black dollar amounts on the Schedules are certain charges that are on the provided invoices, but for which we are not seeking recovery on our Bill of Costs.

### i. Filing Fees

9. Align seeks costs of filing fees in the amount of $600. (*See* Schedule A-1).

10. Pursuant to Local Rule 54-3(a)(1), "[t]he Clerk's filing fee is allowable if paid by the claimant." Align seeks the costs of its filing fee that was incurred to file its Petition for Permission to Appeal pursuant to Rule 23(f) with the United States Court of Appeals for the Ninth Circuit on December 13, 2023.

11. A chart itemizing the recoverable filing fee cost that Align incurred is attached hereto, as "Schedule A-1." A true and correct copy of the payment confirmation receipt supporting the cost in Schedule A-1 is attached as Exhibit A-1.

### ii. Service of Process

12. Align seeks costs associated with service of process in the amount of $4,589.65. (*See* Schedule A-2).

13. Pursuant to Local Rule 54-3(a)(2), "[f]ees of the marshal as set forth in 28 U.S.C. § 1921 are allowable to the extent actually incurred. Fees for service of process by someone other than the marshal acting pursuant to Fed. R. Civ. P. 4(c) are allowable to the extent reasonably required and actually incurred." *See also Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 178 (9th Cir. 1990) (holding that "private process servers' fees are properly taxed as costs," including "fees for serving a subpoena or summons"); *Pixion, Inc. v. Citrix Sys., Inc.*, No. C 09-03496 SI, 2013 WL 1164909, at *2 (N.D. Cal. Mar. 20, 2013) (awarding costs for service of deposition subpoena); *700 Valencia St. LLC v. Farina Focaccia & Cucina Italiana, LLC*, No. 15-CV-04931-JCS, 2018 WL 783930, at *5 (N.D. Cal. Feb. 8, 2018) (awarding service of process fees under Local Rule 54-3(a)(2)).

14. Align was required to incur the costs of serving subpoenas for production of documents on the following third parties: Oral Image, Inc.; Dentsply Sirona USA; Key Dental Technologies, LLC; Precision Align, LLC; Lancer Orthodontics; TP Orthodontics, Inc.; G&H Orthodontics; Great Lakes Dental Technologies; American Orthodontics; Ametek, Inc.; Dynaflex; Envista Holdings; 3M; Henry Schein, Inc.; 3Shape A/S; Sprintray Inc.; Delta Dental of Massachusetts; Delta Dental Insurance Company; Delta Dental of Maryland; Delta Dental of Connecticut; Blue Cross and Blue Shield of Nevada; Blue Cross and Blue Shield of Minnesota; Regence BlueCross BlueShield of Oregon; Aetna; Blue Cross and Blue Shield of Nebraska; and Community Care Health Plan of Nevada. The subpoenas to these third parties were necessary because the parties possessed information regarding allegations of monopoly power in a relevant antitrust market and antitrust injury—elements of plaintiffs' claims.

15. A chart itemizing the recoverable service of process fees that Align incurred is attached hereto, as "Schedule A-2." True and correct copies of invoices supporting the costs in Schedule A-2 are attached as Exhibit A-2.

B. **Reporters' Transcripts**

16. Align seeks costs of transcripts necessarily obtained for appeal in the amount of $2,098.95. (*See* Schedule B-1).

17. Local Rule 54-3(b)(1) provides that "[t]he cost of transcripts necessarily obtained for an appeal is allowable."

18. Align filed a Petition for Permission to Appeal the Court's class certification ruling pursuant to Rule 23(f) with the United States Court of Appeals for the Ninth Circuit on December 13, 2023. The *Snow* plaintiffs filed a notice of appeal of the Court's order granting Align's Motion for Summary Judgment on March 22, 2024. (*See* ECF. No. 558). Align incurred

the following costs for ordering transcripts necessarily obtained for those appeals: (1) rough[3] and final transcript costs related to the evidentiary hearing scheduled by Judge Chhabria on November 13, 2023, and November 14, 2023, related to the *Snow* and *Simon & Simon* plaintiffs' motions for class certification and Align's *Daubert* Motions to Preclude Expert Testimony (*see* ECF Nos. 457, 461, and 463); (2) transcript costs related to the January 25, 2024 summary judgment hearing (*see* ECF No. 527); and (3) transcript costs for additional transcripts designated by plaintiffs in the *Snow* Action for use in their appeal of the Court's summary judgment order.  (*See* ECF No. 572).  These costs were necessarily obtained for appeal.

19. A chart itemizing the recoverable costs that Align incurred for transcripts necessarily obtained for an appeal is attached hereto, as "Schedule B-1."  True and correct copies of the invoices supporting the costs in Schedule B-1 are attached as Exhibit B-1.

**C. Depositions**

20. Align seeks $45,714.28 for costs incurred for deposition transcripts (Schedule C-1) and $93.88 for costs incurred for reproducing deposition exhibits (Schedule C-2).

    **i.  Deposition Transcripts**

21. Align seeks $45,714.28 for deposition transcripts and videotapes.  (*See* Schedule C-1).

22. Pursuant to 28 U.S.C. § 1920(2) and Local Rule 54-3(c)(1), costs for deposition transcripts and videotapes are recoverable.  Specifically, Local Rule 54-3(c)(1) provides that "[t]he cost of an original and one copy of any deposition (including videotaped depositions) taken for any purpose in connection with the case is allowable." *See also Phoenix Techs. Ltd. v.*

---

[3] Costs for rough transcripts were necessarily incurred for Align to prepare its Motion for Summary Judgment and Daubert Motion to Preclude Expert Testimony, filed on November 20, 2024.

*VMWare, Inc.*, No. 15-CV-01414-HSG, 2018 WL 4700347, at *4 (N.D. Cal. Sept. 30, 2018) ("The prevailing party may seek reimbursement for 'a combination of any two copies,' in any format, so long as it 'does not seek to claim costs for more than two copies of the transcript.'" (citation omitted)). Costs associated with videotaping depositions are also recoverable. *See MEMC Elec. Materials v. Mitsubishi Materials*, No. C-01-4925 SBA (JCS), 2004 WL 5361246, at *3 (N.D. Cal. Oct. 22, 2004), *report and recommendation adopted on other grounds as modified sub nom. MEMC Elec. Materials v. Mitsubishi Materials Silicon Corp.*, No. C 01-4925, 2004 WL 5363614 (N.D. Cal. Nov. 22, 2004) ("[A] sensible reading of [Local Rule 54-3(c)(1)] covers the cost of videotaping and the cost incurred by the court reporter associated with obtaining a stenographic transcription of a deposition, as well as the cost of one copy of the videotape and of the written transcript."); *Meier v. United States*, No. C 05-4404 WHA, 2009 WL 982129, at *1 (N.D. Cal. Apr. 13, 2009) ("[C]osts both for the video and the stenographic transcript of the depositions may be taxed.").

23. Pursuant to Local Rule 54-3(c)(1), Align seeks to recover the cost of deposition transcripts and related videotaping fees for the depositions of the following individuals:

1. Abishek Ganguly
2. Angela Carnaghi
3. Babak "Bobby" Cohanim
4. Cecilia Garay
5. Celeste Hamilton
6. Christopher Puco
7. Darlena Strong
8. Edward Snyder

9. Elisabeth Skibba

10. Emily Vo

11. Jaime Gooch

12. Jay Grossman

13. Jennifer Ezzio

14. John Cusack

15. John Morici

16. Joseph Hogan

17. Joseph Megan

18. Justin Hansen

19. Katie Campbell

20. Kerri Kling

21. Lauren Stiroh

22. Leon Rasovsky

23. Lisa Barry

24. Martin Pater

25. Matthew Miller

26. Misty Snow

27. Mu Li

28. Polk Wagner

29. Raphael Pascaud

30. Robert Stoll

31. Robert Walker

32. Simon Beard

33. Srini Kaza

34. Stephanie Rickenbaker

35. Tracy Mound

36. Timothy Mack

37. Trent Ritter

38. Yuval Shaked

24. All of these depositions were necessarily obtained for use in the *Snow* Action and concerned key substantive issues related to plaintiffs' Section 2 allegations in both the *Snow* and *Simon & Simon* Actions. *See In re Ricoh Co., Ltd. Pat. Litig.*, 661 F.3d 1361, 1369-70 (Fed. Cir. 2011) (affirming Northern District of California's decision to tax costs for all depositions taken in the case and not only the depositions used in successful summary judgment motion); *see Crockett v. Shields*, 8 Fed. App'x. 604, 606 (9th Cir. 2001) ("The depositions need not have been used at trial to be 'necessarily obtained for use in the case.'" (citations omitted)).

25. A chart itemizing the recoverable deposition transcript costs that Align incurred is attached hereto, as "Schedule C-1." As indicated in Schedule C-1, for each deposition, Align seeks to recover only the costs related to one electronic written transcript, one copy of the written transcript, and related videotaping expenses. The depositions of Angela Carnaghi, Cecilia Garay, Celeste Hamilton, Darlena Strong, Elisabeth Skibba, Emily Vo, Jaime Gooch, Jennifer Ezzio, Justin Hansen, Katie Campbell, Misty Snow, Stephanie Rickenbaker, and Tracy Mound occurred solely in the *Snow* Action. The remaining aforementioned depositions occurred in both the *Snow* and *Simon & Simon* Actions, and, accordingly, Align has split those costs evenly between the *Snow* Bill of Costs and the *Simon & Simon* Bill of Costs.

26.  True and correct copies of invoices supporting the costs in Schedule C-1 are attached as Exhibit C-1.

### ii. Deposition Exhibits

27.  Align seeks $93.88 for the reproduction of deposition exhibits for the expert deposition of Jay Grossman. (*See* Schedule C-2).

28.  Local Rule 54-3(c)(3) provides that "[t]he cost of reproducing exhibits to depositions is allowable if the cost of the deposition is allowable." *See also Apple Inc. v. Samsung Elecs. Co., Ltd.*, No. 11-cv-01846-LHK, 2014 WL 4745933, at *5-6 (N.D. Cal. Sept. 19, 2014) (allowing deposition expenses including deposition exhibits).

29.  The reproduction of deposition exhibits for the expert deposition of Jay Grossman was necessarily obtained for use in the *Snow* Action. Mr. Grossman was the plaintiffs' expert in both the *Snow* Action and *Simon & Simon* Action. As indicated in Schedule C-2, the reproduction costs for Mr. Grossman's deposition exhibits have been split evenly between the *Snow* Bill of Costs and the *Simon & Simon* Bill of Costs. Align only seeks to recover the costs associated with the physical reproduction of the deposition exhibits.

30.  A chart itemizing the recoverable costs related to the reproduction of deposition exhibits is attached hereto, as "Schedule C-2." True and correct copies of invoices supporting the costs in Schedule C-2 are attached as Exhibit C-2.

### D. Reproduction and Exemplification

31.  Pursuant to 28 U.S.C. § 1920(4), "[f]ees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case" are taxable.

32. Align seeks costs associated with its disclosure of formal discovery documents in the amount of $284,504.74 (Schedule D-1), costs associated with the reproduction of trial exhibits in the amount of $4,957.91 (Schedule D-2), and costs associated for the production of visual aids in the amount of $56,248.67 (Schedule D-3).

     **i.    Disclosure/Formal Discovery Documents**

33. Align seeks $284,504.74 for costs associated with disclosure of formal discovery documents. (*See* Schedule D-1).

34. Pursuant to Local Rule 54-3(d)(2), "[t]he cost of reproducing disclosure or formal discovery documents when used for any purpose in the case is allowable." *See also Parrish v. Manatt, Phelps & Phillips, LLP*, No. C 10-03200 WHA, 2011 WL 1362112, at *2 (N.D. Cal. Apr. 11, 2011) (interpreting Local Rule 54-3(d)(2) and saying, "[t]he tasks of collecting client documents, reviewing those documents, and determining which documents are relevant are essential—and often costly—parts of investigation and discovery."); *eBay Inc. v. Kelora Sys., LLC*, No. C 10-4947 CW (LB), 2013 WL 1402736, at *7 (N.D. Cal. Apr. 5, 2013) (allowing costs for "scanning paper documents, electronic scanning and conversion to PDF, TIFF conversion, OCR, image endorsement/Bates Stamping, slip sheet preparation, blowback scanning paper documents, media hardware used for production, electronically stamping Bates numbers, slipsheet preparation, blowback preparation, and OCR conversion.").

35. Align incurred costs associated with disclosure of formal discovery documents pursuant to an agreed protocol between the *Snow* plaintiffs and Align by which Align would collect documents from agreed upon custodians and produce documents to the *Snow* plaintiffs that hit on search terms negotiated between the parties relating to requests for production of documents that the *Snow* plaintiffs served on Align pursuant to FRCP 34.

36. Align engaged UnitedLex Corporation ("UnitedLex"), an e-discovery specialty vendor, in or around March 2021, to assist with document collection and production in the *Snow* Action and the *Simon & Simon* Action. Align has received monthly invoices from UnitedLex from March 2021 through February 2024.

37. UnitedLex assisted Align in transmitting 35 document productions to plaintiffs in the *Snow* Action, consisting of a total of 440,116 produced documents, spanning 1,974,905 pages, and .78 TB of data. Beginning in July 2022, Align produced documents in the *Snow* Action with the same "ALIGNAT-PURCH" Bates prefix that it used for productions in the *Simon & Simon* Action. Those productions were on the following dates:

| Volume | Date Produced | First Bates Value | Last Bates Value | Total Produced Image Size (KB) |
|---|---|---|---|---|
| ALIGNAT-SNOW001 | 8/24/2021 | ALIGNAT-SNOW00000001 | ALIGNAT-SNOW00001849 | 373083 |
| ALIGNAT-SNOW003 | 8/24/2021 | ALIGNAT-SNOW00001909 | ALIGNAT-SNOW00001926 | 52 |
| ALIGNAT-SNOW005 | 1/19/2022 | ALIGNAT-SNOW00002039 | ALIGNAT-SNOW00008180 | 2886857 |
| ALIGNAT-SNOW006 | 1/19/2022 | ALIGNAT-SNOW00008181 | ALIGNAT-SNOW00268224 | 118966547 |
| ALIGNAT-SNOW007 | 1/19/2022 | ALIGNAT-SNOW00268225 | ALIGNAT-SNOW00571002 | 127409445 |
| ALIGNAT-SNOW008 | 2/8/2022 | ALIGNAT-SNOW00571003 | ALIGNAT-SNOW00575590 | 2098257 |
| ALIGNAT-SNOW009 | 2/13/2022 | ALIGNAT-SNOW00575591 | ALIGNAT-SNOW00733989 | 66269609 |
| ALIGNAT-SNOW010 | 5/13/2022 | ALIGNAT-SNOW00733990 | ALIGNAT-SNOW00734027 | 8541 |
| ALIGNAT-SNOW011 | 5/20/2022 | ALIGNAT-SNOW00734028 | ALIGNAT-SNOW00932831 | 78722447 |
| ALIGNAT-PURCH011 | 7/22/2022 | ALIGNAT-PURCH00932832 | ALIGNAT-PURCH00932994 | 60156 |
| ALIGNAT-PURCH012 | 7/29/2022 | ALIGNAT-PURCH00932995 | ALIGNAT-PURCH00933605 | 230214 |
| ALIGNAT-PURCH013 | 8/3/2022 | ALIGNAT-PURCH00933606 | ALIGNAT-PURCH00933972 | 213703 |
| ALIGNAT-PURCH014 | 8/19/2022 | ALIGNAT-PURCH00933973 | ALIGNAT-PURCH01183806 | 57279953 |

| Volume | Date Produced | First Bates Value | Last Bates Value | Total Produced Image Size (KB) |
|---|---|---|---|---|
| ALIGNAT-PURCH015 | 9/2/2022 | ALIGNAT-PURCH01183807 | ALIGNAT-PURCH01223442 | 9709567 |
| ALIGNAT-PURCH016 | 9/16/2022 | ALIGNAT-PURCH01223443 | ALIGNAT-PURCH01618276 | 183363640 |
| ALIGNAT-PURCH017 | 9/23/2022 | ALIGNAT-PURCH01618277 | ALIGNAT-PURCH01618365 | 48802 |
| ALIGNAT-PURCH018 | 9/30/2022 | ALIGNAT-PURCH01618366 | ALIGNAT-PURCH01625419 | 3462122 |
| ALIGNAT-PURCH019 | 10/3/2022 | ALIGNAT-PURCH01625420 | ALIGNAT-PURCH01753438 | 48652355 |
| ALIGNAT-PURCH020 | 11/23/2022 | ALIGNAT-PURCH01753439 | ALIGNAT-PURCH01753612 | 80717 |
| ALIGNAT-PURCH021 | 11/23/2022 | ALIGNAT-PURCH01753613 | ALIGNAT-PURCH01795732 | 11531245 |
| ALIGNAT-PURCH022 | 12/5/2022 | ALIGNAT-PURCH01795733 | ALIGNAT-PURCH01795777 | 30019 |
| ALIGNAT-PURCH023 | 12/12/2022 | ALIGNAT-PURCH01795778 | ALIGNAT-PURCH01932965 | 51186119 |
| ALIGNAT-PURCH024 | 12/27/2022 | ALIGNAT-PURCH01932966 | ALIGNAT-PURCH01954594 | 11721200 |
| ALIGNAT-PURCH025 | 1/6/2023 | ALIGNAT-PURCH01954595 | ALIGNAT-PURCH01954978 | 88250 |
| ALIGNAT-PATIENT001 | 1/13/2023 | ALIGNAT-PATIENT00000001 | ALIGNAT-PATIENT00000645 | 194726 |
| ALIGNAT-PURCH026 | 1/17/2023 | ALIGNAT-PURCH01954979 | ALIGNAT-PURCH01955050 | 23038 |
| ALIGNAT-PURCH027 | 1/19/2023 | ALIGNAT-PURCH01955051 | ALIGNAT-PURCH01968763 | 5864395 |
| ALIGNAT-PURCH028 | 1/28/2023 | ALIGNAT-PURCH01968764 | ALIGNAT-PURCH01969092 | 154891 |
| ALIGNAT-PURCH029 | 2/7/2023 | ALIGNAT-PURCH01969093 | ALIGNAT-PURCH01970150 | 427627 |
| ALIGNAT-PURCH030 | 2/8/2023 | ALIGNAT-PURCH01970151 | ALIGNAT-PURCH01974396 | 1777490 |
| ALIGNAT-PURCH031 | 2/18/2023 | ALIGNAT-PURCH01974397 | ALIGNAT-PURCH01974397 | 2 |
| ALIGNAT-PURCH032 | 2/22/2023 | ALIGNAT-PURCH01974398 | ALIGNAT-PURCH01974398 | 2 |
| ALIGNAT-PURCH033 | 2/28/2023 | ALIGNAT-PURCH01974399 | ALIGNAT-PURCH01974400 | 5 |
| ALIGNAT-PURCH034 | 5/10/2023 | ALIGNAT-PURCH01974401 | ALIGNAT-PURCH01974421 | 20200 |
| ALIGNAT-PATIENT002 | 12/29/2023 | ALIGNAT-PATIENT00000646 | ALIGNAT-PATIENT00000655 | 34 |

True and correct copies of the contemporaneous production letters that accompanied each of the aforementioned productions of documents and data are attached hereto, as "Schedule D-5."

38.  Align seeks only to recover the costs it incurred associated with the collection and upload of documents and data, and for reproduction costs associated with the outbound productions of documents and data in the *Snow* Action.  These costs include:  i) All-In Production; (ii) Data Collection; (iii) eDiscovery Consulting; (iv) Image Branding; (v) Ingestion; (vi) Media HD (both Encrypted and up to 2 TB); (vi) Native Files to TIFF/PDF; (vii) Native Promotion (GB); (viii) Native Redaction Tool (Doc); (ix) Optical Character Recognition of TIFF/PDF; (x) Predictive Coding Engineer; (xi) Preservation Manager; (xii) Project Management; (xiii) Questio Consulting; (xiv) Shipping and Handling; and (xv) Technical Time. An explanation as to what comprises each of these line items can be found in the Declaration of Ryan Baird, Vice President, Finance, at UnitedLex, filed and served herewith, and also attached as "Schedule D-4" (the "UnitedLex Declaration").  The UnitedLex Declaration further attests that the aforementioned costs were incurred by Align in connection with the initial collection and upload of documents and for outbound productions of formal discovery to the plaintiffs.

39.  A chart itemizing the recoverable costs associated with reproducing disclosure or formal discovery documents that Align incurred in the *Snow* Action is attached hereto, as "Schedule D-1."  True and correct copies of invoices supporting the costs in Schedule D-1 are attached as Exhibit D-1.  As indicated in Schedule D-1, Align divided all costs associated with reproducing disclosure or formal discovery documents evenly between the *Snow* Bill of Costs and the *Simon & Simon* Bill of Costs, as all such costs were jointly incurred in both the *Snow* Action and the *Simon & Simon* Action.  For example, Align divided the costs evenly from the first four monthly invoices that Align received from UnitedLex dated March 2021 through June

2021, between the *Snow* Action and the *Simon & Simon* Action.  As explained more fully in the UnitedLex Declaration, those invoices contained charges incurred as a result of initial document collection and ingestion.  Although the *Snow* Action did not commence until May 2021, documents reproduced and ingested during this timeframe were produced in the *Snow* Action once it commenced.  Therefore, the documents collected and ingested during this respective timeframe were necessarily retrieved for discovery and production purposes in both the *Simon & Simon* Action and the *Snow* Action.

      **ii.   Trial Exhibits**

40.    Align seeks $4,957.91 for costs incurred for the reproduction of trial exhibits. (*See* Schedule D-2).

41.    Pursuant to Local Rule 54-3(d)(4), "[t]he cost of reproducing trial exhibits is allowable to the extent that a Judge requires copies to be provided."

42.    A chart itemizing the recoverable costs associated with reproducing trial exhibits that Align incurred is attached hereto, as "Schedule D-2."  As indicated in Schedule D-2, Align incurred costs for reproducing and stamping exhibits for use in the evidentiary hearing scheduled by Judge Chhabria on November 14, 2023 (*see* ECF No. 475).  The exhibit stamping was done in accordance with paragraph 49 of Judge Chhabria's Standing Order for Civil Cases before Judge Vince Chhabria (requiring parties to prepare and preset exhibits in accordance with the Court's Standing Order for Civil Trials when using exhibits during evidentiary hearings) and paragraph 27 of the Court's Standing Order for Civil Trials Before Judge Chhabria (specifying exhibit stamp).

43.    True and correct copies of invoices supporting the costs in Schedule D-2 are attached as Exhibit D-2.

### iii. Trial Graphics and Demonstratives

44. Align seeks $56,284.67 for the costs of preparing trial graphics and demonstratives. (*See* Schedule D-3).

45. Pursuant to 28 U.S.C. § 1920(4), "[f]ees for exemplification . . . necessarily obtained for use in the case" are recoverable. Local Rule 54-3(d)(5) permits the prevailing party to recover for exemplification costs spent "preparing charts, diagrams, videotapes, and other visual aids to be used as exhibits [] if such exhibits are reasonably necessary to assist the jury or the Court in understanding the issues at the trial." *See also Maxwell v. Hapag-Lloyd Aktiengesellschaft, Hamburg*, 862 F.2d 767, 770 (9th Cir. 1988) ("In the context of § 1920, 'exemplification and copies of papers' has been interpreted to include all types of demonstrative evidence, including photographs and graphic aids" (citation omitted)). Recovery of exemplification costs is recoverable if the demonstratives were made in anticipation of trial even if not actually used. *See Shum v. Intel Corp.*, 682 F. Supp. 2d 992, 1000 (N.D. Cal. 2009), *aff'd*, 629 F.3d 1360 (Fed. Cir. 2010); *see also Haagen–Dazs Co., Inc. v. Double Rainbow Gourmet Ice Creams, Inc.*, 920 F.2d 587, 588 (9th Cir. 1990) (per curiam) (costs of exemplification made in anticipation of trial, but not used at trial, are recoverable).

46. Here, Align incurred exemplification costs for trial graphics and demonstratives used during the November 13 and 14, 2023 evidentiary hearing on class certification and the January 25, 2024 summary judgment hearing. Align also incurred exemplification costs for trial graphics and demonstratives that it began to develop for anticipated use at the trial that was scheduled to commence in both Actions on May 13, 2024. Align seeks to recover only the costs related to the physical creation of the trial graphics and demonstratives, and does not seek to

recover costs related to consultations and meetings, trial technical support, equipment rental, or other miscellaneous expenses.

47. A chart itemizing the recoverable trial graphics and demonstrative costs that Align incurred in preparing trial graphics and demonstratives is attached hereto, as "Schedule D-3." True and correct copies of invoices supporting the costs in Schedule D-3 are attached as Exhibit D-3.

### E. Witness Fees and Expenses

48. Align seeks $10,509.80 for costs associated with witness fees and expenses. (*See* Schedule E-1).

49. Pursuant to Local Rule 54-3(e), "[p]er diem, subsistence, and mileage payments for witnesses are allowable to the extent reasonably necessary and provided for by 28 U.S.C. § 1821."

50. Pursuant to 28 U.S.C. § 1821(b), "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance." Additionally,

> A witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonably utilized and the distance necessarily traveled to and from such witness's residence by the shortest practical route in going to and returning from the place of attendance.

28 U.S.C. § 1821(c)(1).

> A travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to section 5704 of title 5, for official travel of employees of the Federal Government shall be paid to each witness who travels by privately owned vehicle. Computation of mileage under this paragraph shall be made on the basis of a uniformed table of distances adopted by the Administrator of General Services.

28 U.S.C. § 1821(c)(2). "Toll charges for toll roads, bridges, tunnels, and ferries, taxicab fares between places of lodging and carrier terminals, and parking fees (upon presentation of a valid parking receipt), shall be paid in full to a witness incurring such expenses." 28 U.S.C. § 1821(c)(3) "A subsistence allowance shall be paid to a witness when an overnight stay is required at the place of attendance because such place is so far removed from the residence of such witness as to prohibit return thereto from day to day." 28 U.S.C. § 1821(d)(1).

51. A chart itemizing the recoverable witness fees and expenses is attached hereto, as "Schedule E-1." As indicated in Schedule E-1, Align seeks to recover parking expenses that its expert Dr. Babak "Bobby" Cohanim incurred and passed on to Align for his deposition on July 10, 2023. Relatedly, Align seeks to recover travel and lodging costs that its expert Robert Stoll incurred and passed on to Align for travel to and from his deposition on June 15, 2023. Align splits these costs evenly between the *Snow* Bill of Costs and the *Simon & Simon* Bill of Costs, as both Dr. Cohanim's and Mr. Stoll's depositions were dual-captioned in the *Snow* and *Simon & Simon* Actions.

52. Additionally, Align seeks to recover reasonable costs incurred for its experts' deposition appearances. Pursuant to FRCP 26(b)(4)(E)(i), unless manifest injustice would result, the party seeking discovery must pay an expert a reasonable fee for time spent responding to discovery under FRCP 26(b)(4)(A), including for the deposition of any person who has been identified as an expert whose opinions may be presented at trial. Rule 26(b)(4)(E) provides an independent basis (from 28 U.S.C. § 1920(3) and 28 USC § 1821) for recovery of expert fees incurred as part of discovery. *See Monaghan v. Telecom Italia Sparkle of N. Am., Inc.*, No. CV 13-00646-ABC (PLAx), 2014 WL 12639268, at *4 (C.D. Cal. Oct. 21, 2014) (permitting prevailing party to recover expert witness costs incurred to attend expert witness deposition in

addition to the statutory witness per diem fees for attending the expert deposition). *See also Halasa v. ITT Educational Servs., Inc.*, 690 F.3d 844, 850-852 (7th Cir. 2012) (certain expert fees and expenses are not capped by 28 U.S.C. § 1821 if recoverable under FRCP 26).

53. Here, as set forth in Schedule E-1, Align seeks to recover reasonable fees it incurred for the deposition appearances of its experts, Dr. Bobby Cohanim (who was deposed in Seattle, Washington on July 10, 2023), Dr. Edward Snyder (who was deposed in Boston, Massachusetts on June 26, 2023), Dr. Lauren Stiroh (who was deposed in New York, New York on June 7, 2023), and Mr. Robert Stoll (who was deposed in Princeton, New Jersey on June 15, 2023). All four of these experts were deposed pursuant to the parties' Stipulated Order Regarding Expert Discovery, which the Court granted on September 20, 2022. (*See* ECF No. 167, ¶ 10).

54. Pursuant to FRCP 26(b)(4)(E)(i), Align seeks to recover only the costs related to the experts' attendance at their duly noticed depositions, and does not seek to recover costs associated with the time they spent preparing for their depositions. Where a line item in an invoice shows costs billed simultaneously for deposition preparation and deposition appearance, Align prorated those costs taking the total time charged for that line item in question and prorating it against the amount of time the expert sat for his or her deposition, as calculated from each experts' certified deposition transcript. Align splits these costs evenly between the *Snow* Bill of Costs and the *Simon & Simon* Bill of Costs, as all four expert depositions were dual-captioned in the *Snow* and *Simon & Simon* Actions. Below is a chart calculating the total run time for each of Align's expert depositions:

| ALIGNS' EXPERT | Deposing Party | Date | Run Time |
|---|---|---|---|
| Bobby Cohanim | Plaintiffs | 7/10/2023 | 0:53 |
| Edward Snyder | Plaintiffs | 6/26/2023 | 6:39 |

| Lauren Stiroh | Plaintiffs | 6/7/2023 | 5:51 |
| Robert Stoll | Plaintiffs | 6/15/2023 | 1:08 |

55. True and correct copies of invoices supporting the costs set forth in Schedule E-1 are attached as Exhibit E-1.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Executed on April 5, 2024, in California.

                                                                               */s/ James M. Pearl*
                                                                                 James M. Pearl