UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIMON AND SIMON, PC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>Defendant. | Case No.  20-cv-03754-VC<br><br>Re: Dkt. Nos. 454; 456 |

| | |
|---|---|
| MISTY SNOW, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>Defendant. | Case No.  21-cv-03269-VC<br><br>Re: Dkt. Nos. 575; 576 |

**ORDER REGARDING OUTSTANDING SEALING MOTIONS**

Align's requests to seal portions of its briefing and the record at the class certification and summary judgement stages of the Section 2 claims are, again, denied as overbroad. Align may have one more opportunity to narrow its sealing requests to truly confidential information and justify the need for secrecy.[1] But the Court does not anticipate giving Align any further chances if the next set of filings seeks to seal a similar amount of information from the public.

In its renewed sealing motions, Align seeks to seal broad swaths of information that fall

---

[1] It is not enough for Align to note that other courts have found it appropriate to seal similar information in other cases. The sealing inquiry is context dependent (not all business strategy, for example, is equally likely to result in prejudice if disclosed). And overbroad sealing motions are granted too often.

into the following categories: information about the interoperability agreement with 3Shape; contract terms related to products, promotions, pricing, and partnerships; and business strategies taken or considered by Align. Certainly, it may be appropriate to seal some evidence that falls into those categories. But Align still seeks to seal far too much. For example, as noted in the last sealing order, "it is not clear without further explanation that every internal email between Align employees meets the requirements for sealing." Align has improved in this renewed set of filings, seeking to seal fewer documents in their entirety; however, Align still seeks to seal almost all of the content of those documents. It is still not clear why all discussion of Align's strategy must be sealed, especially discussions that occurred seven years ago.

A few categories of information that Align seeks to seal are appropriate. It is appropriate to seal particular pricing terms, the settlement agreement with 3Shape, and materials that must be under seal given the ITC rules. It may also be appropriate to seal references to the pricing terms and the settlement agreement—but it is not appropriate to seal high-level expert conclusions just because pricing terms (or contract terms, or other material that Align wants sealed) contributed to those conclusions. There is no "fruit of the poisonous tree"–like standard, where all information based on confidential information is automatically, itself, confidential.

This Order does not apply to the motions to seal the class certification briefing for the Section 1 claims. However, counsel should consider whether their sealing requests for those documents are overbroad in light of this Order, and should consider refiling narrower sealing motions if so. Additionally, this does not apply to any of the sealing motions filed by third parties. Finally, Align may once again file its renewed sealing motions the way it did this time, as described by its filings in Dkt. No. 447 (Simon & Simon) and Dkt. No. 561 (Snow).

The renewed sealing motions should be filed 28 days from this Order.

**IT IS SO ORDERED.**

Dated: July 26, 2024

VINCE CHHABRIA
United States District Judge