UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MISTY SNOW, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>Defendant. | CASE NO. 3:21-CV-03269-VC<br><br>[PROPOSED] **ORDER GRANTING STIPULATED REQUEST FOR AN ORDER AMENDING JUDGMENT TO CONFORM WITH FEDERAL RULE OF CIVIL PROCEDURE 23(C)(3) AND AMENDED JUDGMENT** |

**[PROPOSED] ORDER**

On March 22, 2024, the Court entered partial final judgment in favor of Align Technology, Inc. ("Align") and against the plaintiffs in this action relating to the Section 2 claims pursuant to Rule 54(b) of the Federal Rules of Civil Procedure ("Rule") (ECF No. 559) (the "Snow Judgment").

Having considered the parties' Stipulated Request for an Order Amending Judgment to Conform with Rule 23(c)(3), as well as Rule 23(c)(3) itself, the Court finds that the Snow Judgment inadvertently did not include certain information required by Rule 23(c)(3), which provides that, if a class is certified under Rule 23(b)(3), the judgment must "include and specify or describe those to whom the Rule 23(c)(2) notice was directed, who have not requested exclusion, and whom the court finds to be class members."

Now, therefore, pursuant to Rule 60(a), which permits the Court to "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment," the Court hereby amends the Snow Judgment to include the following language, as reflected in Exhibit A (Amended Snow Judgment):

Consistent with the Court's Order Granting in Part and Denying in Part the Motions for Class Certification (ECF No. 482), and the Court's Orders approving Manner and Form of Class Notice (ECF No. 504), this Judgment applies to all members of the following certified classes, with the exception of those individuals who timely requested exclusion as identified in Attachment 10 to the Declaration of Steven Weisbrot Regarding Implementation of Notice Program (ECF No. 571-1 (identifying 873 individuals)):

**Nationwide Injunctive Relief Indirect Purchaser Class**. All persons or entities in the United States that purchase, pay, and/or provide reimbursement for some or all of the purchase price for Invisalign Aligners acquired for personal use, until such time as the

anticompetitive conduct alleged herein has ceased (the "Class Period"). Excluded from the Class are: (1) Defendant, its subsidiaries, affiliate entities, and employees; and (2) all federal or state government entities or agencies.

**State Indirect Purchaser Classes**. All persons that purchased, paid and/or provided reimbursement for some or all of the purchase price for Invisalign Treatments that used any of the following types of Invisalign products—"Comprehensive", "Moderate", "GO", "Teen", "Assist Product Tracking", "Lite", "Express Ten", "Multi-stage Comprehensive", or "Assist" treatment—while residing in a relevant state, acquired for personal use during the period beginning July 1, 2018 until such time as the anticompetitive conduct alleged herein has ceased (the "Class Period"). The relevant states are: Arizona, California, Maryland, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, North Carolina, and Oregon. Excluded from the Class are: (1) insurance providers; (2) Defendant, its subsidiaries, affiliate entities, and employees; and (3) all federal or state government entities or agencies.

The Clerk of Court is directed to enter the amended judgment, attached hereto as Exhibit A, and close the case.

IT IS SO ORDERED.

DATED: August 12, 2024

HONORABLE VINCE CHHABRIA
UNITED STATES DISTRICT JUDGE

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MISTY SNOW, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>Defendant. | Case No. 3:21-cv-03269-VC<br><br>**[~~PROPOSED~~] AMENDED ORDER GRANTING JOINT STIPULATED REQUEST FOR ORDER ENTERING PARTIAL FINAL JUDGMENT PURSUANT TO RULE 54(B)** |

On February 21, 2024, the Court entered an order granting summary judgment (ECF No. 548) for Align on Plaintiffs' claim under Section 2 of the Sherman Act and related state law claims (hereafter the "Section 2 claim").[1] The Court's order on Plaintiffs' Section 2 claim did not affect Plaintiffs' separate claim under Section 1 of the Sherman Act (hereafter the "Section 1 claim"), which remains before the Court.

Plaintiffs' Section 2 claim—as part of which Plaintiffs allege that Align monopolized the market for in-office clear aligners—and Section 1 claim—as part of which Plaintiffs allege that Align conspired to allocate the market for direct-to-consumer clear aligners with co-conspirator SmileDirectClub—are based on separate allegations, discovery, and facts. Plaintiffs' Section 2 claim—by which Plaintiffs seek relief on behalf of a class of indirect purchasers of Invisalign—and Section 1 claim—by which Plaintiffs seek relief on behalf of a purported class of direct purchasers of SmileDirectClub treatment—seek separate relief on behalf of separate classes, and are the subject of wholly separate expert analysis, class certification briefing, and summary judgment briefing. Plaintiffs' Section 1 claim is proceeding on a separate schedule from their Section 2 claim, and includes separate briefing and trial dates.

Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief ... or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." The Court's summary judgment order (ECF No. 548) constitutes an "ultimate disposition" of Plaintiffs' Section 2 claim, and therefore a "final judgment" on that claim within the meaning of Rule 54(b). *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005). There is no risk that entry of final judgment on Plaintiffs' Section 2 claim would result in unnecessary appellate review. Plaintiffs' Section 2 claim is separate, distinct, and independent from Plaintiffs' Section 1 claim. Appellate review of Plaintiffs' Section 2 claim would

---

[1] Specifically, Plaintiffs bring a claim for injunctive relief under Section 2 of the Sherman Act on behalf of a nationwide class (Count I); Plaintiffs bring related state law claims for damages under the laws of Arizona, California, Maryland, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, North Carolina, and Oregon on behalf of classes from those states (Counts IV, V, VII, VIII, I  ,  ,  I,   II,   III,   IV).

not be mooted by any further developments related to Plaintiffs' Section 1 claim. The nature of Plaintiffs' Section 2 claim is such that no appellate court would have to decide the same issues more than once were there a subsequent appeal related to Plaintiffs' Section 1 claim. *See Belyea v. GreenSky, Inc.*, No. 20-CV-01693-JSC, 2022 WL 20656597, at 1 (N.D. Cal. Apr. 20, 2022) (citing *Morrison-Knudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981)); *see also Jewel v. Nat'l Sec. Agency*, 810 F.3d 622, 628 (9th Cir. 2015).

Entry of final judgment on Plaintiffs' Section 2 claim would also conserve judicial resources and "streamline the ensuing litigation" by allowing Plaintiffs to pursue an appeal of the Court's summary judgment order on the same schedule as the plaintiffs in *Simon and Simon, PC v. Align Technology, Inc.*, 3:20-cv-03754-VC (N.D. Cal.), whose claim under Section 2 of the Sherman Act was resolved by an identical summary judgment order in that action (*Simon* ECF No. 432[2]). *See Jewel*, 810 F.3d at 828 (quoting *Noel v. Hall*, 568 F.3d 743, 747 (9th Cir. 2009) (citation omitted)).

There is therefore no just reason for delay in entering final judgement on Plaintiffs claim under Section 2 of the Sherman Act and related state law claims.

Good cause appearing, **IT IS HEREBY ORDERED THAT** final judgment is entered on Plaintiffs claim under Section 2 of the Sherman Act and related state law claims. Consistent with the Court's Order Granting in Part and Denying in Part the Motion for Class Certification (ECF No. 482), and the Court's Order approving Manner and Form of Class Notice (ECF No. 504), this Judgment applies to all members of the following certified classes, with the exception of those individuals who timely requested exclusion as identified in Attachment 10 to the Declaration of Steven Weisbrot Regarding Implementation of Notice Program (CF No. 571-1 (identifying 873 individuals)):

---

[2] The *Simon* plaintiffs filed a notice of appeal on March 19, 2024 (*Simon* ECF No. 441). Plaintiffs in *Simon* are direct purchasers of Invisalign—generally dentists and orthodontists. Plaintiffs here are indirect purchasers of Invisalign treatment—individual consumers who purchased Invisalign treatment from their dentist or orthodontist. The *Simon* plaintiffs do not bring a comparable claim under Section 1 of the Sherman Act and have no other claims remaining before the Court.

**Nationwide Injunctive Relief Indirect Purchaser Class**. All persons or entities in the United States that purchase, pay, and/or provide reimbursement for some or all of the purchase price for Invisalign aligners acquired for personal use, until such time as the anticompetitive conduct alleged herein has ceased (the "Class Period"). Excluded from the Class are: (1) Defendant, its subsidiaries, affiliate entities, and employees; and (2) all federal or state government entities or agencies.

**State Indirect Purchaser Classes**. All persons that purchased, paid and/or provided reimbursement for some or all of the purchase price for Invisalign Treatments that used any of the following types of Invisalign products—"Comprehensive", "Moderate", "GO", "Teen", "Assist Product Tracking", "Lite", "Express Ten", "Multi-stage Comprehensive", or "Assist" treatment—while residing in a relevant state, acquired for personal use during the period beginning July 1, 2018 until such time as the anticompetitive conduct alleged herein has ceased (the "Class Period"). The relevant states are: Arizona, California, Maryland, Massachusetts, Michigan, Minnesota, Nebraska, Nevada, North Carolina, and Oregon. Excluded from the Class are: (1) insurance providers; (2) Defendant, its subsidiaries, affiliate entities, and employees; and (3) all federal or state government entities or agencies.

**IT IS SO ORDERED.**

Dated:   August 12   , 2024

VINCE CHHABRIA
United States District Judge