**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MISTY SNOW et al., individually and on behalf of others similarly situated, *Plaintiffs*, v. ALIGN TECHNOLOGY, INC., *Defendant*. | Case No. 3:21-CV-03269-VC  **JOINT DISCOVERY LETTER BRIEF REGARDING CLASS NOTICE DISCOVERY** |

The Honorable Thomas S. Hixson
San Francisco Courthouse
Courtroom G, 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Magistrate Judge Hixson:

 Pursuant to the Court's Discovery Standing Order, the Parties below respectfully submit this joint letter brief regarding non-party SDC's production of documents and data in response to Plaintiffs' request for information necessary to identify class members.

### Joint Statement of the Issues

 This discovery dispute concerns Plaintiffs' request for contact information necessary to provide notice to class members, SmileDirectClub purchasers, in connection with a preliminary settlement reached between Plaintiffs and Defendant Align Technology Inc. The parties have met and conferred in a good faith effort to resolve this dispute and submit this joint letter requesting relief.

| | |
|---|---|
| By: */s/ Rio S. Pierce*<br>Rio S. Pierce (SBN 298297)<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>715 Hearst Avenue, Suite 300<br>Berkeley, CA 94710<br>Telephone: (510) 725-3000<br>Email: riop@hbsslaw.com<br><br>*Counsel for Plaintiffs* | By: */s/ Aaron J. Power*<br>Aaron J. Power<br>PORTER HEDGES LLP<br>1000 Main St., 36th Floor<br>Houston, TX 77002<br>Telephone: (713) 226-6000<br>Email: apower@porterhedges.com<br><br>*Counsel for Chapter 7 Trustee of Non-Party SmileDirectClub* |

August 28, 2024
Page 2

**Plaintiffs' Position:**

Plaintiffs have reached a preliminary settlement with Defendant Align Technology Inc. ("Align") concerning their claims in this action under Section 1 of the Sherman Act, as part of which Plaintiffs sought relief on behalf of a class of purchasers of SmileDirectClub ("SDC") clear aligner treatment. The proposed settlement includes monetary and non-monetary relief for those who purchased SDC treatment during the class period, which is October 22, 2017 to August 18, 2022.

The Court has set a preliminary approval hearing for September 19, 2024. At the hearing, Plaintiffs intend to present a detailed notice plan that includes information on the available contact information for class members. This information is primarily in the possession of SDC, which sold the products at issue to class members. Plaintiffs therefore seek the following information from SDC, to the extent that it is reasonably available:

For all those who purchased SDC treatment between October 22, 2017 and August 18, 2022:

- Name of purchaser
- Email address
- Mailing address
- Telephone number
- Date of purchase
- Product purchased

All of this material is responsive to a subpoena that Plaintiffs served on SDC on March 10, 2022. In particular, this material is encompassed by Request 24, which seeks (among other things) data sufficient to show, for each sale made by SDC to customers, the customer's name, phone number(s), address(es), and email address(es), as well as the date of purchase and product purchased.

During prior negotiations with SDC, Plaintiffs had agreed to postpone further negotiation (or production) related to Request 24 until a settlement was reached. Now that a settlement has been reached, Plaintiffs have renewed their request for this information. The information sought is reasonably and narrowly tailored to provide Plaintiffs with the material that will allow them to do the most effective and efficient class notice campaign to class members.

Courts regularly compel the type of contact information sought here—including from third parties—recognizing that "direct notice is *mandated* where contact information can be

August 28, 2024
Page 3

obtained through reasonable effort."[1] Plaintiffs previously obtained similar information from Align for purposes of providing notice to certified classes of Invisalign purchasers in connection with their claims under Section 2 of the Sherman Act and related state laws (which are unrelated to the Section 1 claim at issue here[2]).

SDC is currently in chapter 7 bankruptcy proceedings. Plaintiffs met and conferred with counsel for the bankruptcy trustee for SDC on July 24, 2024. Based on that discussion, Plaintiffs understand that the trustee for SDC does not oppose Plaintiffs' request, but seeks a court order compelling production of this information before proceeding with its collection and production. Plaintiffs are prepared, if necessary, to pay reasonable costs associated specifically with this production, although do not intend to pay any pre-existing costs related to the relationship between SDC and Salesforce.

Plaintiffs therefore request that the Court enter an order compelling SDC to produce the class member contact information, currently in Salesforce's possession, that Plaintiffs are seeking.

**Non-Party SDC's Position:**

SDC's bankruptcy was converted from chapter 11 to chapter 7 on January 26, 2024. Allison Byman was appointed as the chapter 7 trustee. The bankruptcy case was administratively insolvent at the time of conversion, meaning that the chapter 7 estate did not have available funds to satisfy the operational and professional expenses incurred during the chapter 11 case.

The trustee is not in possession of the information requested by the Plaintiffs. The information was maintained through Salesforce, Inc. ("Salesforce"). On March 15, 2024, Salesforce filed an application with the bankruptcy court seeking allowance of a chapter 11 administrative claim in the amount of $2,333,701.97. The trustee has no available funds to satisfy this claim. As a result, Salesforce terminated the Trustee's access on or about 60-days after the case was converted to chapter 7 (March 26, 2024), which was prior to the request from the Plaintiffs to the Trustee for such information.

---

[1] *Ostrowski v. Amazon.com, Inc.*, No. C16-1378-JCC, 2016 WL 4992051, at *2 (W.D. Wash. Sept. 16, 2016) (compelling production of documents from third party Amazon in response to subpoena seeking names and addresses of individually identifiable class members for purposes of providing direct notice) (emphasis added); *see also In re Bayer Corp. Combination Aspirin Prod. Mktg. & Sales Pracs. Litig.*, No. 9 MD. 2023 (BMC), 2012 WL 13059198, at *1 (E.D.N.Y. Aug. 17, 2012) (granting motion to compel production of non-party sales data, including customer contact information, sought for purposes of providing direct notice).

[2] Plaintiffs' Section 2 claim involved separate allegations against Align related to its monopolization of the in-office clear aligner market. The classes certified in connection with that claim are unrelated to the class at issue here.

August 28, 2024
Page 4

       The Plaintiffs' and Trustee's counsel have been in communication with Salesforce regarding the possibility of recovering available data that may be responsive to the Plaintiffs' request. Assuming that Salesforce is able to retrieve such data, the Trustee does not oppose producing such information to the Plaintiffs provided that (i) this Court enters an order compelling the Trustee to produce the information, (ii) such information is subject to a protective order that it cannot be sold or used for any other purpose than providing notice of the settlement in this case, (iii) the Trustee cannot be in contempt of such order if the information retrieved by Salesforce is incomplete or non-responsive to the Plaintiffs' request, and (iv) the chapter 7 estate cannot be ordered to pay any amount to Salesforce for access to such information.