UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY SNOW, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>        Defendant. | Case No. 21-cv-03269-VC<br><br>**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF CLASS SETTLEMENT**<br><br>Re: Dkt. No. 612 |

The motion for preliminary approval of the class settlement is denied because it fails to address at least four key issues:

- This is an antitrust case against Align, which is the dominant player in the aligner market. The settlement contemplates that roughly 1.5 million people who may need aligners, and who previously purchased aligners from a different company, will be offered $300 coupons for Align's products and services. Why would it be appropriate, in an antitrust case where the defendant is the dominant player in the market, to approve a settlement involving the distribution of coupons that would incentivize even more customers to do business with that defendant? The motion for preliminary approval contains no discussion of this, and no discussion of the effects that the coupon distribution could have on competition in the aligner industry.

- The motion, along with the Azari declaration, asserts that a claims process is preferable in this case because of uncertainty about the accuracy of the class members' contact information. The explanation for this assertion is thin. If there

is concern about the accuracy of the contact information, why isn't the solution for the settlement administrator to make its best efforts to update the information, and then send checks directly to the class members? Wouldn't this result in a substantially higher participation rate? Also, the motion and the Azari declaration makes passing reference to concerns about fraud, but these papers contain no real explanation of these concerns, thus precluding the Court from meaningfully assessing whether they are real or illusory. Finally, it appears that the settlement administrator has not yet received the list of class members and their contact information, which means that the concern about the quality of the information on that list is speculative at this point. Why not wait to see what the list actually looks like before deciding whether a claims process is needed?

- The motion asserts that treating all class members equally is reasonable because the maximum difference in overcharge was less than $150. But the motion doesn't address the fact that FullPay customers were overcharged more than SmilePay customers, and doesn't consider whether claim members should receive different payouts depending on their payment plan. It may make sense to treat all class members the same, but the motion should have explained why.

- The motion makes repeated reference to this Court's previous comments that the allegations relating to Smile Direct Club seemed weak. The Court stands by those comments, but they were merely about the allegations, not the actual evidence. The motion contains no discussion of whether the evidence adduced in discovery tended to support or undermine the allegations contained in the complaint, and no real analysis of the strengths and weaknesses of the plaintiffs' case. It's also worth noting that the parties announced a settlement on the eve of the hearing on the motion for class certification—a motion that almost certainly would have been granted.

Any renewed motion for preliminary approval is due within 35 days. If the renewed

motion continues to seek approval of a coupon program, the Court will welcome amicus participation from anyone with an interest in that issue.

      A case management conference is scheduled for November 8, 2024, at 10:00 a.m. If a renewed motion for preliminary approval is filed before the conference, the parties can submit a stipulated request to continue the conference. If no renewed motion is filed, a new litigation schedule will be set at the conference.

      **IT IS SO ORDERED.**

Dated: September 18, 2024

                                                  VINCE CHHABRIA
                                                  United States District Judge