Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
Joseph M. Kingerski (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com
Email: joeyk@hbsslaw.com

Rio S. Pierce (SBN 298297)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: riop@hbsslaw.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISON

| | |
|---|---|
| MISTY SNOW, individually and on behalf of all others similarly situated, | Case No. 3:21-cv-03269-VC |
| Plaintiffs, | **DECLARATION OF RIO S. PIERCE IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT WITH ALIGN TECHNOLOGY, INC.** |
| v. | |
| ALIGN TECHNOLOGY, INC., | |
| Defendant. | Date: December 12, 2024 |
| | Time: 2:00 p.m. |
| | Judge: Hon. Vince Chhabria |
| | Location: Courtroom 5 – 17th Floor |

I, Rio S. Pierce, declare under penalty of perjury under the laws of the United States as follows:

1.      I am an attorney duly licensed to practice before all of the courts of the State of California and I am a partner of the law firm Hagens Berman Sobol Shapiro LLP ("Hagens Berman"). I submit this Declaration in Support of the Plaintiffs' Renewed Motion for Preliminary Approval of Class Action Settlement with Align Technology, Inc. I have full knowledge of the matters stated herein and could and would testify thereto.

2.      Plaintiffs filed their initial Unopposed Motion for Preliminary Approval of Class Certification Settlement with Align Technology Inc. on August 29, 2024. ECF No. 612. The Court denied this motion on September 18, 2024. ECF No. 624. In response to the Court's order, Plaintiffs have worked closely with Align Technology Inc. ("Align") to enter an Amendment to the Settlement Agreement. Plaintiffs have also worked with Epiq LLC ("Epiq") to draft new Notice Forms to Settlement Class Members.

3.      Class Member contact information was sought from multiple sources. This information was challenging to obtain because SmileDirectClub LLC ("SDC") is now in Chapter 7 bankruptcy and does not have any currently functioning business operations.

4.       Plaintiffs engaged in extensive negotiations with the bankruptcy trustee for the estate of SDC. Following those negotiations, Plaintiffs obtained two primary sources of class member contact information from the bankruptcy trustee for the estate of SDC. First, Plaintiffs obtained a file that contains thousands of Class Member records. This information was provided by SDC and appears to be comprehensive and complete. It includes the date of purchase as well as physical and digital mailing addresses for Class Members for this set of transactions.

5.      Second, Plaintiffs obtained 63 additional electronic files from the estate of SDC. This information was obtained from databases that SDC maintained on Salesforce, a customer relationship management platform used in the course of SDC's business operations. As part of negotiations, the bankruptcy trustee for SDC represented that this material contained contact

information for potential customers and other sales leads that may not actually be Settlement Class Members.

6.      Counsel for Plaintiffs provided these 63 files to Epiq, the proposed claims administrator. Epiq completed an analysis of this information and found that the files contain over 20 million e-mail addresses and over 2 million mailing addresses. These files also do not generally provide specific details about any transactions associated with the e-mail or mailing addresses found in these files. Consistent with the statements from the bankruptcy trustee for SDC, the volume of this contact information significantly exceeds the total number of Settlement Class Member transactions.

7.      Plaintiffs have also subpoenaed both Apple and Google for the contact information of individuals that downloaded the SDC app from either Apple's App Store of Google's Play Store. Plaintiffs anticipate that Apple and Google will make a production of this information within the next month, and Plaintiffs will incorporate this information into the electronic notice campaign.

8.      A true and correct copy of the aforementioned Exhibits is attached hereto:

| | |
|---|---|
| Exhibit A: | Settlement Agreement |
| Exhibit B: | Amendment to the Settlement Agreement |
| Exhibit C: | Long Form Notice |
| Exhibit D: | Email Notice to Confirmed Class Members |
| Exhibit E: | Email Notice to Potential Class Members |
| Exhibit F: | Postcard Notice to Confirmed Class Members |
| Exhibit G: | Postcard Notice to Potential Class Members |
| Exhibit H: | Claims Form |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on this 28th day of October 2024, in Berkeley, California.

_____*/s/ Rio S. Pierce*_____
Rio S. Pierce

DECLARATION OF RIO S. PIERCE IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY CLASS ACTION SETTLEMENT WITH ALIGN TECHNOLOGY INC.
CASE NO. 3:21-cv-03269-VC