Karma M. Giulianelli (SB# 184175)
John M. Hughes (pro hac vice)
Joseph W. Doman (pro hac vice)
john.hughes@bartlitbeck.com
karma.giulianelli@bartlitbeck.com
joe.doman@bartlitbeck.com
BARTLIT BECK LLP
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140

Mark L. Levine (pro hac vice)
Robert B. Tannenbaum (pro hac vice)
Luke C. Beasley (pro hac vice)
mark.levine@bartlitbeck.com
robert.tannenbaum@bartlitbeck.com
luke.beasley@bartlitbeck.com
BARTLIT BECK LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440

*Attorneys for Defendant Align
Technology, Inc.*

Additional Counsel on Signature Page

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MISTY SNOW, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>        Defendant. | CASE NO. 3:21-CV-03269-VC<br><br>**DEFENDANT ALIGN TECHNOLOGY, INC.'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**<br><br>[DECLARATION OF JOSEPH W. DOMAN AND PROPOSED ORDER FILED CONCURRENTLY HEREWITH] |

In accordance with Civil L.R. 7-11 and 79-5, and under the Stipulated Protective Order entered August 6, 2021, at ECF No. 34, Defendant Align Technology, Inc. ("Align") moves the Court for an administrative order sealing limited portions of Align's Response to Plaintiffs' Renewed Motion for Preliminary Approval of Amended Class Action Settlement with Align Technologies, Inc., and an exhibit attached to Joseph W. Doman's declaration in support thereof (the "Confidential Material"). The limited portions of Align's Response and exhibit sought to be sealed reflect Align's confidential business information, including Align's non-public financial data.

Specifically, Align seeks to seal limited portions of its Opposition on pages 3–4, 8. highlighted in yellow. In addition, Align seeks to seal the following redacted Exhibit to the Response (which Align describes to aid in the Court's sealing analysis, under the law and argument provided further below):

| Ex. | Designating Party | Description of Confidential Content |
|-----|-------------------|-------------------------------------|
| 1 | Align/SDC | Declaration of Dr. Edward Snyder. This document reflects the confidential information of Align, including Align's non-public financial data.. Align submits a lightly redacted version of the Declaration herewith. |

## I.    LEGAL STANDARD

Align respectfully submits that sealing of the Confidential Material should be subject to a "good cause" standard, as the material sought to be sealed appears in or is attached in support of briefing regarding Plaintiffs' motion for class certification.[1] "The Ninth Circuit has not ruled as

---

[1] Align is aware of the Court's March 12, 2024 Order Regarding Outstanding Sealing Motions, which rejected as overbroad Align's request to seal certain portions of its briefing and exhibits at the class certification and summary judgment stages in the Section 2 case. Dkt. 555. Align has sought here to comply with the Court's guidance in that Order. Align notes, however, that the Court's Order did not pass upon the precise question of what standard applies to sealing of material at the class certification stage.

to whether a motion for class certification is a dispositive motion for the purposes of determining whether the compelling reasons standard applies to a sealing request." *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-CV-02219-HSG, 2019 WL 11743580, at *2 (N.D. Cal. Aug. 13, 2019) (quotations and citation omitted). Yet, "[c]ourts in this district have generally considered motions for class certification nondispositive." *In re NCAA Student-Athlete Name & Likeness Licensing Litig.*, No. 09-CV-01967 CW (NC), 2013 WL 3014138, at *1 (N.D. Cal. June 17, 2013) (citation omitted); *see also Dugan v. Lloyds TSB Bank, PLC*, No. 12-CV-02549-WHA (NJV), 2013 WL 1435223, at *1 (N.D. Cal. Apr. 9, 2013) ("Unless the denial of a motion for class certification would constitute the death knell of a case, 'the vast majority of [ ] courts within this circuit' treat motions for class certification as non-dispositive motions to which the 'good cause' sealing standard applies.") (quoting *In re High-Tech Emple. Antitrust Litig.*, 2013 U.S. Dist. LEXIS 6606, at *8-9 n.1 (N.D. Cal. Jan. 15, 2013)).

"A 'good cause' showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also DZ Reserve v. Facebook, Inc.*, No. 3:18-cv-04978-JD, 2021 WL 75734, at *1 (N.D. Cal. Jan. 8, 2021) (citing *Kamakana*, 447 F.3d at 1179-80) ("A particularized showing of good cause is required to seal documents related to non-dispositive motions, and a compelling reason supported by specific facts is needed before the Court will consider sealing records involving dispositive motions such as a summary judgment motion."). "For documents related to discovery and attached to a non-dispositive motion . . . a party need only show *good cause* exists to seal, which is the same standard for filing discovery documents under seal, under Federal Rule of Civil Procedure 26(c)." *Wong v. Astrue*, No. C 08-02432 SBA, 2008 WL 2323860, at *1 (N.D. Cal. May 20, 2008) (citing *Kamakana*, 447 F.3d at 1179-80).

Should the Court find that Plaintiffs' Renewed Motion for Preliminary Approval of Class Action Settlement constitutes a dispositive motion and applies the heightened "compelling reasons" standard, sealing would still be appropriate. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010). Under this standard, a district court should weigh "relevant factors" to determine if there is an articulable "compelling reason" to seal documents. *Id*. at 679. "'Relevant factors' include the 'public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets.'" *Id*. at 679 n.6. This list is not exhaustive.

In *Petersen-Dean, Inc. v. SolarWorld Americas, Inc.*, No. 3:17-cv-07326-WHO, 2018 WL 1151731 (N.D. Cal. Mar. 5, 2018), the court found compelling reasons to seal portions of documents that, as here, contained pricing and volume data and projections, as they amounted to trade secrets. *See id*. at *4 n.7. Likewise, in *Arabian v. Sony Electronics, Inc.*, No. 05-CV-1741 WQH (NLS), 2007 WL 627977 (S.D. Cal. Feb. 22, 2007), the court granted an application to seal exhibits to a declaration because they contained "proprietary and/or trade secret information" which was "of such a commercially-sensitive nature that it would create a risk of competitive injury . . . if it were disclosed to the public." *Id*. at *14. Finally, courts also find that sealing of confidential business information is appropriate where, "disclosure of this information without context could cause harm to [the company] by providing an incomplete and misleading picture of [the company's] practices and capabilities." *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6389186, at *2 (N.D. Cal. Feb. 24, 2020)

These opinions all adhere to the Ninth Circuit's general instruction that confidential and proprietary business information should be sealed. *See, e.g.*, *IMAX Corp. v. Cinema Tech., Inc.*, 152 F.3d 1161, 1168 (9th Cir. 1998); *In re Duel-Deck Video Cassette Record. Anti-Trust*

*Litig.*, 10 F.3d 693, 694 (9th Cir. 1993) (noting it "is common now in business litigation" to seal "confidential [business] information"). "[P]ricing terms, royalty rates, and guaranteed minimum payment terms" are just some types of confidential business information that the Ninth Circuit has recognized as rightfully sealed. *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569–70 (9th Cir. 2008).[2]

Redaction of the Confidential Material is also consistent with the confidentiality protections of the Stipulated Protective Order (Dkt. 34). Moreover, the redacted Confidential Material is consistent with the definition of "Highly Confidential" information as defined by the Stipulated Protective Order, which covers information where "disclosure . . . to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means."

## II.    ARGUMENT

Here, the good cause and compelling reasons standards are met because the Confidential Material relates to Align's non-public financial performance data. *See Petersen-Dean, Inc. v. SolarWorld Americas, Inc.*, No. 3:17-cv-07326-WHO, 2018 WL 1151731 (N.D. Cal. Mar. 5, 2018). "[D]isclosure of this information without context could cause harm to [the company] by providing an incomplete and misleading picture of [the company's] practices and capabilities." *Adtrader, Inc. v. Google LLC*, No. 17-CV-07082-BLF, 2020 WL 6389186, at *2 (N.D. Cal. Feb. 24, 2020).

The specific reasons why Align considers the exhibits that it seeks to seal herein to be confidential, sensitive, and/or proprietary are set forth in the above table, which contains an

---

[2] The Ninth Circuit's viewpoint that "confidential business strategies and other commercially sensitive information" should be sealed, is wholly consistent with the United States Supreme Court's determination that courts may seal "business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978).

itemized description of each exhibit. If the Confidential Material reflected in those exhibits were disclosed, it could cause prejudice or harm to Align by chilling or otherwise negatively impacting Align as set forth below:

1.  Align's competitive standing would suffer. Third parties would become privy to internal Align financial data related to key business initiatives. This information is not reported publicly and Third parties could use such information to exploit Align competitively. Such information could also be used in a misleading fashion to damage Align's relationships with its customers.

2.  Unsealing of the Confidential Material will also create a misleading and prejudicial picture of Align's business activities and strategies. This risk is especially prominent with respect to the internal data about Align's retainer business as it relates to its aligner business. The unsealing of this confidential information could harm Align's standing in the marketplace.

The sealing and redaction of the Confidential Material is limited to the non-public information that relates to internal and/or confidential Align business data, and thus is appropriately and narrowly tailored to protect the confidentiality of the material. There is no less restrictive alternative available to sealing.

## III.    CONCLUSION

For the foregoing reasons, and in further consideration of the concurrently filed Declaration, Align respectfully requests that the Court grant this Motion and enter the proposed order filed herewith.

DATED: November 12, 2024

BARTLIT BECK LLP

By: */s/ Joseph W. Doman*

**BARTLIT BECK LLP**
Karma M. Giulianelli (SB# 184175)
John M. Hughes (*pro hac vice*)
Joseph W. Doman (*pro hac vice*)
karma.giulianelli@bartlitbeck.com
john.hughes@bartlitbeck.com
joe.doman@bartlitbeck.com
1801 Wewatta Street, Suite 1200
Denver, CO 80202
Telephone: (303) 592-3100
Facsimile: (303) 592-3140

Mark L. Levine (*pro hac vice*)
Robert B. Tannenbaum (*pro hac vice*)
Luke C. Beasley (*pro hac vice*)
mark.levine@bartlitbeck.com
robert.tannenbaum@bartlitbeck.com
luke.beasley@bartlitbeck.com
54 West Hubbard Street, Suite 300
Chicago, IL 60654
Telephone: (312) 494-4400
Facsimile: (312) 494-4440

**PAUL HASTINGS LLP**
James M. Pearl (SB# 198481)
jamespearl@paulhastings.com
1999 Avenue of the Stars, 27th Floor
Los Angeles, CA 90067
Telephone: (310) 620-5700
Facsimile: (310) 620-5899

Thomas A. Counts (SB# 148051)
Abigail H. Wald (SB# 309110)
tomcounts@paulhastings.com
abigailwald@paulhastings.com
101 California Street, 48th Floor
San Francisco, CA 94111
Telephone: (415) 856-7000
Facsimile: (415) 856-7100

Adam M. Reich (SB# 274235)
Michael C. Whalen (*pro hac vice*)
adamreich@paulhastings.com
michaelcwhalen@paulhastings.com
71 South Wacker Drive, 45th Floor
Chicago, IL 60606
Telephone: (312) 499-6000
Facsimile: (312) 499-6100

Michael F. Murray (*pro hac vice*)
michaelmurray@paulhastings.com
2050 M Street, N.W.
Washington, DC 20036
Telephone: (202) 551-1700
Facsimile: (202) 551-1705

Noah Pinegar (*pro hac vice*)
noahpinegar@paulhastings.com
200 Park Avenue
New York, NY 10166
Telephone: (212) 318-6000
Facsimile: (212) 319-4090

*Attorneys for Defendant Align Technology, Inc.*

## PROOF OF SERVICE

I am employed by Bartlit Beck LLP in Denver, Colorado. I am over the age of 18, and

not a party to the within action. My business address is 1801 Wewatta Street, 12th Floor, Denver,

CO 80202.

On November 12, 2024, I served the foregoing document(s) described as:

**DEFENDANT ALIGN TECHNOLOGY, INC.'S RESPONSE TO PLAINTIFFS' RENEWED MOTION FOR PRELIMINARY APPROVAL OF AMENDED CLASS ACTION SETTLEMENT WITH ALIGN TECHNOLOGY, INC.**

**EXHIBIT 1 ATTACHED THERETO**

**DEFENDANT ALIGN TECHNOLOGY, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED**

on the interested parties by personally emailing the aforementioned document(s) in PDF format

to all persons appearing on the below Service List at the corresponding email addresses set forth

therein.

## SERVICE LIST

Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
Joseph Kingerski (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
steve@hbsslaw.com
tedw@hbsslaw.com
joeyk@hbsslaw.com

Rio S. Pierce (SBN 298297)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 98101
riop@hbsslaw.com

*Attorneys for Plaintiffs*

I declare under penalty of perjury under the laws of the United States that the above is

true and correct. Executed on November 12, 2024.

---

By: */s/ Joseph W. Doman*
    Joseph W. Doman