UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY SNOW, et al.,<br><br>        Plaintiffs,<br><br>        v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>        Defendant. | Case No. 21-cv-03269-VC<br><br>**ORDER ON ALL OUTSTANDING SEALING MOTIONS**<br><br>Re: Dkt. Nos. 563, 564, 583, 587, 598, 606, 629, 632, 633 |

This Order applies to all outstanding sealing motions on the *Snow* docket.

**1. Sealing motions related to the Renewed Motion for Preliminary Approval**

Dkt. No. 632: Align's motion to seal limited portions of Dr. Snyder's declaration is granted because it contains confidential pricing terms and non-public financial data.

Dkt. Nos. 629, 633: Both motions are denied because no party filed a declaration in support of the motion to consider whether another's materials should be sealed. The parties must file the versions of the motion and response (with only Dkt. No. 632's redactions) on the docket.

**2. Sealing motions related to the Section 2 Class Certification and Summary Judgment motions**

Dkt. No. 606: These newly proposed redactions are much better than those submitted in the prior round, but still seek to seal too much information, as discussed at the hearing. For instance, Align claims that it needs to seal certain information in its class certification motion (Dkt. No. 608-1) that relates to confidential business strategy and marketing. While some of the specific pricing terms should be sealed, *see id.* at 15–16, many of the proposed redactions seem to be more about saving Align from embarrassment than preventing competitors from gaining

any meaningful insight into any *ongoing* business strategy, *see, e.g.*, *id.* at 7–8.

This is Align's last chance to get it right. If the redactions are still too overbroad, the Court will almost certainly sanction Align's lawyers and Align itself.

### 3. Sealing motions related to all other outstanding sealing motions

There also appear to be a few outstanding sealing motions, but it is not clear whether the parties still seek to seal those materials. *See, e.g.*, Dkt. Nos. 587, 583. Align also represented at the hearing that SDC no longer wants to seal its business information given its bankruptcy.

Any party that still seeks to seal material from an outstanding sealing motion should refile those motions in accordance with the Court's guidance. For instance, Align should refile its sealing request for the Section 1 class certification motion (Dkt. Nos. 563, 564) if it still wants to seal information in those motions and exhibits.

If a party determines that a document no longer needs to be sealed, they should file the unredacted version on the docket. If a party filed an Administrative Motion to Consider Whether Another's Material Should Be Sealed and no party filed a supporting declaration, the party that first filed the Administrative Motion should refile the unredacted document on the docket.

\*   \*   \*

The Court will not issue its order regarding the Renewed Motion for Preliminary Approval until all sealing matters related to the Section 1 claims are resolved. For all renewed sealing motions, the parties may file them in the way Align described at Dkt. No. 561. The renewed sealing motions and any unredacted versions should be filed 42 days from this Order.

**IT IS SO ORDERED.**

Dated: December 13, 2024

_____
VINCE CHHABRIA
United States District Judge