# EXHIBIT A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISTY SNOW, individually and on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>  v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>        Defendant. | Case No. 3:21-CV-03269-VC<br><br>Hon. Vince Chhabria |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is made and entered into this 27th day of March 2025 (the "Execution Date"), by and between Defendant Align Technology, Inc. ("Align") and Plaintiffs (collectively "Plaintiffs"), who filed suit in the above-captioned action both individually and as representatives of a putative class of purchasers of SmileDirectClub aligners. Plaintiffs enter this Settlement Agreement both individually and on behalf of the Settlement Class, as defined below.

WHEREAS, in the Action Plaintiffs allege that Align participated in a conspiracy to raise, fix, maintain, or stabilize the price of SmileDirectClub ("SDC") aligners in violation of Section 1 of the Sherman Act and corresponding state laws;

WHEREAS, Align denies Plaintiffs' allegations in the Action and has asserted defenses to Plaintiffs' claims;

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

WHEREAS, extensive arm's-length settlement negotiations have taken place between Plaintiffs' Lead Counsel and counsel for Align, including an in-person mediation with a nationally recognized and highly experienced mediator, leading to this Settlement Agreement;

WHEREAS, Plaintiffs have conducted an extensive investigation into the facts and the law regarding the claims asserted in the Action, and have concluded that a settlement with Align according to the terms set forth below is fair, reasonable, and adequate and in the best interest of Plaintiffs and the Settlement Class;

WHEREAS, Align believes that it is not liable for the claims asserted and has both (i) good defenses to Plaintiffs' claims and (ii) meritorious motions, but nevertheless has decided to enter into this Settlement Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, to obtain the nationwide releases, orders, and judgment contemplated by this Settlement Agreement, and to put to rest with finality all claims that Plaintiffs and Settlement Class Members have or could have asserted against the Released Parties, as defined below; and

NOW, THEREFORE, in consideration of the agreements and releases set forth herein and other good and valuable consideration, and intending to be legally bound, it is agreed by and between Align and the Plaintiffs (both individually and on behalf of the Settlement Class) that the Action be settled, compromised, and dismissed with prejudice as to Align only, without costs to Plaintiffs, the Settlement Class, or Align except as provided for herein, subject to the approval of the Court, on the following terms and conditions:

## A.     **Definitions**

The following terms, as used in this Settlement Agreement, have the following meanings:

1.     "Action" means *Snow v. Align* (N.D. Ca. Case No. 3:21-CV-03269-VC)

1

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

2.       "Lead Counsel" means the following law firm:

HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101

4.       "Court" means the U.S. District Court for the Northern District of California.

5.       "Effective" means that all conditions set forth below in the definition of "Effective Date" have occurred.

6.       "Effective Date" means the date when: (a) the Court has entered a final judgment order approving the Settlement set forth in this Settlement Agreement under Rule 23(e) of the Federal Rules of Civil Procedure and a final judgment dismissing the Action against Align with prejudice has been entered; and (b) the time for appeal or to seek permission to appeal from the Court's approval of the Settlement and the entry of a final judgment has expired or, if appealed, approval of the Settlement and the final judgment have been affirmed in their entirety by the Court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review; excluding, however, any appeal or other proceedings unrelated to this Settlement Agreement initiated by Plaintiffs related to the Section 2 Claim, and any such appeal or other proceedings shall not delay the Settlement Agreement from becoming final and shall not apply to this section; nor shall this section be construed as an admission that such parties have standing or other rights of objection or appeal with respect to this Settlement. It is agreed that neither the provisions of Federal Rule of Civil Procedure 60 nor the All Writs Act, 28 U.S.C. § 1651, shall be considered in determining the above-stated times.

7.       "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, any business or legal entity, and such

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

individual's or entity's spouse, heirs, predecessors, successors, representatives, affiliates, and assignees.

8.     "Released Claims" means any and all manner of federal and state claims regardless of the cause of action arising from or relating to conduct that was alleged or could have been alleged in the Action based on any or all of the same factual predicates for the claims alleged in the Action, including, but not limited to, any claims arising from any agreement between Align and SDC.

9.     "Released Parties" means Align and all of its respective past, present, and future, direct and indirect corporate parents (including holding companies), subsidiaries, related entities and affiliates, associates (all as defined in SEC Rule 12b-2 promulgated pursuant to the Securities Exchange Act of 1934), predecessors, and successors, and all of their respective franchisees, sub-franchisors, officers, directors, managing directors, employees, agents, contractors, independent contractors, attorneys, legal or other representatives, accountants, auditors, experts, trustees, trusts, heirs, beneficiaries, estates, executors, administrators, insurers, and assigns, and all of the franchisees' and sub-franchisors' officers, directors, managing directors, employees, agents, and independent contractors. For the avoidance of doubt, Released Parties do not include SmileDirectClub Inc. or any of its parents or subsidiaries.

10.     "Releasing Parties" means Plaintiffs and any Settlement Class Members (including any of their immediate family members, heirs, representatives, administrators, executors, devisees, legatees, and estates, acting in their capacity as such; and for entities including any of their past, present, or future officers, directors, insurers, general or limited partners, divisions, stockholders, agents, attorneys, employees, legal representatives, trustees, parents, associates, affiliates, joint ventures, subsidiaries, heirs, executors, administrators, predecessors, successors, and assigns,

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

acting in their capacity as such solely with respect to the claims based on or derived from claims of the Plaintiffs or Settlement Class Members).

11.    "Settlement" means the settlement of the Action contemplated by this Settlement Agreement.

12.    "Settlement Class" means the class of persons that will be certified by the Court for settlement purposes only, namely: All persons in the United States that purchased, paid, and/or provided reimbursement for some or all of the purchase price for SmileDirectClub aligners acquired for personal use during the period beginning October 22, 2017 until August 18, 2022. For avoidance of doubt, Plaintiffs and Align intend this Settlement Agreement to provide for a nationwide class with a nationwide settlement and release.

13.    "Settlement Class Member" means a member of the Settlement Class who does not file a valid request for exclusion from the Settlement Class.

14.    "Settlement Consideration" means the Total Monetary Settlement Amount.

15.    "Settling Parties" means Plaintiffs and Align.

16.    "Total Monetary Settlement Amount" means $31.75 million (Thirty-One Million and Seven Hundred and Fifty Thousand Dollars) in United States currency.  All costs of settlement, including all payments to Settlement Class Members, all attorneys' fees and costs, all service awards to current and former class representatives, and all costs of notice and administration, will be paid out of the Total Monetary Settlement Amount.

**B.**    **Stipulation to Class Certification**

17.    The Settling Parties hereby stipulate for purposes of this Settlement only that the requirements of Federal Rules of Civil Procedure 23(a) and 23(b)(3) are satisfied and, subject to Court approval, the Settlement Class shall be certified for settlement purposes as to Align.  The

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

Settling Parties stipulate and agree to the conditional certification of the Settlement Class for purposes of this Settlement only. Should, for whatever reason, the Settlement not become Effective, the Settling Parties' stipulation to class certification as part of the Settlement shall become null and void.

18.     Neither this Settlement Agreement, nor any statement, transaction, or proceeding in connection with the negotiation, execution, or implementation of this Settlement Agreement should be intended to be, construed as, or deemed to be evidence of an admission or concession by Align that a class should be or should have been certified for any purpose other than settlement, and none of them shall be admissible in evidence for any such purpose in any proceeding.

**C.     Approval of this Settlement Agreement and Dismissal of the Action**

19.     The Settling Parties agree to make reasonable best efforts to effectuate this Settlement Agreement, including, but not limited to, seeking the Court's approval of procedures (including the giving of class notice under Federal Rules of Civil Procedure 23(c) and (e) and scheduling a final fairness hearing) to obtain final approval of the Settlement and the final dismissal with prejudice of the Action as to Align.

20.     Plaintiffs will submit to the Court a motion requesting that the Court preliminarily approve the Settlement (the "Motion"). Plaintiffs shall expeditiously seek an agreed-upon date for the hearing on the motion for preliminary approval, with a date no later than June 5, 2025. The Motion shall include a proposed form of order preliminarily approving the Settlement and enjoining Releasing Parties from prosecuting any Released Claims in any forum until the Effective Date of this Settlement. At least seven (7) business days before submission to the Court, the papers in support of the Motion for preliminary approval shall be provided by Lead Counsel to Align for its review. To the extent that Align objects to any aspect of the Motion, it shall communicate such

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

objection to Lead Counsel, and the Settling Parties shall meet and confer to resolve any such objection.  In the event that Align decides to file a response to Plaintiffs' Motion, then any papers related to that response shall be provided by Align to Lead Counsel for its review at least five (5) business days before submission to the Court. To the extent that Lead Counsel objects to any aspect of Align's response, it shall communicate such objection to Align and the Settling Parties shall meet and confer to resolve any such objection.  The Settling Parties shall take all reasonable actions as may be necessary to obtain preliminary approval of the Settlement.  To the extent the Court finds that the Settlement does not meet the standard for preliminary approval, the Settling Parties will negotiate in good faith to modify the Settlement Agreement directly or with the assistance of mediator Greg Lindstrom and will endeavor to resolve any issues to the satisfaction of the Court.

21.    Within ten (10) calendar days after the filing with the Court of this Settlement Agreement and the accompanying Motion seeking its preliminary approval, the notice administrator shall, at Plaintiffs' Lead Counsel's expense to be reimbursed from the Total Monetary Settlement Amount, cause notice of the Settlement Agreement to be served upon appropriate state and federal officials as provided in the Class Action Fairness Act, 28 U.S.C. § 1715.

22.    If the Settlement is preliminarily approved by the Court, Plaintiffs shall timely seek final approval of the Settlement and entry of a final judgment order as to Align:

(a)    certifying the Settlement Class under Federal Rule of Civil Procedure 23(b), solely for purposes of this Settlement;

(b)    granting final approval of the Settlement as fair, reasonable, and adequate within the meaning of Federal Rule of Civil Procedure 23(e) and directing the consummation of the Settlement according to its terms;

6

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

(c)      directing that the Section 1 Claim portion of the Action be dismissed with prejudice and, except as provided for herein, without costs;

(d)      reserving exclusive jurisdiction over the Settlement and this Settlement Agreement, including reserving exclusive jurisdiction over the administration and consummation of this Settlement to the United States District Court for the Northern District of California; and

(e)      determining under Federal Rule of Civil Procedure 54(b) that there is no just reason for delay and directing entry of final judgment as to Align.

23.      This Settlement Agreement will become Effective only after the occurrence of all conditions set forth above in the definition of the Effective Date.

**D.      <u>Releases, Discharge, and Covenant Not to Sue</u>**

24.      Upon the occurrence of the Effective Date, the Releasing Parties expressly and irrevocably waive, and fully, finally, and forever settle, discharge, and release the Released Parties from any and all manner of claims, demands, actions, suits, and causes of action, whether individual, class, representative, or otherwise in nature, for damages, restitution, disgorgement, interest, costs, expenses, attorneys' fees, fines, civil or other penalties, or other payment of money, or for injunctive, declaratory, or other equitable relief, whenever incurred, whether directly, indirectly, derivatively, or otherwise, whether known or unknown, suspected or unsuspected, in law or in equity, that any Releasing Party ever had, now has, or hereafter can, shall, or may have and that have accrued as of the date of preliminary approval of the Settlement arising from or related to the Released Claims.  The Released Claims include, but are not limited to, the antitrust and consumer protection claims brought in the Action and similar state and federal statutes related to the Section 1 Claim against Align.  In connection therewith, upon the Effective Date of

7

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

Settlement, each of the Releasing Parties (i) shall forever be enjoined from prosecuting in any forum any Released Claims against any of the Released Parties that accrued from the beginning of time through the date of preliminary approval of the Settlement; and (ii) agrees and covenants not to sue any of the Released Parties with respect to any Released Claims.  For avoidance of doubt, this release extends to, but only to, the fullest extent permitted by law. For the avoidance of doubt, this release does not release the separate Section 2 Claim brought in this Action against Align.

25.    The Releasing Parties may hereafter discover facts other than or different from those which they now know or believe to be true with respect to the subject matter of the Released Claims. Nevertheless, the Releasing Parties expressly, fully, finally, and forever settle and release, and, upon the Effective Date, shall be deemed to have, and by operation of the Final Judgment and Order of Dismissal shall have, fully, finally, and forever settled and released, any and all Released Claims, without regard to the subsequent discovery or existence of such other, different, or additional facts, as well as any and all rights and benefits existing under (i) Cal. Civ. Code Section 1542, which provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

or any equivalent, similar, or comparable present or future law or principle of law of any jurisdiction; or (ii) any law or principle of law of any jurisdiction that would limit or restrict the effect or scope of the provisions of the release set forth above, without regard to the subsequent discovery or existence of such other, different, or additional facts.  The Releasing Parties

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

acknowledge that the inclusion of unknown claims in the definition of Released Claims was separately bargained for and was a material element of the Agreement.

26.    The Releasing Parties intend by this Settlement Agreement to settle with and release only the Released Parties, and the Settling Parties do not intend this Settlement Agreement, or any part hereof, or any other aspect of the proposed Settlement or release, to release or otherwise affect in any way any claims against any entity other than the Released Parties concerning product liability, breach of warranty, breach of contract or tort of any kind (other than a breach of contract or tort based on any factual predicate in this Action), a claim arising out of violation of the Uniform Commercial Code, or personal or bodily injury.  For the avoidance of doubt, the Settlement Agreement does not alter, amend, expand, or limit claims by Settlement Class Members against the Released Parties that do not relate to the Released Claims.

## E.    Payment of the Settlement Consideration

27.    Plaintiffs will open a special interest-bearing Settlement escrow account or accounts, established for that purpose as a qualified settlement fund as defined in Section 1.468B-1(a) of the U.S. Treasury Regulations (the "Escrow Account").  Within the later of thirty (30) business days after preliminary approval of the Settlement or June 30, 2025, Align will deposit the Settlement Amount into the Escrow Account. All accrued interest shall be for the benefit of the Plaintiff classes unless the Settlement is not approved, in which case the interest shall be for the benefit of Align.

## F.    The Settlement Fund

29.    The Total Monetary Settlement Amount and any interest earned thereon shall be held in the Escrow Account and constitute the "Settlement Fund."  The full and complete cost of the settlement notice, claims administration, Settlement Class Members' compensation, current

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

and former class representatives' incentive awards, attorneys' fees and reimbursement of all actual expenses of the Action, any other litigation costs of Plaintiffs (all as approved by the Court), and all applicable taxes, if any, assessable on the Settlement Fund or any portion thereof, will be paid out of the Settlement Fund.  In no event will Align's monetary liability with respect to the Settlement exceed the combined value of the Total Monetary Settlement Amount.

30.    The Settling Parties and their counsel will not have any responsibility, financial obligation, or liability for any fees, costs, or expenses related to providing notice to the Settlement Class or administering the settlement except in Paragraph 31.  Such fees, costs, or expenses shall be paid solely from the Settlement Fund with Court approval.  The balance of the Settlement Fund shall be disbursed to Settlement Class Members as provided in a Plan of Allocation (as defined below) approved by the Court.  The Settling Parties shall have the right to audit amounts paid from the Settlement Fund.

31.    After preliminary approval of the Settlement and approval of a class notice plan, Lead Counsel may utilize a portion of the Settlement Fund to provide notice of the Settlement to potential members of the Settlement Class.  Align will not object to Plaintiffs' counsel withdrawing from the Settlement Fund, subject to any necessary Court approval, up to $2,500,000 to pay the costs for notice. The amount spent or accrued for notice and notice administration costs is not refundable to Align in the event the Settlement Agreement is disapproved, rescinded, or otherwise fails to become Effective.

32.    The Settlement Fund will be invested in United States Government Treasury obligations or United States Treasury money market funds.

33.    Align will not have any responsibility, financial obligation, or liability whatsoever with respect to the investment, distribution, use, or administration of the Settlement Fund,

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

including, but not limited to, the costs and expenses of such investment, distribution, use or administration except as expressly otherwise provided in this Settlement Agreement. Align's only payment obligation is to pay the Total Monetary Settlement Amount.

34. There will be no reduction of the Total Monetary Settlement Amount based on Settlement Class Members who opt out. The Settlement will be non-reversionary except as set forth below in Section H. If the Settlement becomes Effective, no proceeds from the Settlement will revert to Align regardless of the claims that are made.

35. No disbursements shall be made from the Settlement Fund prior to the Effective Date of this Settlement Agreement except as described in Paragraphs 29 and 30 above.

36. The distribution of the Settlement Fund shall be administered pursuant to a plan of allocation (the "Plan of Allocation") proposed by Lead Counsel in their sole and absolute discretion and subject to the approval of the Court. Align will have no participatory or approval rights with respect to the Plan of Allocation. It is understood and agreed by the Settling Parties that any proposed Plan of Allocation, including, but not limited to, any adjustments to an authorized claimant's claim, is completely independent of and is not a part of this Settlement Agreement and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement Agreement. The Settlement Class, Plaintiffs, and Align shall be bound by the terms of the Settlement Agreement, irrespective of whether the Court or any other court, including on any appeal, disapproves or modifies the Plan of Allocation, and any modification or rejection of the Plan of Allocation shall not affect the validity or enforceability of this Settlement Agreement or otherwise operate to terminate, modify, or cancel that Agreement.

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

37.     The Releasing Parties will look solely to the Settlement Fund for settlement and satisfaction against the Released Parties of all Released Claims and shall have no other recovery against Align or the Released Parties.

**G.     Attorneys' Fees and Expenses**

38.     Subject to Lead Counsel's sole discretion as to timing, except that the timing must be consistent with rules requiring that Settlement Class Members be given the opportunity to review fee applications, Lead Counsel may apply to the Court for a fee award, plus expenses, and costs incurred, and current and former class representative service awards to be paid out of the Settlement Fund  (the "Fee and Expense Award"). Following Court approval, the Fee and Expense Award shall be paid solely from the Settlement Fund after the Effective Date to an account designated by Lead Counsel.

**H.     Taxes**

39.     Lead Counsel is solely responsible for filing all informational and other tax returns necessary to report any net taxable income earned by the Settlement Fund and shall file all informational and other tax returns necessary to report any income earned by the Settlement Fund and shall be solely responsible for taking out of the Settlement Fund, as and when legally required, any tax payments, including interest and penalties due on income earned by the Settlement Fund. All taxes (including any interest and penalties) due with respect to the income earned by the Settlement Fund shall be paid from the Settlement Fund.  Align has no responsibility to make any filings relating to the Settlement Fund and will have no responsibility to pay tax on any income earned by the Settlement Fund or to pay any taxes on the Settlement Fund unless the Settlement does not become Effective and the Settlement Fund is returned to Align.  In the event the Settlement does not become Effective and any funds including interest or other income are returned

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

to Align, Align will be responsible for the payment of all taxes (including any interest or penalties), if any, on said interest or other income.  Align makes no representations regarding, and will not be responsible for, the tax consequences of any payments made pursuant to this Settlement Agreement to Lead Counsel or to any Settlement Class Member.

**J.**    **Rescission**

40.    If the Court does not certify the Settlement Class as defined in this Settlement Agreement, or if the Court does not approve this Settlement Agreement in all material respects, or if such approval is modified or set aside on appeal in any material respects, or if the Court does not enter final approval, or if any judgment approving this Settlement Agreement is materially modified or set aside on appeal, or if all of the conditions for the Effective Date do not occur, then this Settlement Agreement may be rescinded by Align or by Plaintiffs on behalf of the Settlement Class by written notice to the Court and to counsel for the other Settling Party filed and served within ten (10) business days of the entry of an order not granting Court approval or having the effect of disapproving or materially modifying the terms of this Settlement Agreement. The Settlement Agreement may also be rescinded by Align if seven percent (7%) or more of the Settlement Class Members opt out of the Settlement by written notice to the Court and to counsel for Plaintiffs filed and served within ten (10) business days of the determination of the number of opt outs. A modification or reversal on appeal of any amount of the Settlement Fund that the Court authorizes to be used to pay Plaintiffs' fees or litigation expenses shall not be deemed a modification of all or a part of the terms of this Settlement Agreement or such final judgment order.

41.    If the Settlement or Settlement Agreement is rescinded for any reason, then the balance of the Total Monetary Settlement Amount in the Settlement Fund will be returned to Align.

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

In the event that the Settlement Agreement is rescinded, the funds already expended from the Settlement Fund for the costs of notice and administration will not be returned to Align.  Funds to cover notice and administration expenses that have been incurred but not yet paid from the Settlement Fund will also not be returned to Align.

42.      If the Settlement or Settlement Agreement is rescinded for any valid reason before payment of claims to Settlement Class Members, then the Settling Parties will be restored to their respective positions in the Action as of July 31, 2024.  Plaintiffs and Align agree that any rulings or judgments that occur in the Action on or after July 31, 2024, and before this Settlement Agreement is rescinded will not bind Plaintiffs, Align, or any of the Released Parties.  Plaintiffs and Align agree to waive any argument of claim or issue preclusion against Plaintiffs or Align arising from such rulings or judgments.  In the event of rescission, the Action will proceed as if this Settlement Agreement had never been executed and this Settlement Agreement, and representations made in conjunction with this Settlement Agreement, may not be used in the Action or otherwise for any purpose.  Align and Plaintiffs expressly reserve all rights if the Settlement Agreement does not become Effective or if it is rescinded by Align or the Plaintiffs.  The Settling Parties agree that pending deadlines for motions not yet filed, and all deadlines (whether pending or past) for motions that will be withdrawn pursuant to this Settlement Agreement, shall be tolled for the period from July 31, 2024, until the date this Settlement or Settlement Agreement is rescinded, and no Settling Party shall contend that filing or renewal of such motions was rendered untimely by or was waived by the operation of this Settlement Agreement.

43.      Align warrants and represents that it is not "insolvent" within the meaning of applicable bankruptcy laws as of the time the Settlement Agreement is executed, and will warrant

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

and represent, that it is not "insolvent" within the meaning of applicable bankruptcy laws at the time that payments of the Total Monetary Settlement Amount are actually transferred or made. In the event of a final order of a court of competent jurisdiction, not subject to any further proceedings, determining the transfer of the Total Monetary Settlement Amount, or any portion thereof, by or on behalf of Align to be a preference, voidable transfer, fraudulent transfer, or similar transaction under Title 11 of the U.S. Code (Bankruptcy) or applicable state law and any portion thereof is required to be refunded and such amount is not promptly deposited in the Escrow Account by or on behalf of Align, then, at the election of Plaintiff counsel, the Settlement may be terminated and the releases given and the judgment entered pursuant to the Settlement shall be null and void.

44.     The Settling Parties' rights to terminate this Settlement Agreement and withdraw from this Settlement Agreement are a material term of this Settlement Agreement.

45.     Align reserves all of its legal rights and defenses with respect to any claims brought by potential Opt-Outs from the Settlement Class.

**I.     <u>Cooperation</u>**

46.     Align (defined for purposes of this paragraph to include present and future, direct and indirect corporate subsidiaries, related entities and affiliates, predecessors, and successors but not franchisees) will provide cooperation to Plaintiffs as follows in the Action. Align will take reasonable steps in assisting Class Counsel with the class notice process, including providing any contact information about Settlement Class Members in its possession, and, to the extent practicable, provide all reasonable assistance in attempting to obtain Settlement Class Member contact information from the estate of SmileDirectClub.  Any disputes regarding the scope of these

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

provisions or compliance with these provisions can be initially referred to Greg Lindstrom or another mediator, mutually chosen by the parties, for resolution of these disputes.

47.    Align's cooperation obligations, as set forth in Paragraph 46 shall not require the production of information, testimony, and/or documents that are protected from disclosure by the attorney-client privilege, work product doctrine, joint defense privilege, or any other applicable privilege or doctrine.

48.    Align's obligation to cooperate will not be affected by the release set forth in this Settlement Agreement or the final judgment orders with respect to Align.  Unless this Settlement Agreement is rescinded, disapproved, or otherwise fails to become Effective, the obligation to cooperate as set forth herein will continue until the date that final judgment has been entered and the time for appeal or to seek permission to appeal from the entry of a final judgment has expired or, if appealed, any final judgment has been affirmed in its entirety by the Court of last resort to which such appeal has been taken and such affirmance is no longer subject to further appeal or review.

49.    Align acknowledges that the cooperation set forth herein is a material component of this Settlement Agreement and agrees to use its reasonable best efforts to provide the cooperation specified in this Section.

**J.    <u>Miscellaneous</u>**

50.    This Settlement Agreement and any actions taken to carry out the Settlement are not intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or of the validity of any claim, defense, or point of fact or law on the part of any party. Align denies the allegations of the operative Complaint in the Action.  Neither this Settlement Agreement, nor the fact of Settlement, nor Settlement proceedings, nor the Settlement

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

negotiations, nor any related document, shall be used as an admission of any fault or omission by Align, or be offered in evidence as an admission, concession, presumption, or inference of any wrongdoing by Align in any proceeding.

51.     This Settlement Agreement was reached with the assistance of counsel after arm's-length negotiations before a neutral mediator, Greg Lindstrom, of Phillips ADR Enterprises, P.C. The Settling Parties reached the Settlement Agreement after considering the risks and costs of litigation. The Settling Parties agree to continue to maintain the confidentiality of all settlement discussions and materials exchanged during the settlement negotiation.   The terms of the settlement continue to be subject to mediation privilege and must be kept strictly confidential until a motion for preliminary approval is filed—except as necessary for Align to meet its financial reporting obligations.

52.     Any disputes relating to this Settlement Agreement will be governed by California law without regard to conflicts of law provisions.

53.     This Settlement Agreement does not settle or compromise any claim by Plaintiffs or any other Settlement Class Member against (a) any alleged co-conspirator or other person or entity other than the Released Parties.   All rights of any Settlement Class Member against an alleged co-conspirator or other person or entity other than the Released Parties are specifically reserved by Plaintiffs and the other Settlement Class Members.

54.     This Settlement Agreement constitutes the entire agreement among Plaintiffs and Align pertaining to the Settlement of the Action against Align.   This Settlement Agreement may be modified or amended only by a writing executed by Plaintiffs and Align.

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

55.     This Settlement Agreement may be executed in counterparts by Plaintiffs and Align, and a facsimile or pdf signature shall be deemed an original signature for purposes of executing this Settlement Agreement.

56.     Neither Plaintiffs nor Align shall be considered the drafter of this Settlement Agreement or any of its provisions for the purpose of any statute, the common law, or rule of interpretation that would or might cause any provision of this Settlement Agreement to be construed against the drafter.

57.     The provisions of this Settlement Agreement shall, where possible, be interpreted in a manner to sustain their legality and enforceability.

58.     The Court shall retain jurisdiction over the implementation and enforcement of this Settlement Agreement and the Settlement.

59.     The terms of the Settlement Agreement are and shall be binding upon and inure to the benefit of, to the fullest extent possible, each of the Releasing Parties and the Released Parties, and upon all other Persons claiming any interest in the subject matter hereto through any of the Settling Parties, Releasing Parties, Released Parties, and any Settlement Class Members.

60.     Any disputes between Align and Lead Counsel concerning this Settlement Agreement shall, if they cannot be resolved by the Settling Parties, be presented to Greg Lindstrom for his assistance in mediating a resolution.

61.     Each Settling Party acknowledges that he, she, or it has been and is being fully advised by competent legal counsel of such Settling Party's own choice and fully understands the terms and conditions of this Settlement Agreement, and the meaning and import thereof, and that such Settling Party's execution of this Settlement Agreement is with the advice of such Settling Party's counsel and of such Settling Party's own free will.  Each Settling Party represents and

CONFIDENTIAL SETTLEMENT COMMUNICATION
SUBJECT TO FRE 408 – 4 pm   3/25/2025

warrants that it has sufficient information to reach an informed decision and has, independently and based on such information as it has deemed appropriate, made its own decision to enter into this Settlement Agreement and was not fraudulently or otherwise wrongfully induced to enter into this Settlement Agreement.

62.     Each of the undersigned attorneys represents that he or she is fully authorized to enter into the terms and conditions of, and to execute, this Settlement Agreement.

LEAD COUNSEL

By: _____

Hagens Berman Sobol Shapiro LLP


ALIGN TECHNOLOGY, INC.

By: _____

Bartlit Beck