Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
Joseph M. Kingerski (*pro hac vice*)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com
Email: joeyk@hbsslaw.com

Rio S. Pierce (SBN 298297)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: riop@hbsslaw.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISON**

| | |
|---|---|
| MISTY SNOW, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>　　　　　Defendant. | Case No. 3:21-cv-03269-VC<br><br>**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT**<br><br>Hon. Vince Chhabria |

WHEREAS, an antitrust class action is pending in this Court entitled *Snow v. Align Technology, Inc.*, No. 3:21-cv-03269-VC (the "Action");

WHEREAS, the Court will employ a standard of scrutiny to the Proposed Settlement that "will be as rigorous at the preliminary approval stage as at the final approval stage," *see* Standing Order for Civil Cases Before J. Vince Chhabria at 13. (requiring that "any proposed order should recite this standard");

WHEREAS, (a) Named Plaintiffs Mike Casad, Dana Bozian, and James Eaton ("Named Plaintiffs"), on behalf of themselves and the Settlement Class (defined below); and (b) defendant Align Technology Inc. ("Align") (collectively with the Named Plaintiffs, the "Parties"), have determined to settle and dismiss with prejudice all claims asserted in this Action on the terms and conditions set forth in the Settlement Agreement, subject to approval of this Court (the "Settlement");

WHEREAS, Plaintiffs have made a motion, pursuant to Rule 23(e)(1) of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to Settlement Class Members as more fully described herein;

WHEREAS, the Court has read and considered: Plaintiffs' motion for preliminary approval of the Settlement and the papers filed and arguments made in connection therewith, including the exhibits attached thereto;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. The Parties have proposed the certification of the following Settlement Class pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and solely for purposes of effectuating the proposed Settlement:

<u>Settlement Class</u>: All persons in the United States that purchased, paid and/or provided reimbursement for some or all of the purchase price for SmileDirectClub aligners acquired for personal use during the period beginning October 22, 2017 until August 18, 2022 (the "Class Period"). Excluded from the Settlement Class are: (i) Defendant, its subsidiaries, affiliate entities and employees, (ii) any current or former Officers and directors of Align; (iii) any firm or entity in which any Defendant has or had a controlling interest; (iv) Defendant's liability insurance carriers; (v) all federal or state government entities or agencies; (vi) Counsel for Plaintiffs and Defendants, including all employees; (vi) the judge presiding over the case and his immediate family members and staff; and (vii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class are any persons or entities that exclude themselves by submitting a request for exclusion that is accepted by the Court.

2. The Court finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, that it will likely be able to certify the Settlement Class for purposes of the proposed Settlement. Specifically, and solely for purposes of the proposed Settlement of this Action, the Court finds that each element required for certification of the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met or will likely be met: (a) the members of the Settlement Class are so numerous that their joinder in the Action would be impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of Lead Plaintiffs in the Action are typical of the claims of the Settlement Class; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

3. The Court also finds, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, that it will likely be able to certify Named Plaintiffs as Class Representatives for the Settlement Class and appoint Lead Counsel Hagens Berman Sobol Shapiro LLP as Class Counsel for the Settlement Class pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

4. The Court hereby preliminarily approves the Settlement, and finds, pursuant to Rule 23(e)(1)(B)(i) of the Federal Rules of Civil Procedure, that: (i) the Settlement appears to be the product of good faith, arms'-length negotiations, conducted by the Parties and their respective counsel with the assistance of an experienced, independent mediator; and (ii) the Court will likely be able to finally approve the Settlement under Rule 23(e)(2) as being fair, reasonable, and adequate to the Settlement Class, subject to further consideration at the Settlement Hearing to be conducted as described below.

5. The Court will hold a final approval settlement hearing (the "Settlement Hearing") on a date to be determined at 10:00am in  Courtroom 4 – 17th Floor of the San Francisco Courthouse, 450 Golden Gate Avenue, San Franscisco CA 94102, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement are fair, reasonable, and adequate to the Settlement Class; (b) to determine whether, for purposes of the Settlement only, the Action should be certified as a class action on behalf of the Settlement Class, Lead Plaintiffs should be certified as Class Representatives for the Settlement Class, and Lead Counsel should be appointed as Class Counsel for the Settlement Class; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; and (d) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the

Settlement Hearing shall be given to Settlement Class Members as set forth in paragraph 7 of this Order.

6. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class.

7. Settlement Counsel is hereby authorized to retain Epiq, LLC (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Settlement Counsel as follows: (a) 30 days after the entrance of this Order, the Claims Administrator shall cause a copy of the Notice and the Claim Form, in a form substantially similar to Exhibits B, C, and D attached hereto (the "Notice Packet"), to be emailed to potential Settlement Class Members at the addresses set forth in the records provided by SmileDirectClub LLC or in the records which SmileDirectClub LLC caused to be provided, or who otherwise may be identified through further reasonable effort; (b) contemporaneously with the mailing of the Notice Packet, the Claims Administrator shall cause copies of the Notice and the Claim Form, in a form substantially similar to Exhibits A and D attached hereto, to be posted on a website to be developed for the Settlement, from which copies of the Notice and Claim Form can be downloaded; (c) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause a party-neutral Informational Release to be transmitted over the *PR Newswire*.

8. The Court (a) approves, as to form and content, the Long-Form Notice, the Short Form Notice (both Email and Postcard), and the Claim Form, attached hereto as Exhibits A, B, C, and D, respectively, and (b) finds that the mailing and distribution of the Notice and Claim Form in

the manner and form set forth in paragraph 7 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder), of Settlement Counsel's motion for attorneys' fees and Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Settlement Counsel's motion for attorneys' fees and Litigation Expenses, of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Sherman Act, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Notice and Informational Release before they are mailed and published, respectively.

9. No later than ten (10) calendar days after the filing of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Epiq shall cause to be served on Settlement Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, *et seq.* ("CAFA").

10. Settlement Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Settlement Fund must either be identified in data produced by SDC as having a valid Claim or submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked no later than one hundred twenty (120) calendar days after the Notice Date. Notwithstanding the foregoing, Settlement Counsel may, at its discretion, accept for processing late Claims provided such

acceptance does not delay the distribution of the Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

11. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of documentation as is deemed adequate by Settlement Counsel or the Settlement Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Settlement Counsel or the Settlement Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

12. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Settlement Agreement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Plaintiffs' Claims against each and all of the Defendant's Releasees, as more fully described in the Settlement Agreement. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 11 above.

13. Any member of the Settlement Class who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered, including through electronic means, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing and (b) each request for exclusion must (i) state the name of the person or entity requesting exclusion; (ii) that such person or entity requests to be excluded from the Settlement Class in *Snow v. Align Technology Inc.*, No. 3:21-cv-03269-VC; and (iii) be signed by the person or entity requesting exclusion. Exclusion forms shall be available electronically.

14. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Settlement Fund. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, their, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from commencing, maintaining, or prosecuting any of the Released Claims against any of the Defendant's Releasees, as more fully described in the Settlement Agreement.

15. Any Settlement Class Member who or which does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice, by filing with the Court such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member that does not enter an appearance will be represented by Settlement Counsel.

16. Any Settlement Class Member who or which does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Settlement Counsel's motion for attorneys' fees and Litigation Expenses and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Settlement Counsel's motion for attorneys' fees and Litigation Expenses should not be approved if that person or entity has filed a written objection with the Court such that it is filed or postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing. The Court will ultimately only require substantial compliance with the requirements for submitting a written objection. Objectors may appear at the Final Approval Hearing without submitting a written objection upon a showing of good cause.

17. To be valid, any such objection should contain the Settlement Class Member's name, the basis for the objector's belief that they are a member of the Settlement Class, the basis of their objection (including whether the objection applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class), and their signature. All written objections and supporting papers must (a) clearly identify the case name and number; (b) be submitted to the Court either by filing them electronically, by mailing them to the Settlement Administrator, or by filing them in person at any location of the United States District Court for the Northern District

of California; and (c) be filed or postmarked no later than twenty-one (21) calendar days prior to the Settlement Hearing.

18. Any Settlement Class Member who or which does not make his, her, their, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Lead Counsel's motion for attorneys' fees and Litigation Expenses and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding. However, this requirement may be excused upon a showing of good cause, as described more fully in Paragraph 16.

19. Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiffs, and all other members of the Settlement Class, from commencing or prosecuting any and all of the Released Plaintiffs' Claims against each and all of the Defendant's Releasees.

20. All reasonable costs incurred in identifying Settlement Class Members and notifying them of the Settlement as well as in administering the Settlement shall be paid as set forth in the Settlement Agreement without further order of the Court.

21. The contents of the Settlement Fund held by Huntington Bank (which the Court approves as the Escrow Agent) shall be deemed and considered to be *in custodia legis* of the Court,

and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Settlement Agreement and/or further order(s) of the Court.

22. Settlement Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Settlement Agreement.

23. If the Settlement is terminated as provided in the Settlement Agreement, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated and rendered null and void, and shall be of no further force and effect, and this Order shall be without prejudice to the rights of Named Plaintiffs, the other Settlement Class Members, and Defendant, and Named Plaintiffs and Defendant shall revert to their respective positions in the Action as of immediately prior to the execution of the Settlement Agreement on August 8, 2024.

24. Neither this Order, the Settlement Agreement, the Plan of Allocation (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the Settlement Agreement, nor any proceedings taken pursuant to or in connection with the Settlement Agreement and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendant's Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendant's Releasees with respect to the truth of any fact alleged by Plaintiffs or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendant's Releasees, or that any alleged

act, statement, omission or conduct by any of the Defendant's Releasees caused injury or damage to Named Plaintiffs or members of the Settlement Class, or in any way referred to for any other reason as against any of the Defendant's Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement; (b) shall be offered against any of the Plaintiffs' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Plaintiffs' Releasees that any of their claims are without merit, that any of the Defendant's Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount, or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiffs' Releasees, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given under the Settlement represents an amount which could be or would have been recovered after trial; *provided, however*, that if the Settlement Agreement is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

25. Settlement Counsel shall file and serve the opening papers in support of its motion for an award of attorneys' fees and payment of Litigation Expenses no later than thirty-five (35) calendar days after the Notice Date; and opposition or reply papers, if any, shall be filed and served no later than fourteen (14) days after the opening motion is filed and served.

26. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Order or the Settlement Agreement.

SO ORDERED this 28th day of May, 2025.

_____

The Honorable Vince Chhabria
United States District Judge