Steve W. Berman (*pro hac vice*)
Theodore Wojcik (*pro hac vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
Email: tedw@hbsslaw.com
Email: joeyk@hbsslaw.com

Rio Pierce (SBN 298297)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile: (510) 725-3001
Email: riop@hbsslaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MISTY SNOW, individually and on behalf of all others similarly situated,<br><br>　　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ALIGN TECHNOLOGY, INC.,<br><br>　　　　　　　　　　Defendant. | Case No. 3:21-cv-03269-VC<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR FINAL APPROVAL OF SETTLEMENT**<br><br>Judge:　Hon. Vince Chhabria |

This matter has come before the Court to determine whether there is any cause why this Court should not approve the Plaintiffs' ("Plaintiffs") settlement with Align Technology Inc. ("Align" or "Settling Defendant"). The Court, having reviewed Plaintiffs' Motion for Final Approval of Settlement ("Motion"), the Settlement Agreement, the pleadings and other papers on file in this action, the statements of counsel and the parties, and the objections of Scott St. John, Tiara Lindsey, Chrisvely Soto Martinez, and Candy Araiza, hereby finds that the Settlement Agreement should be approved. Accordingly, the Court enters this Order of Final Approval.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Court has jurisdiction over the subject matter of this litigation, and all actions within this litigation (collectively, the "Action") and over the parties to the Settlement Agreement, including all members of the Settlement Class and the Settling Defendant.

2. For purposes of this Order, except as otherwise set forth herein, the Court incorporates the definitions contained in the Settlement Agreement. *See* ECF No. 668-3 (Settlement Agreement). The Court hereby finally approves and confirms the settlement set forth in the Settlement Agreement, and finds that said settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure, including with respect to each of the factors enumerated in Rule 23(e)(2).

3. The following class is certified for settlement purposes only, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> All persons in the United States that purchased, paid, and/or provided reimbursement for some or all of the purchase price for SmileDirectClub aligners acquired for personal use during the period beginning October 22, 2017 until August 18, 2022.[1]

---

[1] Excluded from the Settlement Class are: (i) Defendant, its subsidiaries, affiliate entities, and employees; (ii) any current or former Officers and directors of Align; (iii) any firm or entity in which any Defendant has or had a controlling interest; (iv) Defendant's liability insurance carriers; (v) all federal or state government entities or agencies; (vi) Counsel for Plaintiffs and Defendants, including all employees; (vii) the judge presiding over the case and his immediate family members and staff; and (viii) the legal representatives, agents, affiliates, heirs, beneficiaries, successors-in-interest, or assigns of any excluded person or entity, in their respective capacity as such. Also excluded from the Settlement Class are any persons or entities that exclude themselves by submitting a request for exclusion that is accepted by the Court.

4. The settlement class shall be referred to herein as the "Settlement Class."

5. The Court finds the prerequisites to a class action under Federal Rule of Civil Procedure 23(a) have been satisfied for settlement purposes only by the Settlement Class in that:

    (a) there are at least tens of thousands of geographically dispersed settlement class members, making joinder of all members impracticable;

    (b) there are questions of law and fact common to the settlement class which predominate over individual issues;

    (c) the claims or defenses of the Class Representatives are typical of the claims or defenses of the Settlement Class;

    (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class, and have retained counsel experienced in antitrust class action litigation who have, and will continue to, adequately represent the Settlement Class; and

    (e) resolution through class settlements is superior to individual settlements.

6. The Court finds that this Action may be maintained as a class action under Federal Rule of Civil Procedure 23(b)(3), for settlement purposes only, because: (i) questions of fact and law common to members of the Settlement Class predominate over any questions affecting only the claims of individual members; and (ii) a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

7. Pursuant to Federal Rule of Civil Procedure 23(g), the Court hereby confirms that Hagens Berman Sobol Shapiro LLP is appointed as Settlement Class Counsel, and that the named Plaintiffs, Mike Casad, James Eaton, and Dana Bozian, are appointed to serve as the Class Representatives on behalf of the Settlement Class.

8. Plaintiffs' notice of the Settlement to the Settlement Class was the best notice practicable under the circumstances. The notice satisfied due process and provided adequate information to the Settlement Class of all matters relating to the Settlement, and fully satisfied the requirements of Federal Rules of Civil Procedure 23(c)(2) and (e)(1).

9. Certain members of the Settlement Class timely and validly requested exclusion from the Settlement Class, and therefore they are excluded from the Settlement Class. Such persons and entities are not included in or bound by this Order as it relates to the Settlement for which they opted-out. Such persons and entities are not entitled to any recovery of the settlement proceeds obtained through this Settlement.

10. The Court has reviewed and considered the objections of Scott St. John, Tiara Lindsey, Chrisvely Soto Martinez, and Candy Araiza, and finds them to be without merit.

11. Without affecting the finality of this Order in any way, this Court hereby retains continuing, exclusive jurisdiction over the settlement and the Settlement Agreement, including:

> (a) implementation of the settlement and any distribution to members of the Settlement Class pursuant to further orders of this Court;
>
> (b) disposition of the Settlement Fund;
>
> (c) determining attorneys' fees, costs, expenses, and interest;
>
> (d) the Action until Final Judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties all have been performed pursuant to the Settlement Agreement;
>
> (e) hearing and ruling on any matters relating to the plan of allocation of settlement proceeds;
>
> (f) all parties to the Action and Released Parties, for the purpose of enforcing and administering the Settlement Agreement and the mutual releases and other documents contemplated by, or executed in connection with, the Settlement Agreement; and
>
> (g) any other proceedings concerning the administration, interpretation, consummation, and enforcement of these settlements.

12. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that Final Judgments of Dismissal with prejudice as to the Settling Defendant ("Judgment") should be entered forthwith and further finds that there is no just reason for delay in the entry of the Judgment, as a Final Judgment, in accordance with the Settlement Agreement.

**Post-Distribution Accounting**

13. The Parties shall file a first Post-Distribution Accounting in accordance with the Court's Standing Order and the Northern District of California's Procedural Guidance for Class Action Settlements within twenty-one (21) days after the substantial completion of distribution of the Settlement Fund's distribution (the "Post-Distribution Accounting"), and payment of Attorneys' Fees or Expenses and/or Service Awards to Class Settlement Representatives, if any. The Post-Distribution Accounting shall include information on when payments were made to class members, the number of members who were sent payments, the total amount of money paid out to members, the average and median recovery per class member, the largest and smallest amount paid to class members, the number and value of cashed and uncashed checks, the number of members who could not be contacted, the number of objections and opt-outs, the amount to be distributed to each cy pres recipient, any significant or recurring concerns communicated by members to the settlement administrator and counsel since final approval, any other issues in settlement administration since final approval, and how any concerns or issues were resolved. The Parties may request a continuance of the deadline for the Post-Distribution Accounting if the information required as part of the accounting is not yet available.

14. Twenty percent of Class Counsel's awarded attorneys' fees shall remain in the Settlement Fund until after Class Counsel files a Post-Distribution Accounting, as described herein, and the Court authorizes the release to Class Counsel of the attorneys' fees remaining in the Settlement Fund. With their Post-Distribution Accounting, Class Counsel shall submit a proposed order releasing the remainder of the attorneys' fees.

15. The Court reiterates and approves the following dates related to the administration of the Settlement, including the dates for when the checks distributing the various settlement fund payments will be mailed to Class Members:

| **CHART OF SIGNIFICANT SETTLEMENT APPROVAL DATES** | |
|---|---|
| Commencement of Individual Notice | June 20, 2025 |

| Claims Deadline | October 27, 2025 |
|---|---|
| Deadline for Objections and Exclusions | October 30, 2025 |
| Estimated Date of Distribution | Within 75 days of the Effective Date |
| Deadline to File Post-Distribution Accounting | Within 21 days after settlement funds have been fully distributed to class members |

**IT IS SO ORDERED.**

DATED: _____

_____
Hon. Vince Chhabria
United States District Judge